Exhibit A to Complaint



Thursday,
November 17, 2005

Part II

# Department of Agriculture
7 CFR Part 1

# Department of the Interior
43 CFR Part 45

# Department of Commerce

**National Oceanic and Atmospheric Administration**

50 CFR Part 221
Resource Agency Procedures for Conditions and Prescriptions in Hydropower Licenses; Interim Final Rule

**DEPARTMENT OF AGRICULTURE**

**Office of the Secretary**

**7 CFR Part 1**

**DEPARTMENT OF THE INTERIOR**

**Office of the Secretary**

**43 CFR Part 45**

**DEPARTMENT OF COMMERCE**

**National Oceanic and Atmospheric Administration**

**50 CFR Part 221**

[Docket No. 051103290–5290–01; I.D. 101105D]

RINs 0596–AC42; 1094–AA51; 0648–AU01

**Resource Agency Procedures for Conditions and Prescriptions in Hydropower Licenses**

**AGENCIES:** Office of the Secretary, Agriculture; Office of the Secretary, Interior; National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Commerce.

**ACTION:** Interim final rules with request for comments.

**SUMMARY:** As required by the Energy Policy Act of 2005 (EPAct), the Departments of Agriculture, the Interior, and Commerce are jointly establishing procedures for a new category of expedited trial-type hearings. The hearings will resolve disputed issues of material fact with respect to conditions or prescriptions that one or more of the Departments develop for inclusion in a hydropower license issued by the Federal Energy Regulatory Commission (FERC) under the Federal Power Act. The three Departments are also establishing procedures for the consideration of alternative conditions and prescriptions submitted by any party to a license proceeding, as provided in EPAct.

Three substantively identical rules are being promulgated—one for each agency—with a common preamble. The rules are effective immediately, so that interested parties may avail themselves of the new hearing right and alternatives process created by the EPAct, but the Departments are requesting comments on ways the rules can be improved.

**DATES:** These rules are effective on November 17, 2005.

*Comments:* You should submit your comments by January 17, 2006.

**ADDRESSES:** You may submit comments, identified by any of the Regulation Identifier Numbers (RINs) shown above (0596–AC42, 1094–AA51, or 0648–AU01), by one of the methods listed below. Comments submitted to any one of the three Departments will be shared with the others, so it is not necessary to submit comments to all three Departments.

1. Federal rulemaking portal: *http://www.regulations.gov.* Follow the instructions for submitting comments on-line.

2. E-mail to any one of the following:

a. Department of Agriculture: *gsmith08@fs.fed.us;* include "RIN 0596–AC42" in the subject line of the message;

b. Department of the Interior: *DOIHydro_Comments@ios.doi.gov;* include "RIN 1094–AA51" in the subject line of the message; or

c. Department of Commerce: *NMFS.Hydro@noaa.gov;* include "RIN 0648–AU01" in the subject line of the message.

3. Facsimile to any of the following:

a. Department of Agriculture: 202–205–1604;

b. Department of the Interior: 202–208–4867; or

c. Department of Commerce: 301–713–4305.

4. Mail or hand delivery to any of the following:

a. Deputy Chief, National Forest Systems, c/o WO Lands Staff, Department of Agriculture, Mail stop 1124, 1400 Independence Avenue SW., Washington, DC 20250–1124;

b. Office of Policy Analysis, Office of the Secretary, Mail Stop 4426–MIB, Department of the Interior, 1849 C Street, NW., Washington, DC 20240; or

c. Chief, Habitat Protection Division, Office of Habitat Conservation, National Marine Fisheries Service, 1315 East-West Highway, Silver Spring, MD 20910.

**FOR FURTHER INFORMATION CONTACT:** Greg Smith, Director of Lands, Forest Service, U.S. Department of Agriculture, 202–205–1769; or Larry Finfer, Office of Policy Analysis, Department of the Interior, 202–208–5978; or Melanie Harris, Office of Habitat Conservation, National Marine Fisheries Service, 301–713–4300. Persons who use a telecommunications device for the deaf (TDD) may call the Federal Information Relay Service (FIRS) at 800–877–8339.

**SUPPLEMENTARY INFORMATION:**

**I. Public Comments**

If you wish to comment on these interim final rules, you may submit your comments by any of the methods listed

in the **ADDRESSES** section above. We will consider all comments received by the deadline stated in the **DATES** section above. Based on the comments received and the initial results of implementation, we will consider promulgation of revised final rule within 18 months of the effective date of this rule.

Please make your comments as specific as possible and explain the reason for any changes you recommend. Where possible, your comments should reference the specific section or paragraph of the rules that you are addressing.

We will make comments available for public review during regular business hours. To review the comments, you may contact any of the individuals listed in the **FOR FURTHER INFORMATION CONTACT** section above. Individual respondents may request that we withhold their home address from the rulemaking record. We will honor the request to the extent allowable by law.

In some circumstances we may withhold from the rulemaking record a respondent's identity, as allowable by law. If you wish us to withhold your name and/or address, you must state this prominently at the beginning of your comment. However, we will not consider anonymous comments. We will make all submissions from organizations or businesses, and from individuals identifying themselves as representatives or officials of organizations or businesses, available for public inspection in their entirety.

**II. Background**

A. *Energy Policy Act of 2005 (EPAct).* The rules that Agriculture, Interior, and Commerce are publishing today implement section 241 of EPAct, Public Law 109–58, which the President signed into law on August 8, 2005. EPAct, which passed by wide margins in both Houses, was the product of years of Congressional hearings, amendments, and debates. The issues underlying section 241 were extensively considered by the 109th Congress and several previous Congresses.

Section 241 amends sections 4(e) and 18 of the Federal Power Act (FPA), 16 U.S.C. 797(e), 811, to provide that any party to a license proceeding is entitled to a determination on the record, after opportunity for an agency trial-type hearing of no more than 90 days, of any disputed issues of material fact with respect to any agency's mandatory conditions or prescriptions. Section 241 further mandates that, within 90 days of the date of enactment of EPAct, the three Departments establish jointly, by rule and in consultation with FERC,

procedures for the expedited trial-type hearing, including the opportunity to undertake discovery and cross-examine witnesses.

Section 241 of EPAct also adds a new section 33 to the FPA that allows the license applicant or any other party to the license proceeding to propose an alternative condition or prescription. The Secretary of the agency involved must accept the proposed alternative if the Secretary determines, based on substantial evidence provided by a party to the license proceeding or otherwise available to the Secretary, (a) that the alternative condition provides for the adequate protection and utilization of the reservation, or that the alternative prescription will be no less protective than the fishway initially proposed by the Secretary, and (b) that the alternative will either cost significantly less to implement or result in improved operation of the project works for electricity production.

New FPA section 33 further provides that, following the consideration of alternatives, the Secretary must file with FERC a statement explaining his or her reasons for accepting or rejecting any alternatives and the basis for any modified conditions or prescriptions to be included in the license. If FERC finds that the modified conditions or prescriptions would be inconsistent with the purposes of the FPA or other applicable law, it may refer the matter to its Dispute Resolution Service (DRS). The DRS is to consult with the Secretary and FERC and issue a non-binding advisory within 90 days, following which the Secretary is to make a final written determination on the conditions or prescriptions.

This preamble explains how the Departments will comply with EPAct's requirements for trial-type hearings and for the receipt and analysis of alternative conditions and prescriptions. As explained further below, these new rights are being made available immediately to any license applicant or other party to a license proceeding for which the license has not already been issued as of the effective date of these rules.

B. *FERC's licensing process for hydroelectric power projects.* On August 25, 2003, FERC published a final rule amending its regulations at 18 CFR part 5 for licensing hydroelectric power projects to establish a new licensing process known as the integrated licensing process (ILP). 68 FR 51070. The amendments were the culmination of efforts by FERC, other Federal and State agencies, Indian Tribes, licensees, and members of the public to develop a more efficient and timely licensing

process, while ensuring that licenses provide appropriate resource protections required by the FPA and other applicable laws. 68 FR 51070. Two other processes, the traditional licensing process (TLP) and the alternative licensing process (ALP), are also available; but the ILP is the default process and FERC's permission must be obtained to use the TLP or ALP. *Id.*

The FPA's resource protection provisions include sections 4(e), 10(a)(1), 10(j), and 18, 16 U.S.C. 797(e), 803(a)(1), 803(j), and 811. Section 10(a)(1) provides that hydropower licenses must be best adapted to a comprehensive plan for improving or developing the affected waterways for all beneficial public uses, and must include provisions for the protection of fish and wildlife and other beneficial public uses. Section 10(j) provides that Interior and Commerce may make recommendations to FERC on conditions for the protection, mitigation, and enhancement of fish and wildlife affected by the project. FERC must include those conditions in the license unless it finds that they would be inconsistent with the purposes and requirements of the FPA or other applicable law, and that conditions selected by FERC will adequately protect, mitigate damages to, and enhance fish and wildlife.

Under FPA section 4(e), licenses for projects located within Federal reservations must include conditions mandated by the Department that manages the reservation, which in most cases is Agriculture or Interior. Section 4(e) also requires FERC to give environmental values, including fish and wildlife and recreation, equal consideration with hydropower development. Under section 18, licenses must also include fishways if they are prescribed by Interior or Commerce. As provided in section 1701(b) of the Energy Policy Act of 1992, Public Law 102–486, "the items which may constitute a 'fishway' under section 18 for the safe and timely upstream and downstream passage of fish shall be limited to physical structures, facilities, or devices necessary to maintain all life stages of such fish, and project operations and measures related to such structures, facilities, or devices which are necessary to ensure the effectiveness of such structures, facilities, or devices for such fish."

The ILP is a multi-year process— involving more than 20 sequential steps, most with associated deadlines—that constitutes a logical progression of information development, exchange, and analysis involving FERC, other Federal and State agencies, Indian

Tribes, the license applicant, and members of the public. The ILP brings together activities that previously were conducted over a much longer time frame, including consultation, studies, dispute resolution, scoping and document preparation under the National Environmental Policy Act, 42 U.S.C. 4321 *et seq.* (NEPA), and water quality certification.

There are two main phases to the process: (1) A pre-application phase involving activities before the filing with FERC of a license application, and (2) a post-application phase. The process begins with the applicant's filing with FERC a notice of intent (NOI) to file an application for an original, new, or subsequent license. 18 CFR 5.5. The NOI must be filed 5–5½ years before the existing license expires. 18 CFR 5.5(d). Along with the NOI, the applicant must file a pre-application document providing available information on engineering, economics, and the existing environment, including data or studies relevant to the environment and known and potential impacts of the proposed project on various resources. 18 CFR 5.6.

Other steps in the pre-application phase include FERC's issuance of a scoping document, holding of a scoping meeting, and issuance of a process plan and schedule. 18 CFR 5.8. During these steps, resource issues and the need for information and studies are identified, and the scoping of issues under NEPA is initiated. 18 CFR 5.8.

Eventually, the applicant files a proposed study plan, the plan is assessed through meetings and comments, and the applicant files a revised study plan for FERC's approval. 18 CFR 5.11–.13. After FERC's approval, the plan may be subject to a study dispute resolution process if disputes arise. 18 CFR 5.14. Approximately 1 year elapses from issuance of the NOI to final approval of a study plan.

Studies are then conducted, reviewed, and modified if necessary. 18 CFR 5.13–.15. Studies may extend for more than one season. After completion of the studies, the applicant files a preliminary licensing proposal, which is subject to comment and additional information requests. 18 CFR 5.16.

At least 2 years before the existing license expires, the application must be filed with FERC. 18 CFR 5.17(a). Within 14 days of that filing, FERC must issue public notice of the filing and a preliminary schedule for expeditious processing of the application, including dates for the following steps: Filing of preliminary conditions and prescriptions by the Departments; issuance of an environmental

assessment (EA), a draft EA, or a draft environmental impact statement (EIS); filing of comments on any draft EIS or EA; filing of mandatory conditions or prescriptions by the agencies in response to any draft EIS or EA; and issuance of any final EIS or EA. 18 CFR 5.19(a).

When FERC determines that the application meets various requirements, that the approved studies have been completed, that any deficiencies in the application have been cured, and that no other additional information is needed, it will issue a notice of acceptance and readiness for environmental analysis (REA). 18 CFR 5.22. That notice must include a request for preliminary conditions and prescriptions from the Departments. 18 CFR 5.22.

Comments, protests, recommendations, and preliminary conditions and prescriptions must be filed with FERC within 60 days after the REA. 18 CFR 5.23(a). All reply comments must be filed within 105 days of the REA. 18 CFR 5.23(a). If FERC determines that an EIS or a draft and final EA will be prepared, FERC will issue a draft EIS or EA no later than 180 days from the deadline for responses to the REA. 18 CFR 5.25(a). The draft EIS or EA must include, for comment, any preliminary conditions or prescriptions. 18 CFR 5.25(b).

Comments to the draft EIS or EA must be filed within 30 or 60 days after issuance of the draft, as specified by FERC. 18 CFR 5.25(c). Modified mandatory conditions and prescriptions must be filed within 60 days after the deadline for filing comments, and FERC will issue a final EIS or EA within 90 days after the deadline for filing the modified mandatory conditions and prescriptions. 18 CFR 5.25(d)–(e). FERC will then issue the license order including any mandatory conditions and prescriptions. 18 CFR 5.29(h).

*C. Authority for mandatory conditions and prescriptions under the Federal Power Act.* Provisions of the FPA, 16 U.S.C. 791–823c, vest in the Departments the authority to provide conditions and/or prescriptions to be included in licenses issued by FERC for hydroelectric generating facilities (see also 18 CFR parts 4, 5, and 16).

Under section 18 of the FPA, 16 U.S.C. 811, Interior, acting through the Fish and Wildlife Service (FWS), and Commerce, acting through the National Marine Fisheries Service (NMFS) within the National Oceanic and Atmospheric Administration (NOAA), may prescribe fishways to provide for the safe, timely, and effective passage of fish.

Under section 4(e) of the FPA, 16 U.S.C. 797(e), Agriculture and Interior may establish conditions necessary for the adequate protection and utilization of reservations. The term "reservations," as used in the FPA, includes certain lands and facilities under the jurisdiction of the U.S. Forest Service within Agriculture, and various components of Interior (namely, FWS, the National Park Service, the Bureau of Land Management, the Bureau of Reclamation, or the Bureau of Indian Affairs).

Through these statutory provisions, the FPA authorizes the Departments to set conditions or prescriptions for the protection of public and Tribal resources that may be affected when navigable waterways or Federal reservations are used for hydroelectric projects licensed by FERC.

The Departments' conditions and prescriptions must be incorporated by FERC into any hydropower license it issues under the FPA. This authority has been recognized and upheld by the Federal courts, including the Supreme Court. See *Escondido Mutual Water Co.* v. *La Jolla Band of Mission Indians,* 466 U.S. 765 (1984); *American Rivers* v. *FERC,* 201 F.3d 1186 (9th Cir. 1999); *Bangor Hydro-Electric Co.* v. *FERC,* 78 F.3d 659 (D.C. Cir. 1996). After a license has been issued, the license, including the Departments' conditions and prescriptions, is subject to rehearing before FERC and subsequent judicial review under the FPA's appeal procedures. The FPA gives the Federal appeals courts exclusive jurisdiction over such appeals. 16 U.S.C. 825l(b).

*D. Mandatory Conditions Review Process (MCRP).* On January 19, 2001, Interior and Commerce established, through an interagency policy, the MCRP. The MCRP provided license applicants and interested parties an opportunity to review and comment on the two Departments' preliminary conditions and prescriptions for specific hydropower licenses. In addition, commenters were encouraged to provide additional information regarding the Departments' conditions and prescriptions. The MCRP was crafted to work within FERC's deadlines and its process under NEPA, while affording interested parties an opportunity to comment on the record concerning the two Departments' conditions and prescriptions.

Before finalizing the MCRP, Interior and Commerce provided a public comment period on a draft MCRP. 65 FR 77889 (Dec. 13, 2000). Many commenters proposed that the Departments provide, in addition to review and comment, an opportunity for

an evidentiary hearing or an administrative appeal. The Departments decided not to adopt such procedures at that time.

After 3 years of experience using the MCRP, each of the Departments issued proposed rules to codify the MCRP with clarifications. 69 FR 54602 (Sept. 9, 2004) (Interior); 69 FR 54615 (Sept. 9, 2004) (Commerce). Interior also proposed to add a new administrative appeals process to follow review and comment under the MCRP. Interior again considered but decided not to adopt an evidentiary hearing process, out of concern that there was insufficient time in the FERC licensing process to accommodate it. 69 FR 54603.

Neither Department has yet issued a final rule codifying the MCRP. Given the new procedures mandated by EPAct, which effectively subsume or supersede the MCRP, there no longer appears to be a need for such a rule or to continue implementing the MCRP.

*E. How the trial-type hearing and alternatives process will fit into the FERC licensing timeframe.* As noted in the **SUMMARY** section above, to comply with EPAct's mandate, the Departments are promulgating three substantively identical rules, one for each Department, with this common preamble. Like the now superseded MCRP, the new hearing process established by these rules has been carefully crafted to work within FERC's time frame and NEPA process, while affording interested parties an opportunity to present evidence on disputed issues of material fact with respect to the Departments' conditions and prescriptions.

Key steps in FERC's time frame, as related to our hearings and alternatives processes, are as follows. This assumes that, in a contested case, FERC will issue either a draft EA or a draft EIS under 18 CFR 5.25, rather than an EA not preceded by a draft under 18 CFR 5.24.

1. FERC issues its REA notice.
2. Responses to the REA, including the Departments' preliminary conditions and prescriptions, are due 60 days later.
3. FERC issues its draft NEPA document (EA or EIS) within 180 days after the deadline for responses to the REA.
4. Comments on the draft NEPA document are due 30–60 days later.
5. The Departments' modified conditions and prescriptions are due 60 days after the deadline for comments on the draft NEPA document.
6. FERC issues a final NEPA document within 90 days after the

deadline for the modified conditions and prescriptions.

7. FERC issues the license order with any conditions and prescriptions.

Under these rules on trial-type hearings and alternative conditions and prescriptions, the following actions will occur within the steps listed above for FERC's licensing process. The hearing and alternatives processes are separate and distinct, but they have a few common points of reference, as noted below.

1. FERC issues its REA notice, starting the 60-day period for responses.

2. By the end of the 60-day period, the Departments will submit any preliminary conditions and prescriptions they have developed.

2a. The parties will have 30 days to request a hearing on any disputed issues of material fact. The parties will have the same 30 days to submit alternative conditions and prescriptions.

2b. The parties will have 15 days after hearing requests are due to file a notice of intervention and response with regard to any other party's hearing request.

2c. The Departments will have 30 days after responses are due to determine whether to stipulate to some or all of the facts alleged to be in dispute and to file an answer to the hearing request. During the same period, the Departments will consider whether any proposed alternative condition or prescription could preclude the need for a hearing.

2d. If there is still a need for a hearing, the Departments will refer the case to an administrative law judge (ALJ).

2e. Within 90 days, the ALJ will conduct the hearing process on any disputed issues of material fact. The process will include an initial prehearing conference, discovery, an evidentiary hearing for the parties to present their evidence and cross-examine witnesses, the submission of post-hearing briefs, and issuance of a final decision.

3. FERC will issue its draft NEPA document, which will include for comment the Departments' preliminary conditions and prescriptions and any alternatives proposed by the parties.

4. The parties and the Departments will submit their comments on the draft NEPA document, using the facts as found by the ALJ.

4a. The Departments will consider and analyze comments received on their preliminary conditions and prescriptions, the ALJ's decision on disputed issues of material fact, comments received on the draft NEPA

document, and any alternative conditions and prescriptions.

5. The Departments will issue their modified conditions and prescriptions and file their analysis of the alternatives within 60 days of the close of the comment period on FERC's draft NEPA document.

5a. FERC will evaluate the modified conditions and prescriptions in light of the purposes of the FPA and other applicable law. If it finds they are inconsistent, FERC may refer the matter to the DRS.

5b. The DRS will consult with the Departments and FERC and issue a non-binding advisory within 90 days.

5c. The Departments will consider the DRS advisory and issue a final written determination on the conditions and prescriptions.

6. FERC will issue its final NEPA document.

7. FERC will issue the license order with any mandatory conditions and prescriptions.

This approach has several benefits for the parties, FERC, and the Departments. It provides for the submission of alternative conditions and prescriptions in time for FERC to include them in its draft NEPA document and for the Departments to consider them along with any hearing requests and responses from other parties. This will enable each Department to consider at an early stage whether it wants to accept a proposed alternative and possibly avoid the need for a hearing under these rules. Having the hearing requests, responses, and alternatives together will also assist the Departments in deciding whether to stipulate to some facts alleged to be in dispute or otherwise try to narrow the issues to be heard.

Moreover, since the hearing process will be completed by the time FERC issues its draft NEPA document, the parties will have the benefit of the ALJ's decision in preparing their comments on that document. The Departments will likewise have the ALJ's decision to use in analyzing the alternatives and developing their modified conditions and prescriptions within FERC's time frame.

In many cases, this sequence and timing will need to be adjusted with respect to any license application that is currently pending before FERC, if the license applicant or another party wants a trial-type hearing or wants to submit an alternative condition or prescription. A number of pending applications are already past the early steps listed above. In such cases, the Departments will work with FERC and the parties to fit the hearing and alternatives processes into the remaining steps.

F. *Overview of the hearing process.* As noted previously, section 241 of EPAct provides that "[t]he license applicant and any party to the proceeding shall be entitled to a determination on the record, after opportunity for an agency trial-type hearing of no more than 90 days, on any disputed issues of material fact" with respect to any Department's conditions or prescriptions. "All disputed issues of material fact raised by any party shall be determined in a single trial-type hearing to be conducted by the relevant resource agency * * *." The three Departments are required to "establish jointly, by rule, the procedures for such expedited trial-type hearing, including the opportunity to undertake discovery and cross-examine witnesses * * *."

In the Departments' experience, full administrative adjudications involving prehearing conferences, discovery, motions, one or more evidentiary hearings, briefing, and a decision often take over a year to complete, especially if the case involves multiple parties and complex technical issues. Shortening this process to 90 days will be a significant challenge for the parties and the ALJ, and will require adherence to fairly stringent procedural limits and deadlines.

Under these rules, the 90-day period for the hearing process will commence when the case is referred to an ALJ for a hearing, and will end when the ALJ issues his or her decision. During that period, at least one prehearing conference will be held; discovery will be conducted as approved by the ALJ or agreed to by the parties; evidence, including direct written testimony and oral cross-examination, will be presented at a hearing; post-hearing briefs will be filed; and a decision will be issued by the ALJ.

As described in section II.E. above, before the case is referred for a hearing, each Department will have filed with FERC its preliminary conditions or prescriptions, with supporting rationale and an index to the administrative record of supporting documents. Any party to the FERC license proceeding may then file with the appropriate Department a request for hearing, identifying the material facts that are disputed regarding the preliminary conditions or prescriptions. Other parties to the license proceeding may then submit responses to any hearing request and intervene in the hearing process.

The Department involved will review the parties' submissions to determine whether to stipulate to any facts as stated by the parties, object that any issue raised by a party either is not

factual (*i.e.*, is a legal conclusion or a policy determination) or is not material, or agree that the issues raised are factual, material, and disputed. Unless all disputed issues have been resolved, the Department will refer the case to an ALJ for a hearing.

If two or more Departments file preliminary conditions and/or prescriptions and receive hearing requests, they will consult with each other to determine whether the requests should be consolidated for hearing. In accordance with EPAct, a single hearing will be held for all conditions issued by one Department (section 241(a)) or for all prescriptions issued by one Department (section 241(b)). While EPAct does not mandate the consolidation of hearing requests in other circumstances, the Departments expect to consolidate the cases if there are common issues of fact. In that event, one ALJ would be designated to conduct the consolidated hearing on behalf of the Departments involved.

G. *Overview of the alternatives process.* While the specific alternatives process added by section 241 of EPAct is new, for years the Departments have received and considered alternatives from license parties on an informal basis, and have revised preliminary conditions and prescriptions as new information was received. Under the new process, whether or not a license party requests a hearing, it may submit one or more conditions or prescriptions for consideration by the appropriate Department as an alternative to any preliminary conditions or prescriptions that the Department has filed. The alternatives are due 30 days after the deadline for the Departments to file their preliminary conditions and prescriptions, which will allow FERC to include the alternatives in its draft NEPA document.

If any party has requested a hearing on disputed issues of material fact with respect to a preliminary condition or prescription, the ALJ's decision will generally be issued shortly before FERC issues its draft NEPA document. The Departments will use the comment period on the draft NEPA document to review their preliminary conditions and prescriptions in light of the findings of fact from the ALJ.

Within 60 days of the end of the comment period on FERC's draft NEPA document, each Department will formally analyze the alternative conditions and/or prescriptions it has received, together with the ALJ's findings of fact, comments received on the preliminary conditions and prescriptions, and comments received on FERC's draft NEPA document. The

Department will then issue its modified conditions or prescriptions and file the written statement required by FPA section 33(a)(4) or (b)(4).

The written statement must explain the basis for the modified conditions or prescriptions and, if the Department did not accept an alternative condition or prescription, its reasons for not doing so. As provided in section 33, the statement must demonstrate that the Department gave equal consideration to the effects of its modified conditions or prescriptions and any alternatives not accepted "on energy supply, distribution, cost, and use; flood control; navigation; water supply; and air quality (in addition to the preservation of other aspects of environmental quality) * * *."

The requirement for "equal consideration" has been construed under FPA section 4(e) to mean that each factor must be considered equally with the others, *i.e.*, given "'full and genuine consideration * * *'" *State of California* v. *FERC*, 966 F.2d 1541, 1550 (9th Cir. 1992), quoting from legislative history at 123 Cong. Rec. S. 15107. "Equal consideration" is not the same as "equal treatment"; rather the agency "must balance the public interest in all of its stated dimensions, give equal consideration to conflicting interests, and reach a reasoned factual decision." *Id.*; *accord Conservation Law Found.* v. *FERC*, 216 F.3d 41 (D.C. Cir. 2000); *see also U.S. Dept. of Interior* v. *FERC*, 952 F.2d 538 (D.C. Cir. 1992).

### III. Section-by-Section Analysis

There are three different versions of the regulations that follow for the trial-type hearing and alternatives process, one version each for Agriculture, Interior, and Commerce. The structure and content of the regulations are the same, but there are minor variations to account for differences in the names of the Departments and their organizational components. The three versions also vary somewhat in their references to conditions and prescriptions, since Agriculture does not develop prescriptions under FPA section 18 and Commerce does not develop conditions under FPA section 4(e), while Interior may do either or both.

For each Department discussed below, the CFR title, section number, and heading for each Department are shown, 7 CFR for Agriculture, 43 CFR for Interior, and 50 CFR for Commerce.

### General Provisions

*7 CFR 1.601    What is the purpose of this subpart, and to what license proceedings does it apply?*

*43 CFR 45.1    What is the purpose of this part, and to what license proceedings does it apply?*

*50 CFR 221.1    What is the purpose of this part, and to what license proceedings does it apply?*

Paragraph (a) of this section explains the basic purpose of the trial-type hearing regulations. It further explains that, if two or more Departments consolidate hearing requests involving the same license application, the regulations of one Department may govern the steps preceding the referral of the case to an ALJ, while the (substantively identical) regulations of another Department may govern the steps following the referral of the case to an ALJ. Paragraph (b) explains the basic purpose of the alternative process regulations.

Paragraph (c) covers situations in which a Department does not exercise its authority to submit conditions or prescriptions for inclusion in the license, but reserves the authority to do so during the term of the license, e.g., if conditions change or the Department obtains additional information. If the Department notifies FERC that it is reserving its authority, the hearing and alternatives processes under these rules will be available to the license parties if and when the Department subsequently exercises its reserved authority. The license parties cannot request a hearing regarding the reservation of authority itself, or submit alternatives to such reservation.

Paragraph (d) provides that these regulations apply to any hydropower license proceeding for which the license has not been issued as of the effective date of these rules and for which the Department involved has developed or develops one or more preliminary conditions, conditions, preliminary prescriptions, or prescriptions. A cross reference to 7 CFR 1.604, 43 CFR 45.4, or 50 CFR 221.4 is included for license applications that are pending as of the effective date of these rules.

*7 CFR 1.602    What terms are used in this subpart?*

*43 CFR 45.2    What terms are used in this part?*

*50 CFR 221.2    What terms are used in this part?*

This section defines the meaning of various terms used in the regulations. Most of the definitions provided are self-explanatory, but a few deserve further discussion.

"Intervention" is defined as a process by which a person who did not request a hearing under 7 CFR 1.621, 43 CFR 45.21, or 50 CFR 221.21 can participate as a party in the hearing by filing a notice of intervention and response

under 7 CFR 1.622, 43 CFR 45.22, or 50 CFR 221.22. A person who has intervened in the license proceeding before FERC is not automatically an intervenor in the hearing process under these regulations; but anyone who has intervened in the license proceeding is eligible to intervene in the hearing process.

"Material fact" is defined as "a fact that, if proved, may affect a Department's decision whether to affirm, modify, or withdraw any preliminary condition or prescription." To use a fishway prescription as an example, issues of material fact could include but are not limited to issues such as whether the river has historically been a cold or warm water fishery or whether fish have historically been found above or below the dam. Such issues, if disputed and material to the prescription involved in a given case, appear well suited to the trial-type hearing mandated by EPAct. On the other hand, legal or policy issues would not qualify as issues of material fact.

"Party" is defined to mean a party to the hearing process under these regulations, as distinguished from a "license party," which is a party to the FERC license proceeding. A "party" includes a license party that requests a hearing under section 7 CFR 1.621, 43 CFR 45.21, or 50 CFR 221.21, a license party that files a notice of intervention and response under section 7 CFR 1.622, 43 CFR 45.22, or 50 CFR 221.22, and the Departmental component that has filed a preliminary condition or prescription in the license proceeding. If two or more hearing requests are consolidated under 7 CFR 1.623, 43 CFR 45.23, and 50 CFR 221.23, the term "party" will also include any other Departmental component involved in the hearing.

*7 CFR 1.603   How are time periods computed?*
*43 CFR 45.3   How are time periods computed?*
*50 CFR 221.3   How are time periods computed?*
Paragraph (a) of this section describes the method for computing time periods under the regulations. Paragraph (b) covers requests for extensions of time. It provides that no extension of time can be granted to file a request for a hearing under section 7 CFR 1.621, 43 CFR 45.21, or 50 CFR 221.21; a notice of intervention and response under section 7 CFR 1.622, 43 CFR 45.22, or 50 CFR 221.22; an answer under section 7 CFR ·1.624, 43 CFR 45.24, or 50 CFR 221.24; or any document under the alternatives process. This limitation is necessary to ensure timely completion of the hearing and alternatives processes and because,

as a practical matter, there will be no ALJ available who could rule on a motion for extension of time for these documents. Extensions of time to file other documents under the hearing process may be granted by the ALJ, but only for good cause.

*7 CFR 1.604   What deadlines apply to pending applications?*
*43 CFR 45.4   What deadlines apply to pending applications?*
*50 CFR 221.4   What deadlines apply to pending applications?*
This section contains special applicability provisions for cases in which preliminary conditions, conditions, preliminary prescriptions, or prescriptions have already been filed as of the effective date of these rules, but the license has not been issued. Normally, parties will have 30 days from the Departments' filing of preliminary conditions and prescriptions to request a hearing or submit alternatives. 7 CFR 1.621, 1.671; 43 CFR 45.21, 45.71; 50 CFR 221.21, 221.71. But in cases currently pending before FERC, the Departments may have already filed their preliminary conditions, conditions, preliminary prescriptions, or prescriptions by the effective date of these rules.

Under this section, hearing requests and alternatives in such cases will be due 30 days after the effective date of these rules. Any notice of intervention and response will be due 15 days thereafter, consistent with 7 CFR 1.622, 43 CFR 45.22, and 50 CFR 221.22. Within the next 75 days, the Departments will consult with each other to determine whether to consolidate any hearing requests they may have received, and with FERC to determine a time frame for each hearing process. Depending on how far along each license proceeding has progressed, FERC may need to suspend or extend the remaining steps to accommodate the hearing process and alternatives analysis required by EPAct.

If, within the first 30 days after the effective date of these rules, hearing requests are filed in a number of cases with pending applications, it may not be possible for the Departments and their ALJ offices to handle them all simultaneously. Thus, the time frames worked out with FERC may provide for a staggering of the requested hearing processes, with priority being given to cases where the applications are closest to issuance. In that case, the Departments will not necessarily file answers on all hearing requests simultaneously. They will, however, issue notices to the parties in each case informing them of the time frame for the hearing process and the deadline for the

answer. Once the answer is filed in any case, the rest of the hearing process will follow the normal schedule set out in these rules.

If no hearing request is received but alternatives are proposed within 30 days of the effective date of these rules, the Departments will consult with each other to determine whether they have related conditions or prescriptions and alternatives that should be considered at the same time, and they will consult with FERC to determine a time frame for the alternatives process. They will then issue notices to the license parties, informing them of the time frame for the Departments' filing of modified conditions and prescriptions under 7 CFR 1.672(b), 43 CFR 45.72(b), and 50 CFR 221.72(b).

## Hearing Process

### Representatives

*7 CFR 1.610   Who may represent a party, and what requirements apply to a representative?*
*43 CFR 45.10   Who may represent a party, and what requirements apply to a representative?*
*50 CFR 221.10   Who may represent a party, and what requirements apply to a representative?*
This section identifies who may represent an individual, partnership, corporation, governmental unit, or other entity. It also provides that each representative must file a notice of appearance and may be disqualified by the ALJ for misconduct or other good cause.

### Document Filing and Service

*7 CFR 1.611   What are the form and content requirements for documents under §§ 6.610 through 1.660?*
*43 CFR 45.11   What are the form and content requirements for documents under this subpart?*
*50 CFR 221.11   What are the form and content requirements for documents under this subpart?*
This section specifies the format, caption, signature, and contact information requirements for documents filed under the hearing process. These requirements apply to documents prepared as part of the hearing process, such as a hearing request, notice of intervention and response, answer, motion, reply, discovery request, discovery response, written testimony, or brief. They do not apply to supporting materials prepared separately, such as studies, reports, articles, etc., that the parties may submit as attachments to their hearing process documents.

*7 CFR 1.612   Where and how must documents be filed?*

*43 CFR 45.12   Where and how must documents be filed?*

*50 CFR 221.12   Where and how must documents be filed?*

This section establishes requirements for the filing of documents. Each Department has designated an office where documents must be filed before a case has been referred for docketing and assignment to an ALJ. After the referral, documents are to be filed with the appropriate ALJ's office. Documents may be filed by hand delivery, overnight delivery, or fax and are considered filed when received.

*7 CFR 1.613   What are the requirements for service of documents?*

*43 CFR 45.13   What are the requirements for service of documents?*

*50 CFR 221.13   What are the requirements for service of documents?*

This section provides that any request for a hearing and any notice of intervention and response must be served on FERC and all parties to the FERC license proceeding. All other filed documents and all documents issued by the ALJ must be served on the parties to the hearing. Service generally may be made by hand delivery, overnight delivery, fax, or e-mail. A certificate of service is required.

*Initiation of Hearing Process*

*7 CFR 1.620   What supporting information must the Forest Service provide with its preliminary conditions?*

*43 CFR 45.20   What supporting information must a bureau provide with its preliminary conditions or prescriptions?*

*50 CFR 221.20   What supporting information must NMFS provide with its preliminary conditions or prescriptions?*

Under this section, when a component of any Department files a preliminary condition or prescription with FERC, it must provide a supporting rationale, along with an index to its administrative record that identifies the studies or other documents relied upon.

*7 CFR 1.621   How do I request a hearing?*

*43 CFR 45.21   How do I request a hearing?*

*50 CFR 221.21   How do I request a hearing?*

This section provides that any party to the FERC license proceeding may request a hearing on disputed issues of material fact with respect to a preliminary condition or prescription by filing a request with the designated Departmental office. The request must be filed within 30 days after the deadline for filing preliminary conditions or prescriptions with FERC (or for pending applications that are already past that point in the FERC

licensing process, within 30 days of the effective date of these regulations). A hearing request must contain a list of the factual issues that the requester disputes; the basis for the requester's opinion that the facts, as stated by the Departmental component, are unfounded or erroneous; citations to any studies or other documents relied upon, and copies of any such documents that are not already in the record of the license proceeding. The requester must also provide a list of the witnesses and exhibits it intends to use at the hearing; this list will assist other parties in planning their discovery.

*7 CFR 1.622   How do I file a notice of intervention and response?*

*43 CFR 45.22   How do I file a notice of intervention and response?*

*50 CFR 221.22   How do I file a notice of intervention and response?*

Under this section, any other party to the FERC license proceeding may file a response to the hearing request and a notice of intervention in the hearing. The response and notice must be filed with the designated Departmental office within 15 days after a request for hearing is served. This deadline corresponds to the ILP deadline for filing reply comments to the preliminary conditions or prescriptions, i.e., 105 days after the REA notice. 18 CFR 5.23(a).

The response may not raise new disputed issues of material fact, since the deadline for doing so (under section 7 CFR 1.621, 43 CFR 45.21, or 50 CFR 221.21) will have passed. But the party filing a response may agree with the facts as stated either by the Departmental component or the hearing requester (or a mix of the two). In any event, the response must explain the party's position with respect to the information provided by the requester. The party may either rely on the information provided by the Departmental component or the requester or may provide additional information. The party must also provide a list of the witnesses and exhibits it intends to use at the hearing.

*7 CFR 1.623   When will hearing requests be consolidated?*

*43 CFR 45.23   When will hearing requests be consolidated?*

*50 CFR 221.23   When will hearing requests be consolidated?*

This section provides that the Departments will confer on any hearing requests they receive, decide whether to consolidate them for hearing under designated criteria, and if so, decide which Department's ALJ will conduct the hearing. As explained previously, all hearing requests with respect to any conditions from the same Department

will be consolidated for hearing, as will all hearing requests with respect to any prescriptions from the same Department.

In other circumstances—conditions and prescriptions from the same Department, conditions from more than one Department, prescriptions from more than one Department, etc.— the Departments may consolidate the hearings if there are common issues of material fact or consolidation is otherwise appropriate. Consolidation will often benefit both the Departments and the parties by avoiding duplication of effort and the risk of inconsistent results.

*7 CFR 1.624   How will the Forest Service respond to any hearing requests?*

*43 CFR 45.24   How will the bureau respond to any hearing requests?*

*50 CFR 221.24   How will NMFS respond to any hearing requests?*

Under this section in the Agriculture and Interior regulations, the Departmental component that filed the preliminary condition or prescription at issue must file an answer to any hearing request within 45 days after the deadline for filing any hearing requests (approximately 30 days after the deadline for filing any notice of intervention and response). The Commerce regulation is slightly different, since Commerce does not have a separate office where NMFS would file an answer. Rather, NMFS will determine under 50 CFR 221.24 whether to file an answer; if it decides to do so, the answer would be included in the referral to the appropriate ALJ's office under 50 CFR 221.25.

For all three Departments, the answer must state whether the Departmental component is willing to stipulate to the facts as alleged by the requester, believes that any issue raised is not factual or not material, or agrees that the issue is disputed, factual, and material. The Departmental component must also indicate whether the hearing request will be consolidated under section 7 CFR 1.623, 43 CFR 45.23, or 50 CFR 221.23 with any other hearing requests, and must provide a list of the witnesses and exhibits the Departmental component intends to use at the hearing.

*7 CFR 1.625   What will the Forest Service do with any hearing requests?*

*43 CFR 45.25   What will DOI do with any hearing requests?*

*50 CFR 221.25   What will NMFS do with any hearing requests?*

This section in the Agriculture and Interior regulations states that, within 5 days after receipt of the answer, the designated Departmental office will

refer the case to the appropriate Department's ALJ office for a hearing and will notify the parties and FERC of the referral. The Commerce regulation combines the 45-day answer period and the 5-day referral period from the Agriculture and Interior regulations, and states that NMFS will refer the case for a hearing within 50 days after the deadline for filing any hearing requests and will notify the parties and FERC of the referral.

*7 CFR 1.626   What regulations apply to a case referred for a hearing?*
*43 CFR 45.26   What regulations apply to a case referred for a hearing?*
*50 CFR 221.26   What regulations apply to a case referred for a hearing?*
This section explains that the hearing will be conducted under the regulations of whichever Department is providing the ALJ to preside over the hearing. For example, a hearing that was requested under 7 CFR 1.621 or 50 CFR 221.21 may be conducted under 43 CFR 45.30 *et seq.*, if multiple hearing requests are consolidated and assigned to an Interior ALJ.

*General Provisions Related to Hearings*

*7 CFR 1.630   What will the Office of Administrative Law Judges do with a case referral?*
*43 CFR 45.30   What will the Hearings Division do with a case referral?*
*50 CFR 221.30   What will DOC's designated ALJ office do with a case referral?*
This section provides that, within 5 days after issuance of the referral notice, the appropriate ALJ's office will docket the case, assign an ALJ, and issue a docketing notice. The ALJ will simultaneously issue a notice setting the time, place, and method for the initial prehearing conference under section 7 CFR 1.640, 43 CFR 45.40, and 50 CFR 221.40.

*7 CFR 1.631   What are the powers of the ALJ?*
*43 CFR 45.31   What are the powers of the ALJ?*
*50 CFR 221.31   What are the powers of the ALJ?*
This section states that the ALJ will have all powers necessary to conduct a fair, orderly, expeditious, and impartial hearing process, including the power to rule on motions, authorize discovery, regulate the course of hearings, and issue a decision on the disputed issues of material fact.

*7 CFR 1.632   What happens if the ALJ becomes unavailable?*
*43 CFR 45.32   What happens if the ALJ becomes unavailable?*
*50 CFR 221.32   What happens if the ALJ becomes unavailable?*
This section contains standard provisions for appointment of a

successor ALJ, if the ALJ originally assigned becomes unavailable or unable to perform his or her duties. Given the short time period covered by the hearing process, it is expected that these provisions will rarely be used.

*7 CFR 1.633   Under what circumstances may the ALJ be disqualified?*
*43 CFR 45.33   Under what circumstances may the ALJ be disqualified?*
*50 CFR 221.33   Under what circumstances may the ALJ be disqualified?*
This section contains standard provisions for disqualification of the ALJ for personal bias or other cause.

*7 CFR 1.634   What is the law governing ex parte communications?*
*43 CFR 45.34   What is the law governing ex parte communications?*
*50 CFR 221.34   What is the law governing ex parte communications?*
This section contains standard provisions prohibiting most ex parte communications with the ALJ, consistent with the Administrative Procedure Act. Ex parte inquiries concerning case status or procedural requirements are generally permitted.

*7 CFR 1.635   What are the requirements for motions?*
*43 CFR 45.35   What are the requirements for motions?*
*50 CFR 221.35   What are the requirements for motions?*
Under this section, any party may apply for an order or ruling by presenting a motion to the ALJ in writing or at the hearing. Other parties may respond within 10 days, unless another regulation or the ALJ imposes a different response deadline. The expedited nature of the hearings under these rules will not allow for an extensive motions practice, as may occur in other administrative and judicial litigation. In particular, the rules do not provide for motions for summary decision (comparable to motions for summary judgment under FRCP 56), since the ALJ will have already determined in the initial prehearing conference that disputed issues of material fact require a hearing.

*Prehearing Conferences and Discovery*

*7 CFR 1.640   What are the requirements for prehearing conferences?*
*43 CFR 45.40   What are the requirements for prehearing conferences?*
*50 CFR 221.40   What are the requirements for prehearing conferences?*
Paragraph (a) of this section provides for an initial prehearing conference to

be conducted about 20 days after issuance of the referral notice under section 7 CFR 1.625, 43 CFR 45.25, or 50 CFR 221.25 (approximately 15 days after issuance of the docketing notice under section 7 CFR 1.630, 43 CFR 45.30, or 50 CFR 221.30). This conference will be critical to the overall hearing process.

Theoretically, an initial prehearing conference could be held within a few days after the assignment of an ALJ, but in fact the parties will need the additional time to develop and file their discovery requests and objections and otherwise prepare for the conference. Under section 7 CFR 1.641(d), 43 CFR 45.41(d), or 50 CFR 221.41(d), the parties must file their discovery motions within 7 days after issuance of the referral notice under section 7 CFR 1.625, 43 CFR 45.25, or 50 CFR 221.25, or approximately 12 days after the Department files its answer. While the parties can start developing their discovery requests sooner, they will not know until the Department files its answer under section 7 CFR 1.624, 43 CFR 45.24, or 50 CFR 221.24 what issues remain in dispute and what witnesses and exhibits the Department intends to present at the hearing. (The parties also cannot file discovery motions with the ALJ before any ALJ has been assigned to the case under section 7 CFR 1.630, 43 CFR 45.30, or 50 CFR 221.30, which occurs just 2 days before the discovery motions are due.) Under section 7 CFR 1.641(e), 43 CFR 45.41(e), or 50 CFR 221.41(e), the parties must file any objections to another party's discovery motion within 7 days after service of a discovery motion.

Prior to the initial prehearing conference, the parties' representatives are required to make a good faith effort to meet (most likely by telephone) and attempt to reach agreement on discovery and the schedule of remaining steps in the hearing process. Department counsel are encouraged to take the lead in scheduling the meeting of the parties, if other representatives do not do so. Agreements reached at the meeting of the parties will serve to expedite the initial prehearing conference and may allow the parties to initiate discovery before the conference.

The initial prehearing conference may be held in person, by conference call, or by other appropriate means. It will be used to identify, narrow and clarify the disputed issues of material fact; to rule on the parties' motions for discovery (and objections thereto) and to set a deadline for the completion of discovery; to discuss the evidence on which each party intends to rely at the hearing; to set the deadline for

submission of written testimony under section 7 CFR 1.652, 43 CFR 45.52, or 50 CFR 221.52; and to set the date, time, and place of the hearing. The conference may also be used to discuss limiting and grouping witnesses to avoid duplication; to discuss stipulations of fact and of the content and authenticity of documents; to consider requests that the ALJ take official notice of public records or other matters; to discuss the submission of documents in electronic form; and to consider any other matters that may aid in the disposition of the case.

Under paragraph (b) of this section, the ALJ may schedule other prehearing conferences as needed. Under paragraph (g), within 2 days of the conclusion of any conference, the ALJ will issue an order setting forth any agreements reached by the parties and any rulings made by the ALJ.

*7 CFR 1.641    How may parties obtain discovery of information needed for the case?*

*43 CFR   45.41  How may parties obtain discovery of information needed for the case?*

*50 CFR 221.41    How may parties obtain discovery of information needed for the case?*

This section provides that parties may obtain discovery by agreement of the parties or by filing a motion within 7 days after issuance of the referral notice under section 7 CFR 1.625, 43 CFR 45.25, or 50 CFR 221.25. Any proposed discovery request must be attached to the motion. Other parties may file objections within 7 days after service of a discovery motion. The ALJ will rule on the motions and objections during or promptly after the initial prehearing conference.

Under the Federal Rules of Civil Procedure (FRCP), the parties may initiate discovery on their own, without needing permission from the judge or agreement from other parties, and discovery often takes months to complete. Local court rules typically set limits on discovery; but generally ample time is available for the parties to propound discovery, seek protective orders, submit responses and objections, file motions to compel, etc. The expedited nature of the trial-type hearing under these regulations cannot accommodate such a protracted discovery process. As a result, the initial prehearing conference will be used as necessary to regulate the course of discovery and deal with disputes "up front" to the extent possible.

Paragraph (a) of this section lists the following methods of discovery, as limited by this section, as available to the parties: interrogatories, depositions,

and requests for documents or tangible things or for entry on land. The other main discovery tool under the FRCP, requests for admission, has been omitted as unnecessary in the context of these hearings. The parties will have just completed their exchange of hearing requests, responses, and answers, specifying what facts they agree to or dispute; and the ALJ will use the initial prehearing conference to further identify, narrow, and clarify the disputed issues and encourage stipulations. Under these circumstances, little if anything would be gained by the use of requests for admission.

The ALJ will authorize discovery requested by a party only if the ALJ determines that the criteria in paragraph (b) of this section have been met. These criteria include that the discovery will not unreasonably delay the hearing process; that the scope of the discovery is not unduly burdensome; that the discovery method to be used is the least burdensome method available; and that the information sought is not already in the record of the license proceeding or otherwise obtainable by the party.

These criteria are needed to keep the discovery process within reasonable bounds, in light of the tight time constraints applicable to the hearing. The criteria reflect the facts that the FERC license proceeding has been underway for over 3 years by this point; the parties have been dealing with each other extensively throughout that period; the great bulk of the relevant information has already been filed in the record of that proceeding; and the parties will have identified any additional information they may have in their hearing requests, responses, and answers. Consequently, there should be very little new information that the parties would need to uncover through an unfettered discovery process, even if there was time for it.

Paragraphs (f) and (g) of this section contain standard limitations on a party's ability to discover materials prepared by another party for the hearing or facts known or opinions held by another party's expert. Paragraph (h) limits depositions to witnesses who will be unavailable to testify at the hearing. This limitation will further reduce the time needed for discovery and the burden on the parties, who could otherwise face the prospect of multiple depositions at multiple locations around the country during a very limited time period, while simultaneously responding to interrogatories, requests for documents, etc. There is also less need to depose witnesses who will be presented at the hearing, since under section 7 CFR 1.652, 43 CFR 45.52, or

50 CFR 221.52, the direct testimony of such witnesses must be submitted in writing, generally 10 days before the hearing.

Paragraph (h)(3) provides that a party may depose a senior Department employee only if the party shows that the employee's testimony is necessary to provide significant information that is not available from any other source or by less burdensome means and that the deposition would not significantly interfere with the employee's ability to perform his or her government duties. This limitation is based on case law under the FRCP, e.g., *Jones* v. *Hirschfeld*, 219 F.R.D. 71 (S.D.N.Y. 2003); *Alexander* v. *Federal Bureau of Investigation*, 186 F.R.D. 1 (D.D.C. 1998).

Under paragraph (i) of this section, all discovery agreed to by the parties or approved by the ALJ must be completed within 25 days after the initial prehearing conference, unless the ALJ sets a different deadline.

*7 CFR 1.642    When must a party supplement or amend information it has previously provided?*

*43 CFR 45.42    When must a party supplement or amend information it has previously provided?*

*50 CFR 221.42    When must a party supplement or amend information it has previously provided?*

Paragraph (a) of this section states that a party must supplement or amend its discovery responses if it learns that a prior response is incorrect or incomplete.

Paragraph (b) gives the parties 5 days after the completion of discovery to update their witness and exhibit lists. If a party wishes to include any new witness or exhibit on its updated list, it must provide an explanation of why the witness or exhibit was not included on the original list filed under section 7 CFR 1.621, 43 CFR 45.21, or 50 CFR 221.21; 7 CFR 1.622, 43 CFR 45.22, or 50 CFR 221.22; or 7 CFR 1.624, 43 CFR 45.24, or 50 CFR 221.24. Paragraph (c) provides for sanctions for a party's failure to disclose information as required, unless the failure was substantially justified or is harmless.

*7 CFR 1.643    What are the requirements for written interrogatories?*

*43 CFR 45.43    What are the requirements for written interrogatories?*

*50 CFR 221.43    What are the requirements for written interrogatories?*

If the ALJ grants a motion for the use of interrogatories, this section provides that the other party must file its answers within 15 days. If the information requested could be obtained from a review of documents, the other party may provide access to the documents,

rather than compiling the information for the requesting party.

*7 CFR 1.644   What are the requirements for depositions?*

*43 CFR 45.44   What are the requirements for depositions?*

*50 CFR 221.44   What are the requirements for depositions?*

If the ALJ grants a motion to depose a person, this section provides that the party taking the deposition must arrange and pay for the reporter. Other standard provisions relating to the taking, transcription, and signing of a deposition are detailed. If approved by the ALJ, a deposition may be taken by conference call or may be video recorded.

*7 CFR 1.645   What are the requirements for requests for documents or tangible things or entry on land?*

*43 CFR 45.45   What are the requirements for requests for documents or tangible things or entry on land?*

*50 CFR 221.45   What are the requirements for requests for documents or tangible things or entry on land?*

If the ALJ grants a motion to use requests for production of documents or tangible things or entry on land, this section provides that the other party must file a response within 15 days.

*7 CFR 1.646   What sanctions may the ALJ impose for failure to comply with discovery?*

*43 CFR 45.46   What sanctions may the ALJ impose for failure to comply with discovery?*

*50 CFR 221.46   What sanctions may the ALJ impose for failure to comply with discovery?*

This section states that, if a party fails to comply with an order approving discovery, the ALJ may impose appropriate sanctions, such as not allowing the party to introduce evidence that was improperly withheld or inferring that the information withheld would have been adverse to the party.

*7 CFR 1.647   What are the requirements for subpoenas and witness fees?*

*43 CFR 45.47   What are the requirements for subpoenas and witness fees?*

*50 CFR 221.47   What are the requirements for subpoenas and witness fees?*

This section contains standard provisions regarding the issuance, service, and enforcement of a subpoena, to the extent authorized by law; payment of witness fees; and motions to quash. A limitation on subpoenaing senior Department employees is included, comparable to 7 CFR 1.641(h)(3), 43 CFR 45.41(h)(3), or 50 CFR 221.41(h)(3) discussed above.

## Hearing, Briefing, and Decision

*7 CFR 1.650   When and where will the hearing be held?*

*43 CFR 45.50   When and where will the hearing be held?*

*50 CFR 221.50   When and where will the hearing be held?*

This section states that the hearing will be held at the time and place set during the prehearing conference, generally within 15 days after the completion of discovery, unless the ALJ orders otherwise.

*7 CFR 1.651   What are the parties' rights during the hearing?*

*43 CFR 45.51   What are the parties' rights during the hearing?*

*50 CFR 221.51   What are the parties' rights during the hearing?*

This section acknowledges the parties' rights at the hearing to present direct and rebuttal evidence; to make objections, motions, and arguments; and to cross-examine witnesses.

*7 CFR 1.652   What are the requirements for presenting testimony?*

*43 CFR 45.52   What are the requirements for presenting testimony?*

*50 CFR 221.52   What are the requirements for presenting testimony?*

Paragraph (a) of this section requires the parties to submit any direct testimony in writing within 5 days after the date set for completion of discovery (generally 10 days before the hearing). Submission of written direct testimony in advance will assist the parties in preparing their cases and will expedite the hearing process, given the short time available for both discovery and the hearing.

Under paragraph (b), cross-examination and re-direct will be conducted orally at the hearing. Under paragraph (c), the ALJ may allow a witness to testify by conference call.

*7 CFR 1.653   How may a party use a deposition in the hearing?*

*43 CFR 45.53   How may a party use a deposition in the hearing?*

*50 CFR 221.53   How may a party use a deposition in the hearing?*

This section contains standard provisions for the admissibility of a deposition of a witness who is unavailable to testify at the hearing.

*7 CFR 1.654   What are the requirements for exhibits, official notice, and stipulations?*

*43 CFR 45.54   What are the requirements for exhibits, official notice, and stipulations?*

*50 CFR 221.54   What are the requirements for exhibits, official notice, and stipulations?*

This section contains standard provisions on marking and offering exhibits, asking the ALJ to take official notice of public documents, and using stipulations regarding facts or the authenticity of documents.

*7 CFR 1.655   What evidence is admissible at the hearing?*

*43 CFR 45.55   What evidence is admissible at the hearing?*

*50 CFR 221.55   What evidence is admissible at the hearing?*

This section contains standard provisions on the admissibility of written, oral, documentary, or demonstrative evidence that is relevant, reliable, and probative, and not privileged or unduly repetitious or cumulative. As is typical in administrative proceedings, the rules of evidence used in Federal courts do not apply, and hearsay evidence is admissible. However, the Federal Rules of Evidence may be used as guidance by the ALJ and the parties in determining what evidence is relevant, reliable, probative, and not privileged. Evidentiary objections will be ruled on by the ALJ.

*7 CFR 1.656   What are the requirements for transcription of the hearing?*

*43 CFR 45.56   What are the requirements for transcription of the hearing?*

*50 CFR 221.56   What are the requirements for transcription of the hearing?*

This section contains standard provisions on transcripts and reporter's fees, including correction of the transcript.

*7 CFR 1.657   What is the standard of proof?*

*43 CFR 45.57   What is the standard of proof?*

*50 CFR 221.57   What is the standard of proof?*

In accordance with the holding in *Steadman* v. *SEC,* 450 U.S. 91 (1981), this section establishes that the standard of proof is a preponderance of the evidence.

Comments are sought on the separate question of who bears the burden of proof.

*7 CFR 1.658   When will the hearing record close?*

*43 CFR 45.58   When will the hearing record close?*

*50 CFR 221.58   When will the hearing record close?*

This section states that the hearing record will close when the ALJ closes the hearing, unless he or she directs otherwise. No evidence may be submitted once the record closes.

*7 CFR 1.659   What are the requirements for post-hearing briefs?*

*43 CFR 45.59   What are the requirements for post-hearing briefs?*

*50 CFR 221.59   What are the requirements for post-hearing briefs?*

Under this section, each party may file an initial post-hearing brief within 10 days after the close of the hearing, unless the ALJ sets a different deadline. Reply briefs may be filed only if requested by the ALJ. Form and content requirements for briefs are specified.

*7 CFR 1.660   What are the requirements for the ALJ's decision?*

*43 CFR 45.60   What are the requirements for the ALJ's decision?*

*50 CFR 221.60   What are the requirements for the ALJ's decision?*

This section provides that the ALJ must issue a decision within 30 days after the close of the hearing or 90 days after issuance of the referral notice, whichever occurs first. The decision must contain findings of fact on all disputed issues of material fact; incidental conclusions of law necessary to make the findings of fact (e.g., rulings on materiality); and reasons for the findings and conclusions. The decision will not contain conclusions as to whether any preliminary condition or prescription should be adopted, modified, or rejected because that is a matter for the exercise of the Departments' judgment in light of the ALJ's findings and other available information (including any alternative conditions or prescriptions and supporting information submitted by the parties).

Under paragraph (c) of this section, the ALJ will serve the decision on each party to the hearing and forward a copy of the decision to FERC, along with the complete hearing record, for inclusion in the license proceeding record.

Paragraph (d) provides that the ALJ's decision will be final, with respect to the disputed issues of material fact, for any Department involved in the hearing. The ALJ's decision must be considered in deciding whether to accept an alternative in accordance with 7 CFR 1.673, 43 CFR 45.73, or 50 CFR 221.73. In a normal adjudication under the Administrative Procedure Act, an ALJ issues an initial or recommended decision that is subject to appeal or review within the agency. 5 U.S.C. 557(b). Even under section 557(b), however, an agency can limit the issues it will review on appeal, including denying any appeal from findings of fact. Attorney General's Manual on the Administrative Procedure Act 84 (1947); 3 Kenneth Culp Davis, Administrative Law Treatise § 17.14 (2d ed. 1980).

Here, the ALJ is not issuing a normal decision, which under section 557(c) includes findings of fact, conclusions of law on substantive issues, and an "appropriate rule, order, sanction, relief, or denial thereof." Rather, the ALJ is providing findings of fact, without

substantive legal rulings or any order, sanction, etc. The ALJ's decision will not resolve, even provisionally, the overall dispute among the parties over the preliminary conditions and prescriptions. At most, the ALJ is providing a definitive view of the facts underlying the dispute, to be used by the parties in submitting their comments, the Departments in analyzing alternatives and developing modified conditions and prescriptions, and FERC in finalizing its NEPA document.

Practical considerations also militate against any appeal of the ALJ's decision. Section 241 of EPAct requires that the trial-type hearing be conducted within 90 days and that FERC's time frame for the license proceeding, and there is not enough time available to also include an appeals process, with additional briefing, analysis, and decision by an appellate body. Moreover, in the case of a consolidated hearing, it is not clear what appellate body would consider the appeal, or whether each Department involved would need to review the ALJ's decision separately, with the potential for inconsistent results.

Paragraph (d) of this section further provides that, to the extent the ALJ's decision forms the basis for any condition or prescription subsequently included in the license, it may be subject to judicial review under 16 U.S.C. 825*l*(b). Even though, with respect to the disputed issues of material fact, the ALJ's decision will be final for the Departments involved, it will not be ripe for judicial review until the Departments complete their process of modifying conditions and prescriptions and FERC issues the license order.

**Alternatives Process**

*7 CFR 1.670   How must documents be filed and served under §§ 1.670 through 1.673?*

*43 CFR 45.70   How must documents be filed and served under this subpart?*

*50 CFR 221.70   How must documents be filed and served under this subpart?*

This section contains filing and service requirements for documents relating to the alternatives process. There are no special requirements for format, caption, or signature, as there are for documents relating to the hearing process.

*7 CFR 1.671   How do I propose an alternative?*

*43 CFR 45.71   How do I propose an alternative?*

*50 CFR 221.71   How do I propose an alternative?*

Under paragraph (a) of this section, any license party may propose an alternative within 30 days of the deadline for the Departments to file their preliminary conditions and prescriptions. Paragraph (b) specifies what must be included in a proposal for an alternative. The license party must include a description of the alternative and an explanation of how the alternative meets the criteria set out in FPA section 33.

*7 CFR 1.672   What will the Forest Service do with a proposed alternative?*

*43 CFR 45.72   What will the bureau do with a proposed alternative?*

*50 CFR 221.72   What will NMFS do with a proposed alternative?*

Within 60 days after the close of the comment period on FERC's NEPA document, the Department must analyze the alternatives it has received, and file with FERC its modified conditions or prescription. Based on the information available to it, the Department could adopt as a modified condition or prescription its original preliminary condition or prescription, an alternative, or a new condition or prescription. The Department must also file its analysis of the modified condition or prescription and of any proposed alternatives.

Of course, a party that proposed an alternative may in some cases choose to withdraw the alternative in response to the ALJ's findings. In that case, no comparison between the preliminary condition or prescription and the withdrawn alternative would be necessary.

*7 CFR 1.673   How will the Forest Service analyze a proposed alternative and formulate its modified condition?*

*43 CFR 45.73   How will the bureau analyze a proposed alternative and formulate its modified condition or prescription?*

*50 CFR 221.73   How will NMFS analyze a proposed alternative and formulate its modified condition?*

Paragraph (a) of this section provides that, in deciding whether to adopt a proposed alternative, the Department must consider all available evidence, including information from any license party and FERC, comments received on the Department's preliminary condition or prescription and on FERC's NEPA document, findings of fact from the ALJ, and the information provided in support of the alternative under 7 CFR 1.671, 43 CFR 45.71, or 50 CFR 221.71.

Consistent with FPA section 33, paragraph (b) states that the Department must adopt a proposed alternative if it will either cost significantly less to implement or result in improved operation of the project works for electricity production, and if it will

either provide for the adequate protection and utilization of the reservation under FPA section 4(e) or be no less protective than the fishway developed by the Department.

Paragraphs (c) and (d) specify what information the Department must file with FERC along with its modified condition or prescription. This includes a written statement demonstrating that the Department gave equal consideration to the effects of the modified condition or prescription and any alternative not adopted on energy supply, distribution, cost, and use; flood control; navigation; water supply; air quality; and the preservation of other aspects of environmental quality.

*7 CFR 1.674   Has OMB approved the information collection provisions of §§ 1.670 through 1.673?*

*43 CFR 45.74   Has OMB approved the information collection provisions of this subpart?*

*50 CFR 221.74   Has OMB approved the information collection provisions of this subpart?*

This section informs the public of the Departments' compliance with the Paperwork Reduction Act of 1995 and of the control number that the Office of Management and Budget (OMB) has issued for information collection related to the alternatives process.

**IV. Consultation With FERC**

Pursuant to EPAct's requirement that the agencies promulgate these rules "in consultation with the Federal Energy Regulatory Commission," the agencies have consulted with FERC regarding the content of these rules.

**V. Procedural Requirements**

A. *Decision to issue interim final rules with request for comments.* These regulations are being published as interim final rules with request for comments, and without prior notice and comment, under 5 U.S.C. 553(b)(A) and (B). Under section 553(b)(A), interpretative rules and rules of agency procedure or practice, like the regulations in these interim final rules, do not require a notice of proposed rulemaking.

Moreover, under section 553(b)(B), the Departments for good cause find that prior notice and comment are impracticable and contrary to the public interest. Section 241 of EPAct requires the Departments to promulgate these rules jointly, in consultation with FERC, within 90 days of enactment of the statute. It would not be possible to meet that deadline if the Departments had to publish a proposed rule, allow the public sufficient time to submit comments, analyze the comments, and

publish a final rule, especially given the need for interagency coordination at each step of the process. In addition to meeting the statutory mandate, the Departments find that it is in the public interest to promulgate these regulations promptly, so that (a) parties in hydropower license proceedings can avail themselves of the new trial-type hearing right and alternatives process established in EPAct and (b) delays in the FERC licensing process can be avoided or minimized.

B. *Decision to make the rules effective upon publication.* Under 5 U.S.C. 553(d)(3), the Departments for good cause find that these rules should be made effective upon publication in the **Federal Register**, rather than after the usual 30-day period. This finding is based on the same reasons that support the finding of good cause under section 553(b)(B), explained above. As noted previously, there are a number of license applications currently pending before FERC to which EPAct's trial-type hearing right and alternatives process apply. Section 241 of EPAct requires the Departments to fit the hearing process into FERC's time frame for the license proceeding, and delaying the effective date of these rules would only increase the number of cases in which the FERC licensing time frame would need to be adjusted to accommodate a hearing request and/or the alternatives process.

C. *Regulatory Planning and Review (E.O. 12866).* The rules in this document are significant. Although these rules will not have an adverse effect or an annual effect of $100 million or more on the economy, OMB has determined that the procedures for an expedited trial-type hearing on disputed issues of material fact represent a novel approach to public participation and administrative review and have interagency implications. Therefore, OMB has reviewed these rules under Executive Order 12866.

1. These rules will not have an annual economic effect of $100 million or adversely affect an economic sector, productivity, competition, jobs, the environment, public health or safety, or other units of government. A cost-benefit and economic analysis is not required.

The Departments expect about 47 requests for hearing per year under the rules, each requiring about 800 hours of additional work by the requesters and 600 hours for other parties to the hearing process. The Departments expect about 351 alternative conditions and prescriptions to be proposed per year under the rules, each requiring about 200 hours of additional work by the proponent and 120 hours for other

parties to the alternatives process. Staff costs for 47 hearing requests and 351 alternatives per year are estimated at $5 million and hence clearly fall well short of $100 million. This conclusion also holds in a worst-case analysis: if a hearing was requested and an alternative was proposed for every set of preliminary conditions or prescriptions, there would be about 97 hearings per year and 701 alternatives to analyze. Furthermore, because the decision to request a hearing or propose an alternative is entirely at the discretion of the party, any cost to the party will be incurred only when the party decides that the cost will be justified by the benefits of the process.

2. These rules will not create inconsistencies with or interfere with other agencies' actions. Agencies other than the three Departments and FERC will not be affected by the hearing process authorized by the rules; and the rules have been crafted to avoid any inconsistencies or interference with the actions of the three Departments and FERC.

3. These rules will not alter the budgetary effects of entitlements, grants, user fees, loan programs, or the rights and obligations of their recipients. These rules pertain only to the hearing procedures implementing recent amendments to the FPA, not to entitlements, grants, user fees, loan programs, or the rights and obligations of their recipients.

4. The assessment of OMB is that the rules raise novel policy issues, in that the expedited trial-type hearing process represents a novel approach to public participation and administrative review.

D. *Regulatory Flexibility Act.* The Departments certify that these rules will not have a significant economic effect on a substantial number of small entities under the Regulatory Flexibility Act, 5 U.S.C. 601 *et seq.*

These rules will not affect a substantial number of small entities. According to the Small Business Administration, for NAICS code 221111, hydroelectric power generation, a firm is small if, including its affiliates, its total electric output for the preceding fiscal year did not exceed 4 million megawatt hours. Although the regulated community of FERC licensees does include a substantial number of small entities, the number of affected entities in a given year is likely to be small, perhaps three to six per year.

More important, the effect of the rules on small entities will not be significant. Any entity affected by these rules will have already been heavily involved in a FERC hydropower licensing proceeding, submitting and commenting on

information in the record of that proceeding. These rules merely provide an additional administrative procedure, should the entity choose to use it, to obtain a definitive ruling on disputed issues of material fact with respect to conditions and prescriptions to be included in the license. Any cost to the entity will be incurred only when it decides that the cost will be justified by the benefits of the process. For these reasons, the rules will not have a significant economic effect.

E. *Small Business Regulatory Enforcement Fairness Act.* These rules are not major under the Small Business Regulatory Enforcement Fairness Act, 5 U.S.C. 804(2).

1. As explained above, these rules will not have an annual effect on the economy of $100 million or more.

2. These rules will not cause a major increase in costs or prices for consumers, individual industries, Federal, State, or local government agencies, or geographic regions. A hearing process for disputed issues of material fact with respect to the Departments' conditions and prescriptions will not affect costs or prices.

3. These rules will not have significant, adverse effects on competition, employment, investment, productivity, innovation, or the ability of United States-based enterprises to compete with foreign-based enterprises. Implementing recent amendments to the FPA by establishing the hearing procedures in these rules should have no effects, adverse or beneficial, on competition, employment, investment, productivity, innovation, or the ability of United States-based enterprises to compete with foreign-based enterprises.

F. *Unfunded Mandates Reform Act.* In accordance with the Unfunded Mandates Reform Act, 2 U.S.C 1531 *et seq.*, The Departments find that:

1. These rules will not have a significant or unique effect on State, local, or Tribal governments or the private sector.

2. These rules will not produce an unfunded Federal mandate of $100 million or more on State, local, or Tribal governments in the aggregate or on the private sector in any year; i.e., they do not constitute a "significant regulatory action" under the Unfunded Mandates Reform Act. State, local, and Tribal governments routinely file comments on the Departments' licensing conditions under the existing MCRP policy. The new opportunity for a hearing will be available to a State, local, or Tribal government only if it is a party to the license proceeding and chooses to participate in the hearing process.

Therefore, a statement containing the information required by the Unfunded Mandates Reform Act is not required.

G. *Takings (E.O. 12630).* In accordance with Executive Order 12630, the Departments conclude that these rules will not have significant takings implications. The conditions and prescriptions included in hydropower licenses relate to operation of hydropower facilities on resources not owned by the applicant, i.e., public waterways and/or reservations. Therefore, these rules will not result in a taking of private property, and a takings implication assessment is not required.

H. *Federalism (E.O. 13132).* In accordance with Executive Order 13132, the Departments find that these rules do not have sufficient federalism implications to warrant the preparation of a Federalism Assessment. There is no foreseeable effect on States from establishing hearing procedures for disputed issues of material fact regarding Departmental conditions and prescriptions. The rules will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government. The rules will not preempt State law. Therefore, a Federalism Assessment is not required.

I. *Civil Justice Reform (E.O. 12988).* In accordance with Executive Order 12988, the Departments have determined that these rules will not unduly burden the judicial system and that they meet the requirements of sections 3(a) and 3(b)(2) of the Order. The rules provide clear language as to what is allowed and what is prohibited. Litigation regarding FERC hydropower licenses currently begins with a rehearing before FERC and then moves to Federal appeals court. By offering a trial-type hearing on disputed issues of material fact with respect to conditions and prescriptions developed by the Departments, the rules will likely result in a decrease in the number of proceedings that are litigated.

J. *Paperwork Reduction Act.* With respect to the hearing process, these rules are exempt from the requirements of the Paperwork Reduction Act, 44 U.S.C. 3501 *et seq.* (PRA), because they will apply to the conduct of agency administrative proceedings involving specific individuals and entities. 44 U.S.C. 3518(c); 5 CFR 1320.4(a)(2). However, with respect to the alternatives process, these rules contain provisions that would collect information from the public, and therefore require approval from OMB under the PRA. According to the PRA,

a Federal agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number that indicates OMB approval. OMB has reviewed the information collection in these rules on an emergency basis and approved it under OMB control number 1094–0001. This approval expires May 31, 2006.

The purpose of the information collection in this rulemaking is to provide an opportunity for license parties to propose an alternative condition or prescription. Responses to this information collection are voluntary. We estimate that an average of 351 alternatives will be submitted per year over the next 3 years. We estimate that the average burden for preparing and submitting an alternative will be 200 hours; thus, the total information collection burden of this rulemaking is about 70,200 hours per year.

Because this information collection was approved on an emergency basis, the OMB approval will expire in 6 months. We will be requesting a 3-year extension from OMB for this collection in accordance with the normal process for renewing an information collection approval. The first step in this renewal process is to request, via a **Federal Register** notice, public comments on the information collection. We are hereby doing so. In particular, we request your comments on (1) whether the collection of information is necessary and appropriate for its intended purpose; (2) the accuracy of our estimate of the burden; (3) ways to enhance the quality, utility, and clarity of the information collected; and (4) ways to minimize the burden on the respondents of the collection of information, including the possible use of automated collection techniques or other forms of information technology.

Please submit your comments by January 17, 2006 using one of the methods listed in the **ADDRESSES** section above.

If you would like a copy of our submission to OMB that requested emergency approval of this information collection, which includes the OMB Form 83–I and supporting statement, please contact Larry Finfer as listed in the **FOR FURTHER INFORMATION CONTACT** section above. A copy will be sent to you at no charge.

K. *National Environmental Policy Act.* The Departments have analyzed their respective rules in accordance with NEPA, Council on Environmental Quality (CEQ) regulations, 40 CFR part 1500, and the Departments' internal NEPA guidance. CEQ regulations, at 40 CFR 1508.4, define a "categorical

exclusion" as a category of actions that a department has determined ordinarily do not, individually or cumulatively, have a significant effect on the human environment. The regulations further direct each department to adopt NEPA procedures, including categorical exclusions. 40 CFR 1507.3.

Each Department has determined that these rules are categorically excluded from further environmental analysis under NEPA in accordance with its own authorities, listed below. These rules promulgate regulations of an administrative and procedural nature relating to trial-type hearings and the submission and analysis of alternatives as mandated under FPA, as amended by EPAct. They do not individually or cumulatively have a significant impact on the human environment and, therefore, neither an EA nor an EIS under NEPA is required. The relevant authorities for each Department are as follows:

*Agriculture:* 7 CFR 1b.3(b); Forest Service Handbook 1909.15, 31.12.

*Interior:* 516 Departmental Manual 2, Appendices 1–2.

*Commerce:* NOAA Administrative Order 216–6, sections 5.05 and 6.03c3(i).

L. *Government-to-Government relationship with Indian Tribes.* In accordance with the President's memorandum of April 29, 1994, "Government-to-Government Relations with Native American Tribal Governments," 59 FR 22951 (May 4, 1994), supplemented by Executive Order 13175, Consultation and Coordination with Indian Tribal Governments, 65 FR 67249 (Nov. 6, 2000), the Departments have assessed the impact of these rules on Tribal trust resources and have determined that they do not directly affect Tribal resources. The rules are procedural and administrative in nature. However, conditions and actions associated with an actual hydropower licensing proposal may directly affect Tribal resources; therefore the Departments will consult with Tribal governments when developing section 4(e) conditions and section 18 prescriptions needed to address the management of those resources.

M. *Effects on the Nation's Energy Supply.* In accordance with Executive Order 13211, the Departments find that these rules will not have substantial direct effects on energy supply, distribution, or use, including shortfall in supply or price increase. Recent analysis by FERC has found that, on average, installed capacity increased through licensing by 4.06 percent, and the average annual generation loss,

attributable largely to increased flows to protect aquatic resources, was 1.59 percent. (Report on Hydroelectric Licensing Policies, Procedures, and Regulations: Comprehensive Review and Recommendations Pursuant to Section 603 of the Energy Act of 2000, prepared by the staff of the Federal Energy Regulatory Commission, May 2001.) Since the licensing process itself has such a modest energy impact, these rules, which affect only the Departments' administrative review procedures, are not expected to have a significant impact under the Executive Order (i.e., reductions in electricity production in excess of 1 billion kilowatt-hours per year or in excess of 500 megawatts of installed capacity).

N. *Clarity of These Regulations.* Executive Order 12866 requires each agency to write regulations that are easy to understand. We invite your comments on how to make these rules easier to understand, including answers to the following questions: (1) Are the requirements in the rules clearly stated? (2) Do the rules contain technical language or jargon that interferes with their clarity? (3) Does the format of the rules (grouping and order of sections, use of headings, paragraphing, etc.) aid or reduce their clarity? (4) Would the rules be easier to understand if they were divided into more (but shorter) sections? (A "section" appears in bold type and is preceded by the symbol "§" and a numbered heading, for example, **§ 1.602 What terms are used in this subpart?**) (5) Is the description of the rules in the **SUPPLEMENTARY INFORMATION** section of the preamble helpful in understanding the rules? (6) What else could we do to make the rules easier to understand?

**List of Subjects in 7 CFR Part 1, 43 CFR Part 45, 50 CFR Part 221**

Administrative practice and procedure, Fisheries, Hydroelectric power, Indians—lands, National forests, National parks, National wildlife refuge system, Public land, Waterways, Wildlife.

Dated: November 9, 2005.

**David P. Tenny,**
*Deputy Undersecretary—Natural Resources and Environment, U.S. Department of Agriculture.*

Dated: November 8, 2005.

**P. Lynn Scarlett,**
*Assistant Secretary—Policy, Management and Budget, U.S. Department of the Interior.*

Dated: November 8, 2005.

**James W. Balsiger,**
*Acting Deputy Assistant Administrator for Regulatory Programs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, U.S. Department of Commerce.*

■ For the reasons set forth in the preamble, the Departments of Agriculture, the Interior, and Commerce amend titles 7, 43, and 50 of the Code of Federal Regulations as set forth below.

**Department of Agriculture**

*7 CFR Subtitle A*

**PART 1—ADMINISTRATIVE REGULATIONS**

■ 1. The Department of Agriculture adds subpart O to part 1, title 7, to read as follows:

**Subpart O—Conditions in FERC Hydropower Licenses**

**General Provisions**

Sec.
1.601   What is the purpose of this subpart, and to what license proceedings does it apply?
1.602   What terms are used in this subpart?
1.603   How are time periods computed?
1.604   What deadlines apply to pending applications?

**Hearing Process**

*Representatives*

1.610   Who may represent a party, and what requirements apply to a representative?

*Document Filing and Service*

1.611   What are the form and content requirements for documents under §§ 1.611 through 1.660?
1.612   Where and how must documents be filed?
1.613   What are the requirements for service of documents?

*Initiation of Hearing Process*

1.620   What supporting information must the Forest Service provide with its preliminary conditions?
1.621   How do I request a hearing?
1.622   How do I file a notice of intervention and response?
1.623   When will hearing requests be consolidated?
1.624   How will the Forest Service respond to any hearing requests?

1.625   What will the Forest Service do with any hearing requests?
1.626   What regulations apply to a case referred for a hearing?

*General Provisions Related to Hearings*

1.630   What will OALJ do with a case referral?
1.631   What are the powers of the ALJ?
1.632   What happens if the ALJ becomes unavailable?
1.633   Under what circumstances may the ALJ be disqualified?
1.634   What is the law governing ex parte communications?
1.635   What are the requirements for motions?

*Prehearing Conferences and Discovery*

1.640   What are the requirements for prehearing conferences?
1.641   How may parties obtain discovery of information needed for the case?
1.642   When must a party supplement or amend information it has previously provided?
1.643   What are the requirements for written interrogatories?
1.644   What are the requirements for depositions?
1.645   What are the requirements for requests for documents or tangible things or entry on land?
1.646   What sanctions may the ALJ impose for failure to comply with discovery?
1.647   What are the requirements for subpoenas and witness fees?

*Hearing, Briefing, and Decision*

1.650   When and where will the hearing be held?
1.651   What are the parties' rights during the hearing?
1.652   What are the requirements for presenting testimony?
1.653   How may a party use a deposition in the hearing?
1.654   What are the requirements for exhibits, official notice, and stipulations?
1.655   What evidence is admissible at the hearing?
1.656   What are the requirements for transcription of the hearing?
1.657   What is the standard of proof?
1.658   When will the hearing record close?
1.659   What are the requirements for post-hearing briefs?
1.660   What are the requirements for the ALJ's decision?

**Alternatives Process**

1.670   How must documents be filed and served under §§ 1.670 through 1.673?
1.671   How do I propose an alternative?
1.672   What will the Forest Service do with a proposed alternative?
1.673   How will the Forest Service analyze a proposed alternative and formulate its modified conditions?
1.674   Has OMB approved the information collection provisions of §§ 1.670 through 1.673?

**Authority:** 16 U.S.C. 797(e), 811, 823d.

**General Provisions**

**§ 1.601   What is the purpose of this subpart, and to what license proceedings does it apply?**

(a) *Hearing process.* (1) The regulations in §§ 1.601 through 1.660 contain rules of practice and procedure applicable to hearings on disputed issues of material fact with respect to mandatory conditions that the Department of Agriculture, Forest Service (Forest Service) may develop for inclusion in a hydropower license issued under subchapter I of the Federal Power Act (FPA), 16 U.S.C. 791 *et seq.* The authority to develop these conditions is granted by FPA section 4(e), 16 U.S.C. 797(e), which authorizes the Secretary of Agriculture to condition hydropower licenses issued by the Federal Energy Regulatory Commission (FERC).

(2) The hearing process under this subpart does not apply to recommendations that the Forest Service may submit to FERC under FPA section 10(a), 16 U.S.C. 803(a).

(3) The FPA also grants the Department of the Interior the authority to develop mandatory conditions and prescriptions, and the Department of Commerce the authority to develop mandatory prescriptions, for inclusion in a hydropower license. Where the Forest Service USDA and either or both of these other Departments develop conditions or prescriptions to be included in the same hydropower license and where the Departments agree to consolidate the hearings under § 1.623:

(i) A hearing conducted under this subpart will also address disputed issues of material fact with respect to any condition or prescription developed by one of the other Departments; or

(ii) A hearing requested under this subpart will be conducted by one of the other Departments, pursuant to 43 CFR 45.1 *et seq.* or 50 CFR 221.1 *et seq.*, as applicable.

(4) The regulations in §§ 1.601 through 1.660 will be construed and applied to each hearing process to achieve a just and speedy determination, consistent with adequate consideration of the issues involved and the provisions of § 1.660(a).

(b) *Alternatives process.* The regulations in §§ 1.670 through 1.673 contain rules of procedure applicable to the submission and consideration of alternative conditions under FPA section 33, 16 U.S.C. 823d. That section allows any party to the license proceeding to propose an alternative to a condition deemed necessary by the Forest Service under section 4(e).

(c) *Reservation of authority.* Where the Forest Service notifies FERC that it is reserving its authority to develop one or more conditions during the term of the license, the hearing and alternatives processes under this subpart for such conditions will be available if and when the Forest Service exercises its reserved authority. The Forest Service will consult with FERC and notify the license parties regarding how to initiate the hearing process and alternatives process at that time.

(d) *Applicability.* (1) This subpart applies to any hydropower license proceeding for which the license has not been issued as of November 17, 2005 and for which one or more preliminary conditions or conditions have been or are filed with FERC.

(2) If the Forest Service has already filed one or more preliminary conditions or conditions as of November 17, 2005, the special applicability provisions of § 1.604 also apply.

**§ 1.602   What terms are used in this subpart?**

As used in this subpart:

*ALJ* means an administrative law judge appointed under 5 U.S.C. 3105 and assigned to preside over the hearing process under this subpart.

*Alternative* means a condition that a license party other than the Forest Service or another Department develops as an alternative to a preliminary condition from the Forest Service or another Department, under FPA sec. 33, 16 U.S.C. 823d.

*Condition* means a condition under FPA sec. 4(e), 16 U.S.C. 797(e), for the adequate protection and utilization of a reservation.

*Day* means a calendar day.

*Department* means the Department of Agriculture, Department of Commerce, or Department of the Interior.

*Discovery* means a prehearing process for obtaining facts or information to assist a party in preparing or presenting its case.

*Ex parte communication* means an oral or written communication to the ALJ that is made without providing all parties reasonable notice and an opportunity to participate.

*FERC* means the Federal Energy Regulatory Commission.

*Forest Service* means the USDA Forest Service.

*FPA* means the Federal Power Act, 16 U.S.C. 791 *et seq.*

*Hearing Clerk* means the Hearing Clerk, USDA, 1400 Independence Ave., SW., Washington, DC 20250; phone: 202–720–4443, facsimile: 202–720–9776.

*Intervention* means a process by which a person who did not request a

hearing under § 1.621 can participate as a party to the hearing under § 1.622.

*License party* means a party to the license proceeding, as that term is defined at 18 CFR 385.102(c).

*License proceeding* means a proceeding before FERC for issuance of a license for a hydroelectric facility under 18 CFR parts 4 or 5.

*Material fact* means a fact that, if proved, may affect a Department's decision whether to affirm, modify, or withdraw any condition or prescription.

*NEPA document* means an environmental assessment or environmental impact statement issued to comply with the requirements of the National Environmental Policy Act of 1969, 42 U.S.C. 4321 *et seq.*

*NFS* means Deputy Chief, National Forest Systems, Forest Service. The service and mailing address under this subpart is NFS, Washington Office (WO) Lands Staff, Mail Stop 1124, 1400 Independence Avenue, SW., Washington, DC 20250–0003, telephone 202–205–1248, facsimile number 202–205–1604.

*Office of Administrative Law Judges (OALJ)* is the office within USDA in which ALJs conduct hearings under the regulations in this subpart.

*Party* means, with respect to USDA's hearing process:

(1) A license party that has filed a timely request for a hearing under:

(i) Section 1.621; or

(ii) Either 43 CFR 45.21 or 50 CFR 221.21, with respect to a hearing process consolidated under § 1.623;

(2) A license party that has filed a timely notice of intervention and response under:

(i) Section 1.622; or

(ii) Either 43 CFR 45.22 or 50 CFR 221.22, with respect to a hearing process consolidated under § 1.623;

(3) The Forest Service, if it has filed a preliminary condition; and

(4) Any other Department that has filed a preliminary condition or prescription, with respect to a hearing process consolidated under § 1.623.

*Person* means an individual; a partnership, corporation, association, or other legal entity; an unincorporated organization; and any federal, state, tribal, county, district, territorial, or local government or agency.

*Preliminary condition or prescription* means a preliminary condition or prescription filed by a Department with FERC under 18 CFR 4.34(b), 4.34(i), or 5.22(a) for potential inclusion in a hydropower license.

*Prescription* means a fishway prescribed under FPA sec. 18, 16 U.S.C. 811, to provide for the safe, timely, and effective passage of fish.

*Representative* means a person who:

(1) Is authorized by a party to represent the party in a hearing process under this subpart; and

(2) Has filed an appearance under § 1.610.

*Reservation* has the same meaning as the term "reservations" in FPA sec. 3(2), 16 U.S.C. 796(2).

*Secretary* means the Secretary of Agriculture or his or her designee.

*Senior Department employee* has the same meaning as the term "senior employee" in 5 CFR 2637.211(a).

*USDA* means the United States Department of Agriculture.

*You* refers to a party other than a Department.

### § 1.603   How are time periods computed?

(a) *General.* Time periods are computed as follows:

(1) The day of the act or event from which the period begins to run is not included.

(2) The last day of the period is included.

(i) If that day is a Saturday, Sunday, or federal holiday, the period is extended to the next business day.

(ii) The last day of the period ends at 5 p.m. at the place where the filing or other action is due.

(3) If the period is less than 7 days, any Saturday, Sunday, or federal holiday that falls within the period is not included.

(b) *Extensions of time.* (1) No extension of time can be granted to file a request for a hearing under § 1.621, a notice of intervention and response under § 1.622, an answer under § 1.624, or any document under §§ 1.670 through 1.673.

(2) An extension of time to file any other document under this subpart may be granted only upon a showing of good cause.

(i) To request an extension of time, a party must file a motion under § 1.635 stating how much additional time is needed and the reasons for the request.

(ii) The party must file the motion before the applicable time period expires, unless the party demonstrates extraordinary circumstances that justify a delay in filing.

(iii) The ALJ may grant the extension only if:

(A) It would not unduly prejudice other parties; and

(B) It would not delay the decision under § 1.660.

### § 1.604   What deadlines apply to pending applications?

(a) *Applicability.* (1) This section applies to any case in which the Forest Service has filed a preliminary

condition or condition with FERC before November 17, 2005 and FERC has not issued a license as of that date.

(2) The deadlines in this section will apply in such a case, in lieu of any inconsistent deadline in other sections of this subpart.

(b) *Hearing process.* (1) Any request for a hearing under § 1.621 must be filed with NFS by December 19, 2005.

(2) Any notice of intervention and response under § 1.622 must be filed by January 3, 2006.

(3) Upon receipt of a hearing request under paragraph (b)(1) of this section, the Forest Service must do the following by March 17, 2006:

(i) Comply with the requirements of § 1.623;

(ii) Determine jointly with any other Department that has received a hearing request, after consultation with FERC, a time frame for the hearing process and a corresponding deadline for the Forest Service to file an answer under § 1.624; and

(iii) Issue a notice to each party specifying the time frame for the hearing process, including the deadline for the Forest Service to file an answer.

(c) *Alternatives process.* (1) Any alternative under § 1.671 must be filed with NFS by December 19, 2005.

(2) Upon receipt of an alternative under paragraph (c)(1) of this section, if no hearing request is filed under paragraph (b)(1) of this section, the Forest Service must do the following by February 15, 2006:

(i) Determine jointly with any other Department that has received a related alternative, after consultation with FERC, a time frame for the filing of a modified condition under § 1.672(b); and

(ii) Issue a notice to the license party that has submitted the alternative, specifying the time frame for the filing of a modified condition.

(3) Upon receipt of an alternative under paragraph (c)(1) of this section, if a hearing request is also filed under paragraph (b)(1) of this section, the Forest Service will follow the provisions of paragraph (b)(3) of this section.

**Hearing Process**

*Representatives*

### § 1.610   Who may represent a party, and what requirements apply to a representative?

(a) *Individuals.* A party who is an individual may either represent himself or herself in the hearing process under this subpart or authorize an attorney to represent him or her.

(b) *Organizations.* A party that is an organization or other entity may

authorize one of the following to represent it:

(1) An attorney;

(2) A partner, if the entity is a partnership;

(3) An officer or full-time employee, if the entity is a corporation, association, or unincorporated organization;

(4) A receiver, administrator, executor, or similar fiduciary, if the entity is a receivership, trust, or estate; or

(5) An elected or appointed official or an employee, if the entity is a federal, state, tribal, county, district, territorial, or local government or component.

(c) *Appearance*. A representative must file a notice of appearance. The notice must:

(1) Meet the form and content requirements for documents under § 1.611;

(2) Include the name and address of the person on whose behalf the appearance is made;

(3) If the representative is an attorney, include a statement that he or she is a member in good standing of the bar of the highest court of a state, the District of Columbia, or any territory or commonwealth of the United States (identifying which one); and

(4) If the representative is not an attorney, include a statement explaining his or her authority to represent the entity.

(d) *Disqualification*. The ALJ may disqualify any representative for misconduct or other good cause.

*Document Filing and Service*

### § 1.611  What are the form and content requirements for documents under §§ 1.610 through 1.660?

(a) *Form*. Each document filed in a case under §§ 1.610 through 1.660 must:

(1) Measure 8½ by 11 inches, except that a table, chart, diagram, or other attachment may be larger if folded to 8½ by 11 inches and attached to the document;

(2) Be printed on just one side of the page;

(3) Be clearly typewritten, printed, or otherwise reproduced by a process that yields legible and permanent copies;

(4) Use 10 point font size or larger;

(5) Be double-spaced except for footnotes and long quotations, which may be single-spaced;

(6) Have margins of at least 1 inch; and

(7) Be bound on the left side, if bound.

(b) *Caption*. Each document filed under §§ 1.610 through 1.660 must begin with a caption that sets forth:

(1) The name of the case under §§ 1.610 through 1.660 and the docket number, if one has been assigned;

(2) The name and docket number of the license proceeding to which the case under §§ 1.610 through 1.660 relates; and

(3) A descriptive title for the document, indicating the party for whom it is filed and the nature of the document.

(c) *Signature*. The original of each document filed under §§ 1.610 through 1.660 must be signed by the representative of the person for whom the document is filed. The signature constitutes a certification by the representative that he or she has read the document; that to the best of his or her knowledge, information, and belief, the statements made in the document are true; and that the document is not being filed for the purpose of causing delay.

(d) *Contact information*. Below the representative's signature, the document must provide the representative's name, mailing address, street address (if different), telephone number, facsimile number (if any), and electronic mail address (if any).

### § 1.612  Where and how must documents be filed?

(a) *Place of filing*. Any documents relating to a case under §§ 1.610 through 1.660 must be filed with the appropriate office, as follows:

(1) Before NFS refers a case for docketing under § 1.625, any documents must be filed with NFS. NFS's address, telephone number, and facsimile number are set forth in § 1.602.

(2) NFS will notify the parties of the date on which it refers a case for docketing under § 1.625. After that date, any documents must be filed with:

(i) The Hearing Clerk, if USDA will be conducting the hearing. The Hearing Clerk's address, telephone number, and facsimile number are set forth in § 1.602; or

(ii) The hearings component of or used by another Department, if that Department will be conducting the hearing under § 1.625. The name, address, telephone number, and facsimile number of the appropriate hearings component will be provided in the referral notice from the Forest Service.

(b) *Method of filing*. (1) A document must be filed with the appropriate office under paragraph (a) of this section using one of the following methods:

(i) By hand delivery of the original document;

(ii) By sending the original document by express mail or courier service for delivery on the next business day; or

(iii) By sending the document by facsimile if:

(A) The document is 20 pages or less, including all attachments;

(B) The sending facsimile machine confirms that the transmission was successful; and

(C) The original of the document is sent by regular mail on the same day.

(2) Parties are encouraged, but not required, to supplement any filing by providing the appropriate office with an electronic copy of the document on diskette or compact disc.

(c) *Date of filing*. A document under §§ 1.610 through 1.660 is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(d) *Nonconforming documents*. If any document submitted for filing under §§ 1.610 through 1.660 does not comply with the requirements of §§ 1.610 through 1.660 or any applicable order, it may be rejected. If the defect is minor, the party may be notified of the defect and given a chance to correct it.

### § 1.613  What are the requirements for service of documents?

(a) *Filed documents*. Any document related to a case under §§ 1.610 through 1.660 must be served at the same time the document is delivered or sent for filing. Copies must be served as follows:

(1) A complete copy of any request for a hearing under § 1.621 must be served on FERC and each license party, using one of the methods of service in paragraph (c) of this section.

(2) A complete copy of any notice of intervention and response under § 1.622 must be:

(i) Served on FERC, the license applicant, any person who has filed a request for hearing under § 1.621, and the Forest Service, using one of the methods of service in paragraph (c) of this section; and

(ii) Sent to any other license party using regular mail.

(3) A complete copy of any other filed document must be served on each party, using one of the methods of service in paragraph (c) of this section.

(b) *Documents issued by the Hearing Clerk or ALJ*. A complete copy of any notice, order, decision, or other document issued by the Hearing Clerk or the ALJ under §§ 1.610 through 1.660 must be served on each party, using one of the methods of service in paragraph (c) of this section.

(c) *Method of service*. Service must be accomplished by one of the following methods:

(1) By hand delivery of the document;

(2) By sending the document by express mail or courier service for delivery on the next business day;

(3) By sending the document by facsimile if:

(i) The document is 20 pages or less, including all attachments;

(ii) The sending facsimile machine confirms that the transmission was successful; and

(iii) The document is sent by regular mail on the same day; or

(4) By sending the document, including all attachments, by electronic mail if:

(i) A copy of the document is sent by regular mail on the same day; and

(ii) The party acknowledges receipt of the document by close of the next business day.

(d) *Acknowledgment of service.* Any party who receives a document under §§ 1.610 through 1.660 by electronic mail must promptly send a reply electronic mail message acknowledging receipt.

(e) *Certificate of service.* A certificate of service must be attached to each document filed under §§ 1.610 through 1.660. The certificate must be signed by the party's representative and include the following information:

(1) The name, address, and other contact information of each party's representative on whom the document was served;

(2) The means of service, including information indicating compliance with paragraph (c)(3) or (c)(4) of this section, if applicable; and

(3) The date of service.

*Initiation of Hearing Process*

**§ 1.620   What supporting information must the Forest Service provide with its preliminary conditions?**

(a) *Supporting information.* (1) When the Forest Service files preliminary conditions with FERC, it must include a rationale for the conditions and an index to the Forest Service's administrative record that identifies all documents relied upon.

(2) If any of the documents relied upon are not already in the license proceeding record, the Forest Service must:

(i) File them with FERC at the time it files the preliminary conditions; and

(ii) Provide paper or electronic copies to the license applicant.

(b) *Service.* In addition to serving a copy of its preliminary conditions on each license party, the Forest Service must provide a copy to the Hearing Clerk if and when a request for a hearing is filed with respect to the preliminary conditions.

**§ 1.621   How do I request a hearing?**

(a) *General.* To request a hearing on disputed issues of material fact with respect to any condition filed by the Forest Service, you must:

(1) Be a license party; and

(2) File with NFS a written request for a hearing within 30 days after the deadline for the Departments to file preliminary conditions with FERC.

(b) *Content.* Your hearing request must contain:

(1) A numbered list of the factual issues that you allege are in dispute, each stated in a single, concise sentence; and

(2) The following information with respect to each issue:

(i) The specific factual statements made or relied upon by the Forest Service under § 1.620(a) that you dispute;

(ii) The basis for your opinion that those factual statements are unfounded or erroneous;

(iii) The basis for your opinion that any factual dispute is material; and

(iv) With respect to any scientific studies, literature, and other documented information supporting your opinions under paragraphs (b)(2)(ii) and (b)(2)(iii) of this section, specific citations to the information relied upon. If any such document is not already in the license proceeding record, you must provide a copy with the request.

(c) *Witnesses and exhibits.* Your hearing request must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b)(2) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

**§ 1.622   How do I file a notice of intervention and response?**

(a) *General.* (1) To intervene as a party to the hearing process, you must:

(i) Be a license party; and

(ii) File with NFS a notice of intervention and a written response to any request for a hearing within 15 days after the date of service of the request for a hearing.

(2) A license party filing a notice of intervention and response may not raise issues of material fact beyond those raised in the hearing request.

(b) *Content.* In your notice of intervention and response you must explain your position with respect to the issues of material fact raised in the hearing request under § 1.621(b).

(1) If you agree with the information provided by the Forest Service under § 1.620(a) or by the requester under § 1.621(b), your response may refer to the Forest Service's explanation or the requester's hearing request for support.

(2) If you wish to rely on additional information or analysis, your response must provide the same level of detail with respect to the additional information or analysis as required under § 1.621(b).

(c) *Witnesses and exhibits.* Your response and notice must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony; and

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

**§ 1.623   When will hearing requests be consolidated?**

(a) *Initial Department coordination.* If the Forest Service has received a copy of a hearing request, it must contact the other Departments within 10 days after the deadline for filing hearing requests under § 1.621 and determine:

(1) Whether any of the other Departments has also filed a preliminary condition or prescription relating to the license with FERC; and

(2) If so, whether the other Department has also received a hearing request with respect to the preliminary condition or prescription.

(b) *Decision on consolidation.* Within 25 days after the deadline for filing hearing requests under § 1.621, if the Forest Service has received a hearing request, it must:

(1) Consult with any other Department that has also received a hearing request; and

(2) Decide jointly with the other Department:

(i) Whether to consolidate the cases for hearing under paragraphs (c)(3)(ii) through (c)(3)(iv) of this section; and

(ii) If so, which Department will conduct the hearing on their behalf.

(c) *Criteria.* Cases will or may be consolidated as follows:

(1) All hearing requests with respect to any conditions from the same Department will be consolidated for hearing.

(2) All hearing requests with respect to any prescriptions from the same Department will be consolidated for hearing.

(3) Any or all of the following may be consolidated for hearing, if the Departments involved determine that there are common issues of material fact or that consolidation is otherwise appropriate:

(i) Two or more hearing requests with respect to any condition and any prescription from the same Department;

(ii) Two or more hearing requests with respect to conditions from different Departments;

(iii) Two or more hearing requests with respect to prescriptions from different Departments; or

(iv) Two or more hearing requests with respect to any condition from one Department and any prescription from another Department.

**§ 1.624   How will the Forest Service respond to any hearing requests?**

(a) *General.* Within 45 days after the deadline in § 1.621(a)(2), the Forest Service may file with the Hearing Clerk an answer to any hearing request under § 1.621.

(b) *Content.* If the Forest Service files an answer:

(1) For each of the numbered factual issues listed under § 1.621(b)(1), the answer must explain the Forest Service's position with respect to the issues of material fact raised by the requester, including one or more of the following statements as appropriate:

(i) That the Forest Service is willing to stipulate to the facts as alleged by the requester;

(ii) That the Forest Service believes the issue listed by the requester is not a factual issue, explaining the basis for such belief;

(iii) That the Forest Service believes the issue listed by the requester is not material, explaining the basis for such belief; or

(iv) That the Forest Service agrees that the issue is factual, material, and in dispute.

(2) The answer must also indicate whether the hearing request will be consolidated with one or more other hearing requests under § 1.623 and, if so:

(i) Identify any other hearing request that will be consolidated with this hearing request; and

(ii) State which Department will conduct the hearing and provide contact information for the appropriate Department hearings component.

(c) *Witnesses and exhibits.* The Forest Service's answer must also list the witnesses and exhibits that it intends to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, the Forest Service must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, the Forest Service must specify whether it is in the license proceeding record

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b)(1) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

(e) *Notice in lieu of answer.* If the Forest Service elects not to file an answer to a hearing request:

(1) The Forest Service is deemed to agree that the issues listed by the requester are factual, material, and in dispute;

(2) The Forest Service may file a list of witnesses and exhibits with respect to the hearing only as provided in § 1.642(b); and

(3) The Forest Service must file a notice containing the information required by paragraph (b)(2) of this section, if the hearing request will be consolidated with one or more other hearing requests under § 1.623.

**§ 1.625   What will the Forest Service do with any hearing requests?**

(a) *Case referral.* Within 5 days after receipt of the Forest Service's answer, NFS will refer the case for a hearing as follows:

(1) If the hearing is to be conducted by USDA, NFS will refer the case to the OALJ.

(2) If the hearing is to be conducted by another Department, NFS will refer the case to the hearings component used by that Department.

(b) *Content.* The case referral will consist of the following:

(1) A copy of any preliminary condition under § 1.620;

(2) The original of any hearing request under § 1.621;

(3) The original of any notice of intervention and response under § 1.622;

(4) The original of any answer under § 1.624; and

(5) An original referral notice under paragraph (c) of this section.

(c) *Notice.* At the time NFS refers the case for a hearing, it must provide a referral notice that contains the following information:

(1) The name, address, telephone number, and facsimile number of the Department hearings component that will conduct the hearing;

(2) The name, address, and other contact information for the representative of each party to the hearing process;

(3) An identification of any other hearing request that will be consolidated with this hearing request; and

(4) The date on which NFS is referring the case for docketing.

(d) *Delivery and service.* (1) NFS must refer the case to the appropriate Department hearings component by one of the methods identified in § 1.612(b)(1)(i) and (b)(1)(ii).

(2) NFS must serve a copy of the referral notice on FERC and each party to the hearing by one of the methods identified in § 1.613(c)(1) and (c)(2).

**§ 1.626   What regulations apply to a case referred for a hearing?**

(a) If NFS refers the case to OALJ, these regulations will continue to apply to the hearing process.

(b) If NFS refers the case to the Department of the Interior's Office of Hearing and Appeals, the regulations at 43 CFR 45.1 *et seq.* will apply from that point.

(c) If NFS refers the case to the Department of Commerce's designated ALJ office, the regulations at 50 CFR 221.1 *et seq.* will apply from that point.

*General Provisions Related to Hearings*

**§ 1.630   What will OALJ do with a case referral?**

Within 5 days after issuance of the referral notice under § 1.625(c), 43 CFR 45.25(c), or 50 CFR 221.25(c):

(a) The Hearing Clerk must:

(1) Docket the case;

(2) Assign an ALJ to preside over the hearing process and issue a decision; and

(3) Issue a docketing notice that informs the parties of the docket number and the ALJ assigned to the case; and

(b) The ALJ must issue a notice setting the time, place, and method for conducting an initial prehearing conference under § 1.640. This notice may be combined with the docketing notice under paragraph (a)(3) of this section.

### § 1.631   What are the powers of the ALJ?

The ALJ will have all powers necessary to conduct a fair, orderly, expeditious, and impartial hearing process, consistent with the requirements of § 1.660(a), including the powers to:

(a) Administer oaths and affirmations;

(b) Issue subpoenas to the extent authorized by law;

(c) Rule on motions;

(d) Authorize discovery as provided for in §§ 1.641 through 1.647;

(e) Hold hearings and conferences;

(f) Regulate the course of hearings;

(g) Call and question witnesses;

(h) Exclude any person from a hearing or conference for misconduct or other good cause;

(i) Issue a decision consistent with § 1.660(b) regarding any disputed issues of material fact relating to the Forest Service's or other Department's condition or prescription that has been referred to the ALJ for hearing; and

(j) Take any other action authorized by law.

### § 1.632   What happens if the ALJ becomes unavailable?

(a) If the ALJ becomes unavailable or otherwise unable to perform the duties described in § 1.631, the OALJ shall designate a successor.

(b) If a hearing has commenced and the ALJ cannot proceed with it, a successor ALJ may do so. At the request of a party, the successor ALJ may recall any witness whose testimony is material and disputed, and who is available to testify again without undue burden. The successor ALJ may, within his or her discretion, recall any other witness.

### § 1.633   Under what circumstances may the ALJ be disqualified?

(a) The ALJ may withdraw from a case at any time the ALJ deems himself or herself disqualified.

(b) At any time before issuance of the ALJ's decision, any party may move that the ALJ disqualify himself or herself for personal bias or other valid cause.

(1) The party must file the motion promptly after discovering facts or other reasons allegedly constituting cause for disqualification.

(2) The party must file with the motion an affidavit or declaration setting forth the facts or other reasons in detail.

(c) The ALJ must rule upon the motion, stating the grounds for the ruling.

(1) If the ALJ concludes that the motion is timely and meritorious, he or she must disqualify himself or herself and withdraw from the case.

(2) If the ALJ does not disqualify himself or herself and withdraw from

the case, the ALJ must continue with the hearing process and issue a decision.

### § 1.634   What is the law governing ex parte communications?

(a) Ex parte communications with the ALJ or his or her staff are prohibited in accordance with 5 U.S.C. 554(d).

(b) This section does not prohibit ex parte inquiries concerning case status or procedural requirements, unless the inquiry involves an area of controversy in the hearing process.

### § 1.635   What are the requirements for motions?

(a) *General.* Any party may apply for an order or ruling on any matter related to the hearing process by presenting a motion to the ALJ. A motion may be presented any time after the Hearing Clerk issues a docketing notice under § 1.630.

(1) A motion made at a hearing may be stated orally on the record, unless the ALJ directs that it be reduced to writing.

(2) Any other motion must:

(i) Be in writing;

(ii) Comply with the requirements of §§ 1.610 through 1.613 with respect to form, content, filing, and service; and

(iii) Not exceed 10 pages.

(b) *Content.* (1) Each motion must state clearly and concisely:

(i) Its purpose and the relief sought;

(ii) The facts constituting the grounds for the relief sought; and

(iii) Any applicable statutory or regulatory authority.

(2) A proposed order must accompany the motion.

(c) *Response.* Except as otherwise required by this subpart or by order of the ALJ, any other party may file a response to a written motion within 10 days after service of the motion. When a party presents a motion at a hearing, any other party may present a response orally on the record.

(d) *Reply.* Unless the ALJ orders otherwise, no reply to a response may be filed.

(e) *Effect of filing.* Unless the ALJ orders otherwise, the filing of a motion does not stay the hearing process.

(f) *Ruling.* The ALJ will rule on the motion as soon as practicable, either orally on the record or in writing. He or she may summarily deny any dilatory, repetitive, or frivolous motion.

*Prehearing Conferences and Discovery*

### § 1.640   What are the requirements for prehearing conferences?

(a) *Initial prehearing conference.* The ALJ will conduct an initial prehearing conference with the parties at the time specified in the docketing notice under § 1.630, on or about the 20th day after

issuance of the referral notice under § 1.625(c).

(1) The initial prehearing conference will be used:

(i) To identify, narrow, and clarify the disputed issues of material fact and exclude issues that do not qualify for review as factual, material, and disputed;

(ii) To consider the parties' motions for discovery under § 1.641 and to set a deadline for the completion of discovery;

(iii) To discuss the evidence on which each party intends to rely at the hearing;

(iv) To set the deadline for submission of written testimony under § 1.652; and

(v) To set the date, time, and place of the hearing.

(2) The initial prehearing conference may also be used:

(i) To discuss limiting and grouping witnesses to avoid duplication;

(ii) To discuss stipulations of fact and of the content and authenticity of documents;

(iii) To consider requests that the ALJ take official notice of public records or other matters;

(iv) To discuss the submission of written testimony, briefs, or other documents in electronic form; and

(v) To consider any other matters that may aid in the disposition of the case.

(b) *Other conferences.* The ALJ may in his or her discretion direct the parties to attend one or more other prehearing conferences, if consistent with the need to complete the hearing process within 90 days. Any party may by motion request a conference.

(c) *Notice.* The ALJ must give the parties reasonable notice of the time and place of any conference. A conference will ordinarily be held by telephone, unless the ALJ orders otherwise.

(d) *Preparation.* (1) Each party's representative must be fully prepared for a discussion of all issues properly before the conference, both procedural and substantive. The representative must be authorized to commit the party that he or she represents respecting those issues.

(2) Before the date set for the initial prehearing conference, the parties' representatives must make a good faith effort:

(i) To meet in person, by telephone, or by other appropriate means; and

(ii) To reach agreement on discovery and the schedule of remaining steps in the hearing process.

(e) *Failure to attend.* Unless the ALJ orders otherwise, a party that fails to attend or participate in a conference, after being served with reasonable notice of its time and place, waives all objections to any agreements reached in

the conference and to any consequent orders or rulings.

(f) *Scope.* During a conference, the ALJ may dispose of any procedural matters related to the case.

(g) *Order.* Within 2 days after the conclusion of each conference, the ALJ must issue an order that recites any agreements reached at the conference and any rulings made by the ALJ during or as a result of the conference.

**§ 1.641    How may parties obtain discovery of information needed for the case?**

(a) *General.* By agreement of the parties or with the permission of the ALJ, a party may obtain discovery of information to assist the party in preparing or presenting its case. Available methods of discovery are:

(1) Written interrogatories;

(2) Depositions as provided in paragraph (h) of this section; and

(3) Requests for production of designated documents or tangible things or for entry on designated land for inspection or other purposes.

(b) *Criteria.* Discovery may occur only as agreed to by the parties or as authorized by the ALJ in a written order or during a prehearing conference. The ALJ may authorize discovery only if the party requesting discovery demonstrates:

(1) That the discovery will not unreasonably delay the hearing process;

(2) That the information sought:

(i) Will be admissible at the hearing or appears reasonably calculated to lead to the discovery of admissible evidence;

(ii) Is not already in the license proceeding record or otherwise obtainable by the party;

(iii) Is not cumulative or repetitious; and

(iv) Is not privileged or protected from disclosure by applicable law;

(3) That the scope of the discovery is not unduly burdensome;

(4) That the method to be used is the least burdensome method available;

(5) That any trade secrets or proprietary information can be adequately safeguarded; and

(6) That the standards for discovery under paragraphs (f) through (h) of this section have been met, if applicable.

(c) *Motions.* A party may initiate discovery:

(1) Pursuant to an agreement of the parties; or

(2) By filing a motion that:

(i) Briefly describes the proposed method(s), purpose, and scope of the discovery;

(ii) Explains how the discovery meets the criteria in paragraphs (b)(1) through (b)(6) of this section; and

(iii) Attaches a copy of any proposed discovery request (written

interrogatories, notice of deposition, or request for production of designated documents or tangible things or for entry on designated land).

(d) *Timing of motions.* A party must file any discovery motion under paragraph (c)(2) of this section within 7 days after issuance of the referral notice under § 1.625(c).

(e) *Objections.* (1) A party must file any objections to a discovery motion or to specific portions of a proposed discovery request within 7 days after service of the motion.

(2) An objection must explain how, in the objecting party's view, the discovery sought does not meet the criteria in paragraphs (b)(1) through (b)(6) of this section.

(f) *Materials prepared for hearing.* A party generally may not obtain discovery of documents and tangible things otherwise discoverable under paragraph (b) of this section if they were prepared in anticipation of or for the hearing by or for another party's representative (including the party's attorney, expert, or consultant).

(1) If a party wants to discover such materials, it must show:

(i) That it has substantial need of the materials in preparing its own case; and

(ii) That the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

(2) In ordering discovery of such materials when the required showing has been made, the ALJ must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney.

(g) *Experts.* Unless restricted by the ALJ, a party may discover any facts known or opinions held by an expert concerning any relevant matters that are not privileged. Such discovery will be permitted only if:

(1) The expert is expected to be a witness at the hearing; or

(2) The expert is relied on by another expert who is expected to be a witness at the hearing, and the party shows:

(i) That it has a compelling need for the information; and

(ii) That it cannot practicably obtain the information by other means.

(h) *Limitations on depositions.* (1) A party may depose a witness only if the party shows that the witness:

(i) Will be unable to attend the hearing because of age, illness, or other incapacity; or

(ii) Is unwilling to attend the hearing voluntarily, and the party is unable to compel the witness's attendance at the hearing by subpoena.

(2) Paragraph (h)(1)(ii) of this section does not apply to any person employed

by or under contract with the party seeking the deposition.

(3) A party may depose a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the deposition would not significantly interfere with the employee's ability to perform his or her government duties.

(i) *Completion of discovery.* All discovery must be completed within 25 days after the initial prehearing conference, unless the ALJ sets a different deadline.

**§ 1.642    When must a party supplement or amend information it has previously provided?**

(a) *Discovery.* A party must promptly supplement or amend any prior response to a discovery request if it learns that the response:

(1) Was incomplete or incorrect when made; or

(2) Though complete and correct when made, is now incomplete or incorrect in any material respect.

(b) *Witnesses and exhibits.* (1) Within 5 days after the date set for completion of discovery, each party must file an updated version of the list of witnesses and exhibits required under §§ 1.621(c), 1.622(c), or 1.624(c).

(2) If a party wishes to include any new witness or exhibit on its updated list, it must provide an explanation of why it was not feasible for the party to include the witness or exhibit on its list under §§ 1.621(c), 1.622(c), or 1.624(c).

(c) *Failure to disclose.* (1) A party that fails to disclose information required under §§ 1.621(c), 1.622(c), or 1.624(c), or paragraphs (a) or (b) of this section, will not be permitted to introduce as evidence at the hearing testimony from a witness or other information that it failed to disclose.

(2) Paragraph (c)(1) of this section does not apply if the failure to disclose was substantially justified or is harmless.

(3) Before or during the hearing, a party may object to the admission of evidence under paragraph (c)(1) of this section.

(4) The ALJ will consider the following in determining whether to exclude evidence under paragraphs (c)(1) through (c)(3) of this section:

(i) The prejudice to the objecting party;

(ii) The ability of the objecting party to cure any prejudice;

**Federal Register** / Vol. 70, No. 221 / Thursday, November 17, 2005 / Rules and Regulations     **69825**

(iii) The extent to which presentation of the evidence would disrupt the orderly and efficient hearing of the case;

(iv) The importance of the evidence; and

(v) The reason for the failure to disclose, including any bad faith or willfulness regarding the failure.

### § 1.643   What are the requirements for written interrogatories?

(a) *Motion.* Except upon agreement of the parties, a party wishing to propound interrogatories must file a motion under § 1.641(c).

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 1.641(b) with respect to any discovery motion requesting the use of written interrogatories. The order will:

(1) Grant the motion and approve the use of some or all of the proposed interrogatories; or

(2) Deny the motion.

(c) *Answers to interrogatories.* Except upon agreement of the parties, the party to whom the proposed interrogatories are directed must file its answers to any interrogatories approved by the ALJ within 15 days after issuance of the order under paragraph (b) of this section.

(1) Each approved interrogatory must be answered separately and fully in writing.

(2) The party or its representative must sign the answers to interrogatories under oath or affirmation.

(d) *Access to records.* A party's answer to an interrogatory is sufficient when:

(1) The information may be obtained from an examination of records, or from a compilation, abstract, or summary based on such records;

(2) The burden of obtaining the information from the records is substantially the same for all parties;

(3) The answering party specifically identifies the individual records from which the requesting party may obtain the information and where the records are located; and

(4) The answering party provides the requesting party with reasonable opportunity to examine the records and make a copy, compilation, abstract, or summary.

### § 1.644   What are the requirements for depositions?

(a) *Motion and notice.* Except upon agreement of the parties, a party wishing to take a deposition must file a motion under § 1.641(c). Any notice of deposition filed with the motion must state:

(1) The time and place that the deposition is to be taken;

(2) The name and address of the person before whom the deposition is to be taken;

(3) The name and address of the witness whose deposition is to be taken; and

(4) Any documents or materials that the witness is to produce.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 1.641(b) with respect to any discovery motion requesting the taking of a deposition. The order will:

(1) Grant the motion and approve the taking of the deposition, subject to any conditions or restrictions the ALJ may impose; or

(2) Deny the motion.

(c) *Arrangements.* If the parties agree to or the ALJ approves the taking of the deposition, the party requesting the deposition must make appropriate arrangements for necessary facilities and personnel.

(1) The deposition will be taken at the time and place agreed to by the parties or indicated in the ALJ's order.

(2) The deposition may be taken before any disinterested person authorized to administer oaths in the place where the deposition is to be taken.

(3) Any party that objects to the taking of a deposition because of the disqualification of the person before whom it is to be taken must do so:

(i) Before the deposition begins; or

(ii) As soon as the disqualification becomes known or could have been discovered with reasonable diligence.

(4) A deposition may be taken by telephone conference call, if agreed to by the parties or approved in the ALJ's order.

(d) *Testimony.* Each witness deposed must be placed under oath or affirmation, and the other parties must be given an opportunity for cross-examination.

(e) *Representation of witness.* The witness being deposed may have counsel or another representative present during the deposition.

(f) *Recording and transcript.* Except as provided in paragraph (g) of this section, the deposition must be stenographically recorded and transcribed at the expense of the party that requested the deposition.

(1) Any other party may obtain a copy of the transcript at its own expense.

(2) Unless waived by the deponent, the deponent will have 3 days after receiving the transcript to read and sign it.

(3) The person before whom the deposition was taken must certify the transcript following receipt of the signed transcript from the deponent or expiration of the 3-day review period, whichever occurs first.

(g) *Video recording.* The testimony at a deposition may be recorded on videotape, subject to any conditions or restrictions that the parties may agree to or the ALJ may impose, at the expense of the party requesting the recording.

(1) The video recording may be in conjunction with an oral examination by telephone conference held under paragraph (c)(3) of this section.

(2) After the deposition has been taken, the person recording the deposition must:

(i) Provide a copy of the videotape to any party that requests it, at the requesting party's expense; and

(ii) Attach to the videotape a statement identifying the case and the deponent and certifying the authenticity of the video recording.

(h) *Use of deposition.* A deposition may be used at the hearing as provided in § 1.653.

### § 1.645   What are the requirements for requests for documents or tangible things or entry on land?

(a) *Motion.* Except upon agreement of the parties, a party wishing to request the production of designated documents or tangible things or entry on designated land must file a motion under § 1.641(c). A request may include any of the following that are in the possession, custody, or control of another party:

(1) The production of designated documents for inspection and copying, other than documents that are already in the license proceeding record;

(2) The production of designated tangible things for inspection, copying, testing, or sampling; or

(3) Entry on designated land or other property for inspection and measuring, surveying, photographing, testing, or sampling either the property or any designated object or operation on the property.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 1.641(b) with respect to any discovery motion requesting the production of documents or tangible things or entry on land for inspection, copying, or other purposes. The order will:

(1) Grant the motion and approve the use of some or all of the proposed requests; or

(2) Deny the motion.

(c) *Compliance with order.* Except upon agreement of the parties, the party to whom any approved request for production is directed must permit the approved inspection and other activities within 15 days after issuance of the

order under paragraph (a) of this section.

### § 1.646   What sanctions may the ALJ impose for failure to comply with discovery?

(a) Upon motion of a party, the ALJ may impose sanctions under paragraph (b) of this section if any party:

(1) Fails to comply with an order approving discovery; or

(2) Fails to supplement or amend a response to discovery under § 1.642(a).

(b) The ALJ may impose one or more of the following sanctions:

(1) Infer that the information, testimony, document, or other evidence withheld would have been adverse to the party;

(2) Order that, for the purposes of the hearing, designated facts are established;

(3) Order that the party not introduce into evidence, or otherwise rely on to support its case, any information, testimony, document, or other evidence:

(i) That the party improperly withheld; or

(ii) That the party obtained from another party in discovery;

(4) Allow another party to use secondary evidence to show what the information, testimony, document, or other evidence withheld would have shown; or

(5) Take other appropriate action to remedy the party's failure to comply.

### § 1.647   What are the requirements for subpoenas and witness fees?

(a) *Request for subpoena.* (1) Except as provided in paragraph (a)(2) of this section, any party may file a motion requesting the ALJ to issue a subpoena to the extent authorized by law for the attendance of a person, the giving of testimony, or the production of documents or other relevant evidence during discovery or for the hearing.

(2) A party may subpoena a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the employee's attendance would not significantly interfere with the ability to perform his or her government duties.

(b) *Service.* (1) A subpoena may be served by any person who is not a party and is 18 years of age or older.

· (2) Service must be made by hand delivering a copy of the subpoena to the person named therein.

(3) The person serving the subpoena must:

(i) Prepare a certificate of service setting forth:

(A) The date, time, and manner of service; or

(B) The reason for any failure of service; and

(ii) Swear to or affirm the certificate, attach it to a copy of the subpoena, and return it to the party on whose behalf the subpoena was served.

(c) *Witness fees.* (1) A party who subpoenas a witness who is not a party must pay him or her the same fees and mileage expenses that are paid witnesses in the district courts of the United States.

(2) A witness who is not a party and who attends a deposition or hearing at the request of any party without having been subpoenaed to do so is entitled to the same fees and mileage expenses as if he or she had been subpoenaed. However, this paragraph does not apply to federal employees who are called as witnesses by the Forest Service or another Department.

(d) *Motion to quash.* (1) A person to whom a subpoena is directed may request by motion that the ALJ quash or modify the subpoena.

(2) The motion must be filed:

(i) Within 5 days after service of the subpoena; or

(ii) At or before the time specified in the subpoena for compliance, if that is less than 5 days after service of the subpoena.

(3) The ALJ may quash or modify the subpoena if it:

(i) Is unreasonable;

(ii) Requires evidence during discovery that is not discoverable; or

(iii) Requires evidence during a hearing that is privileged or irrelevant.

(e) *Enforcement.* For good cause shown, the ALJ may apply to the appropriate United States District Court for the issuance of an order compelling the appearance and testimony of a witness or the production of evidence as set forth in a subpoena that has been duly issued and served.

### Hearing, Briefing, and Decision

### § 1.650   When and where will the hearing be held?

(a) Except as provided in paragraph (b) of this section, the hearing will be held at the time and place set at the initial prehearing conference under § 1.640, generally within 15 days after the date set for completion of discovery.

(b) On motion by a party or on the ALJ's initiative, the ALJ may change the date, time, or place of the hearing if he or she finds:

(1) That there is good cause for the change; and

(2) That the change will not unduly prejudice the parties and witnesses.

### § 1.651   What are the parties' rights during the hearing?

Consistent with the provisions of this subpart, each party has the following rights during the hearing, as necessary to assure full and accurate disclosure of the facts:

(a) To present direct and rebuttal evidence;

(b) To make objections, motions, and arguments; and

(c) To cross-examine witnesses and to conduct re-direct and re-cross examination as permitted by the ALJ.

### § 1.652   What are the requirements for presenting testimony?

(a) *Written direct testimony.* Unless otherwise ordered by the ALJ, all direct hearing testimony must be prepared and submitted in written form.

(1) Prepared written testimony must:

(i) Have line numbers inserted in the left-hand margin of each page;

(ii) Be authenticated by an affidavit or declaration of the witness;

(iii) Be filed within 5 days after the date set for completion of discovery, unless the ALJ sets a different deadline; and

(iv) Be offered as an exhibit during the hearing.

(2) Any witness submitting written testimony must be available for cross-examination at the hearing.

(b) *Oral testimony.* Oral examination of a witness in a hearing, including on cross-examination or redirect, must be conducted under oath and in the presence of the ALJ, with an opportunity for all parties to question the witness.

(c) *Telephonic testimony.* The ALJ may by order allow a witness to testify by telephonic conference call.

(1) The arrangements for the call must let each party listen to and speak to the witness and each other within the hearing of the ALJ.

(2) The ALJ will ensure the full identification of each speaker so the reporter can create a proper record.

(3) The ALJ may issue a subpoena under § 1.647 directing a witness to testify by telephonic conference call.

### § 1.653   How may a party use a deposition in the hearing?

(a) *In general.* Subject to the provisions of this section, a party may use in the hearing any part or all of a deposition taken under § 1.644 against any party who:

(1) Was present or represented at the taking of the deposition; or

(2) Had reasonable notice of the taking of the deposition.

(b) *Admissibility*. (1) No part of a deposition will be included in the hearing record, unless received in evidence by the ALJ.

(2) The ALJ will exclude from evidence any question and response to which an objection:

(i) Was noted at the taking of the deposition; and

(ii) Would have been sustained if the witness had been personally present and testifying at a hearing.

(3) If a party offers only part of a deposition in evidence:

(i) An adverse party may require the party to introduce any other part that ought in fairness to be considered with the part introduced; and

(ii) Any other party may introduce any other parts.

(c) *Videotaped deposition*. If the deposition was recorded on videotape and is admitted into evidence, relevant portions will be played during the hearing and transcribed into the record by the reporter.

### §1.654  What are the requirements for exhibits, official notice, and stipulations?

(a) *General*. (1) Except as provided in paragraphs (b) through (e) of this section, any material offered in evidence, other than oral testimony, must be offered in the form of an exhibit.

(2) Each exhibit offered by a party must be marked for identification.

(3) Any party who seeks to have an exhibit admitted into evidence must provide:

(i) The original of the exhibit to the reporter, unless the ALJ permits the substitution of a copy; and

(ii) A copy of the exhibit to the ALJ.

(b) *Material not offered*. If a document offered as an exhibit contains material not offered as evidence:

(1) The party offering the exhibit must:

(i) Designate the matter offered as evidence;

(ii) Segregate and exclude the material not offered in evidence, to the extent practicable; and

(iii) Provide copies of the entire document to the other parties appearing at the hearing.

(2) The ALJ must give the other parties an opportunity to inspect the entire document and offer in evidence any other portions of the document.

(c) *Official notice*. (1) At the request of any party at the hearing, the ALJ may take official notice of any matter of which the courts of the United States may take judicial notice, including the public records of any Department party.

(2) The ALJ must give the other parties appearing at the hearing an

opportunity to show the contrary of an officially noticed fact.

(3) Any party requesting official notice of a fact after the conclusion of the hearing must show good cause for its failure to request official notice during the hearing.

(d) *Stipulations*. (1) The parties may stipulate to any relevant facts or to the authenticity of any relevant documents.

(2) If received in evidence at the hearing, a stipulation is binding on the stipulating parties.

(3) A stipulation may be written or made orally at the hearing.

### §1.655  What evidence is admissible at the hearing?

(a) *General*. (1) Subject to the provisions of §1.642(b), the ALJ may admit any written, oral, documentary, or demonstrative evidence that is:

(i) Relevant, reliable, and probative; and

(ii) Not privileged or unduly repetitious or cumulative.

(2) The ALJ may exclude evidence if its probative value is substantially outweighed by the risk of undue prejudice, confusion of the issues, or delay.

(3) Hearsay evidence is admissible. The ALJ may consider the fact that evidence is hearsay when determining its probative value.

(4) The Federal Rules of Evidence do not directly apply to the hearing, but may be used as guidance by the ALJ and the parties in interpreting and applying the provisions of this section.

(b) *Objections*. Any party objecting to the admission or exclusion of evidence shall concisely state the grounds. A ruling on every objection must appear in the record.

### §1.656  What are the requirements for transcription of the hearing?

(a) *Transcript and reporter's fees*. The hearing will be transcribed verbatim.

(1) The Forest Service will secure the services of a reporter and pay the reporter's fees to provide an original transcript to the Forest Service on an expedited basis.

(2) Each party must pay the reporter for any copies of the transcript obtained by that party.

(b) *Transcript Corrections*. (1) Any party may file a motion proposing corrections to the transcript. The motion must be filed within 5 days after receipt of the transcript, unless the ALJ sets a different deadline.

(2) Unless a party files a timely motion under paragraph (b)(1) of this section, the transcript will be presumed to be correct and complete, except for obvious typographical errors.

(3) As soon as practicable after the close of the hearing and after consideration of any motions filed under paragraph (b)(1) of this section, the ALJ will issue an order making any corrections to the transcript that the ALJ finds are warranted.

### §1.657  What is the standard of proof?

The standard of proof is a preponderance of the evidence.

### §1.658  When will the hearing record close?

(a) The hearing record will close when the ALJ closes the hearing, unless he or she directs otherwise.

(b) Evidence may not be added after the hearing record is closed, but the transcript may be corrected under §1.656 (b).

### §1.659  What are the requirements for post-hearing briefs?

(a) *General*. (1) Each party may file a post-hearing brief within 10 days after the close of the hearing, unless the ALJ sets a different deadline.

(2) A party may file a reply brief only if requested by the ALJ. The deadline for filing a reply brief, if any, will be set by the ALJ.

(3) The ALJ may limit the length of the briefs to be filed under this section.

(b) *Content*. (1) An initial brief must include:

(i) A concise statement of the case;

(ii) A separate section containing proposed findings regarding the issues of material fact, with supporting citations to the hearing record;

(iii) Arguments in support of the party's position; and

(iv) Any other matter required by the ALJ.

(2) A reply brief, if requested by the ALJ, must be limited to any issues identified by the ALJ.

(c) *Form*. (1) An exhibit admitted in evidence or marked for identification in the record may not be reproduced in the brief.

(i) Such an exhibit may be reproduced, within reasonable limits, in an appendix to the brief.

(ii) Any pertinent analysis of an exhibit may be included in a brief.

(2) If a brief exceeds 20 pages, it must contain:

(i) A table of contents and of points made, with page references; and

(ii) An alphabetical list of citations to legal authority, with page references.

### §1.660  What are the requirements for the ALJ's decision?

(a) *Timing*. The ALJ must issue a decision within the shorter of the following time periods:

(1) 30 days after the close of the hearing under §1.658; or

(2) 90 days after issuance of the referral notice under § 1.625(c), 43 CFR 45.25(c), or 50 CFR 221.25(c).

(b) *Content.* (1) The decision must contain:

(i) Findings of fact on all disputed issues of material fact;

(ii) Conclusions of law necessary to make the findings of fact (such as rulings on materiality and on the admissibility of evidence); and

(iii) Reasons for the findings and conclusions.

(2) The ALJ may adopt any of the findings of fact proposed by one or more of the parties.

(3) The decision will not contain conclusions as to whether any preliminary condition or prescription should be adopted, modified, or rejected, or whether any proposed alternative should be adopted or rejected.

(c) *Service.* Promptly after issuing his or her decision, the ALJ must:

(1) Serve the decision on each party to the hearing; and

(2) Forward a copy of the decision to FERC, along with the complete hearing record, for inclusion in the license proceeding record.

(d) *Finality.* The ALJ's decision under this section will be final, with respect to the disputed issues of material fact, for any Department involved in the hearing. To the extent the ALJ's decision forms the basis for any condition or prescription subsequently included in the license, it may be subject to judicial review under 16 U.S.C. 825*l*(b).

## Alternatives Process

**§ 1.670    How must documents be filed and served under §§ 1.670 through 1.673?**

(a) *Filing.* (1) For the alternatives process, documents must be filed using one of the methods set forth in § 1.612(b).

(2) A document is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(b) *Service.* (1) Any document filed under this section must be served at the same time the document is delivered or sent for filing. A complete copy of the document must be served on each license party and FERC, using:

(i) One of the methods of service in § 1.613(c); or

(ii) Regular mail.

(2) The provisions of § 1.613 (d) and (e) regarding acknowledgment and certificate of service apply to service under this section.

**§ 1.671    How do I propose an alternative?**

(a) *General.* To propose an alternative, you must:

(1) Be a license party; and

(2) File a written proposal with NFS within 30 days after the deadline for the Forest Service to file preliminary conditions with FERC.

(b) *Content.* Your proposal must include:

(1) A description of the alternative, in an equivalent level of detail to the Forest Service's preliminary condition;

(2) An explanation of how the alternative will provide for the adequate protection and utilization of the reservation;

(3) An explanation of how the alternative, as compared to the preliminary condition, will:

(i) Cost significantly less to implement; or

(ii) Result in improved operation of the project works for electricity production;

(4) An explanation of how the alternative will affect:

(i) Energy supply, distribution, cost, and use;

(ii) Flood control;

(iii) Navigation;

(iv) Water supply;

(v) Air quality; and

(vi) Other aspects of environmental quality; and

(5) Specific citations to any scientific studies, literature, and other documented information relied on to support your proposal, including any assumptions you are making (e.g., regarding the cost of energy or the rate of inflation). If any such document is not already in the license proceeding record, you must provide a copy with the proposal.

**§ 1.672    What will the Forest Service do with a proposed alternative?**

If any license party proposes an alternative to a preliminary condition under § 1.671(a)(1), the Forest Service must do the following within 60 days after the deadline for filing comments to FERC's NEPA document under 18 CFR 5.25(c):

(a) Analyze the alternative under § 1.673; and

(b) File with FERC:

(1) Any condition that the Forest Service adopts as its modified condition; and

(2) Its analysis of the modified condition and any proposed alternatives under § 1.673(c).

**§ 1.673    How will the Forest Service analyze a proposed alternative and formulate its modified condition?**

(a) In deciding whether to adopt a proposed alternative, the Forest Service

must consider evidence and supporting material provided by any license party or otherwise available to the Forest Service, including:

(1) Any evidence on the implementation costs or operational impacts for electricity production of the proposed alternative;

(2) Any comments received on the Forest Service's preliminary condition;

(3) Any ALJ decision on disputed issues of material fact issued under § 1.660 with respect to the preliminary condition;

(4) Comments received on any draft or final NEPA documents; and

(5) The license party's proposal under § 1.671.

(b) The Forest Service must adopt a proposed alternative if the Forest Service determines, based on substantial evidence provided by any license party or otherwise available to the Forest Service, that the alternative:

(1) Will, as compared to the Forest Service's preliminary condition:

(i) Cost significantly less to implement; or

(ii) Result in improved operation of the project works for electricity production; and

(2) Will provide for the adequate protection and utilization of the reservation.

(c) When the Forest Service files with FERC the condition that the Forest Service adopts as its modified condition under §§ 1.672(b), it must also file:

(1) A written statement explaining:

(i) The basis for the adopted condition; and

(ii) If the Forest Service is not adopting any alternative, its reasons for not doing so; and

(2) Any study, data, and other factual information relied on that is not already part of the licensing proceeding record.

(d) The written statement under paragraph (c)(1) of this section must demonstrate that the Forest Service gave equal consideration to the effects of the condition adopted and any alternative not adopted on:

(1) Energy supply, distribution, cost, and use;

(2) Flood control;

(3) Navigation;

(4) Water supply;

(5) Air quality; and

(6) Preservation of other aspects of environmental quality.

**§ 1.674    Has OMB approved the information collection provisions of §§ 1.670 through 1.673?**

Yes. This rule contains provisions that would collect information from the public. It therefore requires approval by the Office of Management and Budget

(OMB) under the Paperwork Reduction Act of 1995, 44 U.S.C. 3501 et seq. (PRA). According to the PRA, a Federal agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number that indicates OMB approval. OMB has reviewed the information collection in this rule and approved it under OMB control number 1094–0001.

**Department of the Interior**

*43 CFR Subtitle A*

■ 2. The Department of the Interior adds part 45, title 43, to read as follows:

## PART 45—CONDITIONS AND PRESCRIPTIONS IN FERC HYDROPOWER LICENSES

### Subpart A—General Provisions

Sec.
45.1   What is the purpose of this part, and to what license proceedings does it apply?
45.2   What terms are used in this part?
45.3   How are time periods computed?
45.4   What deadlines apply to pending applications?

### Subpart B—Hearing Process

**Representatives**

45.10   Who may represent a party, and what requirements apply to a representative?

**Document Filing and Service**

45.11   What are the form and content requirements for documents under this subpart?
45.12   Where and how must documents be filed?
45.13   What are the requirements for service of documents?

**Initiation of Hearing Process**

45.20   What supporting information must a bureau provide with its preliminary conditions or prescriptions?
45.21   How do I request a hearing?
45.22   How do I file a notice of intervention and response?
45.23   When will hearing requests be consolidated?
45.24   How will the bureau respond to any hearing requests?
45.25   What will DOI do with any hearing requests?
45.26   What regulations apply to a case referred for a hearing?

**General Provisions Related to Hearings**

45.30   What will the Hearings Division do with a case referral?
45.31   What are the powers of the ALJ?
45.32   What happens if the ALJ becomes unavailable?
45.33   Under what circumstances may the ALJ be disqualified?
45.34   What is the law governing ex parte communications?
45.35   What are the requirements for motions?

**Prehearing Conferences and Discovery**

45.40   What are the requirements for prehearing conferences?
45.41   How may parties obtain discovery of information needed for the case?
45.42   When must a party supplement or amend information it has previously provided?
45.43   What are the requirements for written interrogatories?
45.44   What are the requirements for depositions?
45.45   What are the requirements for requests for documents or tangible things or entry on land?
45.46   What sanctions may the ALJ impose for failure to comply with discovery?
45.47   What are the requirements for subpoenas and witness fees?

**Hearing, Briefing, and Decision**

45.50   When and where will the hearing be held?
45.51   What are the parties' rights during the hearing?
45.52   What are the requirements for presenting testimony?
45.53   How may a party use a deposition in the hearing?
45.54   What are the requirements for exhibits, official notice, and stipulations?
45.55   What evidence is admissible at the hearing?
45.56   What are the requirements for transcription of the hearing?
45.57   What is the standard of proof?
45.58   When will the hearing record close?
45.59   What are the requirements for post-hearing briefs?
45.60   What are the requirements for the ALJ's decision?

### Subpart C—Alternatives Process

45.70   How must documents be filed and served under this subpart?
45.71   How do I propose an alternative?
45.72   What will the bureau do with a proposed alternative?
45.73   How will the bureau analyze a proposed alternative and formulate its modified condition or prescription?
45.74   Has OMB approved the information collection provisions of this subpart?

**Authority:** 16 U.S.C. 797(e), 811, 823d.

### Subpart A—General Provisions

**§ 45.1   What is the purpose of this part, and to what license proceedings does it apply?**

(a) *Hearing process.* (1) The regulations in subparts A and B of this part contain rules of practice and procedure applicable to hearings on disputed issues of material fact with respect to mandatory conditions and prescriptions that the Department of the Interior (DOI) may develop for inclusion in a hydropower license issued under subchapter I of the Federal Power Act (FPA), 16 U.S.C. 791 et seq. The authority to develop these conditions and prescriptions is granted by FPA sections 4(e) and 18, 16 U.S.C. 797(e) and 811, which authorize the Secretary

of the Interior to condition hydropower licenses issued by the Federal Energy Regulatory Commission (FERC) and to prescribe fishways.

(2) The hearing process under this part does not apply to recommendations that DOI may submit to FERC under FPA section 10(a) or (j), 16 U.S.C. 803(a), (j).

(3) The FPA also grants the Department of Agriculture the authority to develop mandatory conditions, and the Department of Commerce the authority to develop mandatory prescriptions, for inclusion in a hydropower license. Where DOI and either or both of these other Departments develop conditions or prescriptions to be included in the same hydropower license and where the Departments agree to consolidate the hearings under § 45.23:

(i) A hearing conducted under this part will also address disputed issues of material fact with respect to any condition or prescription developed by one of the other Departments; or

(ii) A hearing requested under this part will be conducted by one of the other Departments, pursuant to 7 CFR 1.601 et seq. or 50 CFR 221.1 et seq., as applicable.

(4) The regulations in subparts A and B of this part will be construed and applied to each hearing process to achieve a just and speedy determination, consistent with adequate consideration of the issues involved and the provisions of § 45.60(a).

(b) *Alternatives process.* The regulations in subparts A and C of this part contain rules of procedure applicable to the submission and consideration of alternative conditions and prescriptions under FPA section 33, 16 U.S.C. 823d. That section allows any party to the license proceeding to propose an alternative to a condition deemed necessary by DOI under section 4(e) or a fishway prescribed by DOI under section 18.

(c) *Reservation of authority.* Where DOI notifies FERC that it is reserving its authority to develop one or more conditions or prescriptions during the term of the license, the hearing and alternatives processes under this part for such conditions or prescriptions will be available if and when DOI exercises its reserved authority. DOI will consult with FERC and notify the license parties regarding how to initiate the hearing process and alternatives process at that time.

(d) *Applicability.* (1) This part applies to any hydropower license proceeding for which the license has not been issued as of November 17, 2005 and for which one or more preliminary

conditions, conditions, preliminary prescriptions, or prescriptions have been or are filed with FERC.

(2) If DOI has already filed one or more preliminary conditions, conditions, preliminary prescriptions, or prescriptions as of November 17, 2005, the special applicability provisions of § 45.4 also apply.

### § 45.2 What terms are used in this part?

As used in this part:

*ALJ* means an administrative law judge appointed under 5 U.S.C. 3105 and assigned to preside over the hearing process under subpart B of this part.

*Alternative* means a condition or prescription that a license party other than a bureau or Department develops as an alternative to a preliminary condition or prescription from a bureau or Department, under FPA sec. 33, 16 U.S.C. 823d.

*Bureau* means any of the following organizations within DOI that develops a preliminary condition or prescription: the Bureau of Indian Affairs, Bureau of Land Management, Bureau of Reclamation, Fish and Wildlife Service, or National Park Service.

*Condition* means a condition under FPA sec. 4(e), 16 U.S.C. 797(e), for the adequate protection and utilization of a reservation.

*Day* means a calendar day.

*Department* means the Department of Agriculture, Department of Commerce, or Department of the Interior.

*Discovery* means a prehearing process for obtaining facts or information to assist a party in preparing or presenting its case.

*DOI* means the Department of the Interior, including any bureau, unit, or office of the Department, whether in Washington, DC, or in the field.

*Ex parte communication* means an oral or written communication to the ALJ that is made without providing all parties reasonable notice and an opportunity to participate.

*FERC* means the Federal Energy Regulatory Commission.

*FPA* means the Federal Power Act, 16 U.S.C. 791 *et seq.*

*Hearings Division* means the Departmental Cases Hearings Division, Office of Hearings and Appeals, Department of the Interior, 139 E. South Temple, Suite 600, Salt Lake City, Utah 84111, telephone 801–524–5344, facsimile number 801–524–5539.

*Intervention* means a process by which a person who did not request a hearing under § 45.21 can participate as a party to the hearing under § 45.22.

*License party* means a party to the license proceeding, as that term is defined at 18 CFR 385.102(c).

*License proceeding* means a proceeding before FERC for issuance of a license for a hydroelectric facility under 18 CFR parts 4 or 5.

*Material fact* means a fact that, if proved, may affect a Department's decision whether to affirm, modify, or withdraw any condition or prescription.

*NEPA document* means an environmental assessment or environmental impact statement issued to comply with the requirements of the National Environmental Policy Act of 1969, 42 U.S.C. 4321 *et seq.*

*OEPC* means the Office of Environmental Policy and Compliance, Department of the Interior, 1849 C Street, NW., Mail Stop 2342, Washington, DC 20240, telephone 202–208–3891, facsimile number 202–208–6970.

*Party* means, with respect to DOI's hearing process under subpart B of this part:

(1) A license party that has filed a timely request for a hearing under:

(i) Section 45.21; or

(ii) Either 7 CFR 1.621 or 50 CFR 221.21, with respect to a hearing process consolidated under § 45.23;

(2) A license party that has filed a timely notice of intervention and response under:

(i) Section 45.22; or

(ii) Either 7 CFR 1.622 or 50 CFR 221.22, with respect to a hearing process consolidated under § 45.23;

(3) Any bureau that has filed a preliminary condition or prescription; and

(4) Any other Department that has filed a preliminary condition or prescription, with respect to a hearing process consolidated under § 45.23.

*Person* means an individual; a partnership, corporation, association, or other legal entity; an unincorporated organization; and any federal, state, tribal, county, district, territorial, or local government or agency.

*Preliminary condition or prescription* means a preliminary condition or prescription filed by a Department with FERC under 18 CFR 4.34(b), 4.34(i), or 5.22(a) for potential inclusion in a hydropower license.

*Prescription* means a fishway prescribed under FPA sec. 18, 16 U.S.C. 811, to provide for the safe, timely, and effective passage of fish.

*Representative* means a person who:

(1) Is authorized by a party to represent the party in a hearing process under this subpart; and

(2) Has filed an appearance under § 45.10.

*Reservation* has the same meaning as the term "reservations" in FPA sec. 3(2), 16 U.S.C. 796(2).

*Secretary* means the Secretary of the Interior or his or her designee.

*Senior Department employee* has the same meaning as the term "senior employee" in 5 CFR 2637.211(a).

*You* refers to a party other than a Department.

### § 45.3 How are time periods computed?

(a) *General.* Time periods are computed as follows:

(1) The day of the act or event from which the period begins to run is not included.

(2) The last day of the period is included.

(i) If that day is a Saturday, Sunday, or federal holiday, the period is extended to the next business day.

(ii) The last day of the period ends at 5 p.m. at the place where the filing or other action is due.

(3) If the period is less than 7 days, any Saturday, Sunday, or federal holiday that falls within the period is not included.

(b) *Extensions of time.* (1) No extension of time can be granted to file a request for a hearing under § 45.21, a notice of intervention and response under § 45.22, an answer under § 45.24, or any document under subpart C of this part.

(2) An extension of time to file any other document under subpart B of this part may be granted only upon a showing of good cause.

(i) To request an extension of time, a party must file a motion under § 45.35 stating how much additional time is needed and the reasons for the request.

(ii) The party must file the motion before the applicable time period expires, unless the party demonstrates extraordinary circumstances that justify a delay in filing.

(iii) The ALJ may grant the extension only if:

(A) It would not unduly prejudice other parties; and

(B) It would not delay the decision under § 45.60.

### § 45.4 What deadlines apply to pending applications?

(a) *Applicability.* (1) This section applies to any case in which a bureau has filed a preliminary condition, condition, preliminary prescription, or prescription with FERC before November 17, 2005 and FERC has not issued a license as of that date.

(2) The deadlines in this section will apply in such a case, in lieu of any inconsistent deadline in other sections of this part.

(b) *Hearing process.* (1) Any request for a hearing under § 45.21 must be filed with OEPC by December 19, 2005.

(2) Any notice of intervention and response under § 45.22 must be filed by January 3, 2006.

(3) Upon receipt of a hearing request under paragraph (b)(1) of this section, the bureau must do the following by March 17, 2006:

(i) Comply with the requirements of § 45.23;

(ii) Determine jointly with any other bureau or Department that has received a hearing request, after consultation with FERC, a time frame for the hearing process and a corresponding deadline for the bureau to file an answer under § 45.24; and

(iii) Issue a notice to each party specifying the time frame for the hearing process, including the deadline for the bureau to file an answer.

(c) *Alternatives process.* (1) Any alternative under § 45.71 must be filed with OEPC by December 19, 2005.

(2) Upon receipt of an alternative under paragraph (c)(1) of this section, if no hearing request is filed under paragraph (b)(1) of this section, the bureau must do the following by February 15, 2006:

(i) Determine jointly with any other bureau or Department that has received a related alternative, after consultation with FERC, a time frame for the filing of a modified condition or prescription under § 45.72(b); and

(ii) Issue a notice to the license party that has submitted the alternative, specifying the time frame for the filing of a modified condition or prescription.

(3) Upon receipt of an alternative under paragraph (c)(1) of this section, if a hearing request is also filed under paragraph (b)(1) of this section, the bureau will follow the provisions of paragraph (b)(3) of this section.

## Subpart B—Hearing Process

### Representatives

**§ 45.10   Who may represent a party, and what requirements apply to a representative?**

(a) *Individuals.* A party who is an individual may either represent himself or herself in the hearing process under this subpart or authorize an attorney to represent him or her.

(b) *Organizations.* A party that is an organization or other entity may authorize one of the following to represent it:

(1) An attorney;

(2) A partner, if the entity is a partnership;

(3) An officer or full-time employee, if the entity is a corporation, association, or unincorporated organization;

(4) A receiver, administrator, executor, or similar fiduciary, if the entity is a receivership, trust, or estate; or

(5) An elected or appointed official or an employee, if the entity is a federal, state, tribal, county, district, territorial, or local government or component.

(c) *Appearance.* A representative must file a notice of appearance. The notice must:

(1) Meet the form and content requirements for documents under § 45.11;

(2) Include the name and address of the person on whose behalf the appearance is made;

(3) If the representative is an attorney, include a statement that he or she is a member in good standing of the bar of the highest court of a state, the District of Columbia, or any territory or commonwealth of the United States (identifying which one); and

(4) If the representative is not an attorney, include a statement explaining his or her authority to represent the entity.

(d) *Disqualification.* The ALJ may disqualify any representative for misconduct or other good cause.

### Document Filing and Service

**§ 45.11   What are the form and content requirements for documents under this subpart?**

(a) *Form.* Each document filed in a case under this subpart must:

(1) Measure 8½ by 11 inches, except that a table, chart, diagram, or other attachment may be larger if folded to 8½ by 11 inches and attached to the document;

(2) Be printed on just one side of the page;

(3) Be clearly typewritten, printed, or otherwise reproduced by a process that yields legible and permanent copies;

(4) Use 10 point font size or larger;

(5) Be double-spaced except for footnotes and long quotations, which may be single-spaced;

(6) Have margins of at least 1 inch; and

(7) Be bound on the left side, if bound.

(b) *Caption.* Each document filed under this subpart must begin with a caption that sets forth:

(1) The name of the case under this subpart and the docket number, if one has been assigned;

(2) The name and docket number of the license proceeding to which the case under this subpart relates; and

(3) A descriptive title for the document, indicating the party for whom it is filed and the nature of the document.

(c) *Signature.* The original of each document filed under this subpart must be signed by the representative of the person for whom the document is filed. The signature constitutes a certification by the representative that he or she has read the document; that to the best of his or her knowledge, information, and belief, the statements made in the document are true; and that the document is not being filed for the purpose of causing delay.

(d) *Contact information.* Below the representative's signature, the document must provide the representative's name, mailing address, street address (if different), telephone number, facsimile number (if any), and electronic mail address (if any).

**§ 45.12   Where and how must documents be filed?**

(a) *Place of filing.* Any documents relating to a case under this subpart must be filed with the appropriate office, as follows:

(1) Before OEPC refers a case for docketing under § 45.25, any documents must be filed with OEPC. OEPC's address, telephone number, and facsimile number are set forth in § 45.2.

(2) OEPC will notify the parties of the date on which it refers a case for docketing under § 45.25. After that date, any documents must be filed with:

(i) The Hearings Division, if DOI will be conducting the hearing. The Hearings Division's address, telephone number, and facsimile number are set forth in § 45.2; or

(ii) The hearings component of or used by another Department, if that Department will be conducting the hearing under § 45.25. The name, address, telephone number, and facsimile number of the appropriate hearings component will be provided in the referral notice from OEPC.

(b) *Method of filing.* (1) A document must be filed with the appropriate office under paragraph (a) of this section using one of the following methods:

(i) By hand delivery of the original document;

(ii) By sending the original document by express mail or courier service for delivery on the next business day; or

(iii) By sending the document by facsimile if:

(A) The document is 20 pages or less, including all attachments;

(B) The sending facsimile machine confirms that the transmission was successful; and

(C) The original of the document is sent by regular mail on the same day.

(2) Parties are encouraged, but not required, to supplement any filing by providing the appropriate office with an

electronic copy of the document on diskette or compact disc.

(c) *Date of filing.* A document under this subpart is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(d) *Nonconforming documents.* If any document submitted for filing under this subpart does not comply with the requirements of this subpart or any applicable order, it may be rejected. If the defect is minor, the party may be notified of the defect and given a chance to correct it.

**§45.13    What are the requirements for service of documents?**

(a) *Filed documents.* Any document related to a case under this subpart must be served at the same time the document is delivered or sent for filing. Copies must be served as follows:

(1) A complete copy of any request for a hearing under § 45.21 must be served on FERC and each license party, using one of the methods of service in paragraph (c) of this section.

(2) A complete copy of any notice of intervention and response under § 45.22 must be:

(i) Served on FERC, the license applicant, any person who has filed a request for hearing under § 45.21, and any bureau, using one of the methods of service in paragraph (c) of this section; and

(ii) Sent to any other license party using regular mail.

(3) A complete copy of any other filed document must be served on each party, using one of the methods of service in paragraph (c) of this section.

(b) *Documents issued by the Hearings Division or ALJ.* A complete copy of any notice, order, decision, or other document issued by the Hearings Division or the ALJ under this subpart must be served on each party, using one of the methods of service in paragraph (c) of this section.

(c) *Method of service.* Service must be accomplished by one of the following methods:

(1) By hand delivery of the document;

(2) By sending the document by express mail or courier service for delivery on the next business day; or

(3) By sending the document by facsimile if:

(i) The document is 20 pages or less, including all attachments;

(ii) The sending facsimile machine confirms that the transmission was successful; and

(iii) The document is sent by regular mail on the same day.

(d) *Certificate of service.* A certificate of service must be attached to each document filed under this subpart. The certificate must be signed by the party's representative and include the following information:

(1) The name, address, and other contact information of each party's representative on whom the document was served;

(2) The means of service, including information indicating compliance with paragraph (c)(3) or (c)(4) of this section, if applicable; and

(3) The date of service.

**Initiation of Hearing Process**

**§45.20    What supporting information must a bureau provide with its preliminary conditions or prescriptions?**

(a) *Supporting information.* (1) When any bureau files a preliminary condition or prescription with FERC, it must include a rationale for the condition or prescription and an index to the bureau's administrative record that identifies all documents relied upon.

(2) If any of the documents relied upon are not already in the license proceeding record, the bureau must:

(i) File them with FERC at the time it files the preliminary condition or prescription;

(ii) Provide copies to the license applicant; and

(iii) In the case of a condition developed by the Bureau of Indian Affairs, provide copies to the affected tribe.

(b) *Service.* In addition to serving a copy of its preliminary condition or prescription on each license party, the bureau must provide a copy to OEPC if and when a request for a hearing is filed with respect to the preliminary condition or prescription.

**§45.21    How do I request a hearing?**

(a) *General.* To request a hearing on disputed issues of material fact with respect to any condition or prescription filed by a bureau, you must:

(1) Be a license party; and

(2) File with OEPC a written request for a hearing within 30 days after the deadline for the Departments to file preliminary conditions or prescriptions with FERC.

(b) *Content.* Your hearing request must contain:

(1) A numbered list of the factual issues that you allege are in dispute, each stated in a single, concise sentence; and

(2) The following information with respect to each issue:

(i) The specific factual statements made or relied upon by the bureau under § 45.20(a) that you dispute;

(ii) The basis for your opinion that those factual statements are unfounded or erroneous;

(iii) The basis for your opinion that any factual dispute is material; and

(iv) With respect to any scientific studies, literature, and other documented information supporting your opinions under paragraphs (b)(2)(ii) and (b)(2)(iii) of this section, specific citations to the information relied upon. If any such document is not already in the license proceeding record, you must provide a copy with the request.

(c) *Witnesses and exhibits.* Your hearing request must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b)(2) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

**§45.22    How do I file a notice of intervention and response?**

(a) *General.* (1) To intervene as a party to the hearing process, you must:

(i) Be a license party; and

(ii) File with OEPC a notice of intervention and a written response to any request for a hearing within 15 days after the date of service of the request for a hearing.

(2) A license party filing a notice of intervention and response may not raise issues of material fact beyond those raised in the hearing request.

(b) *Content.* In your notice of intervention and response you must explain your position with respect to the issues of material fact raised in the hearing request under § 45.21(b).

(1) If you agree with the information provided by the bureau under § 45.20(a) or by the requester under § 45.21(b), your response may refer to the bureau's explanation or the requester's hearing request for support.

(2) If you wish to rely on additional information or analysis, your response must provide the same level of detail with respect to the additional information or analysis as required under § 45.21(b).

(c) *Witnesses and exhibits.* Your response and notice must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony; and

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

### § 45.23  When will hearing requests be consolidated?

(a) *Initial Department coordination.* Any bureau that has received a copy of a hearing request must contact the other bureaus and Departments within 10 days after the deadline for filing hearing requests under § 45.21 and determine:

(1) Whether any of the other bureaus or Departments has also filed a preliminary condition or prescription relating to the license with FERC; and

(2) If so, whether the other bureau or Department has also received a hearing request with respect to the preliminary condition or prescription.

(b) *Decision on consolidation.* Within 25 days after the deadline for filing hearing requests under § 45.21, any bureau or Department that has received a hearing request must:

(1) Consult with any other bureau or Department that has also received a hearing request; and

(2) Decide jointly with the other bureau or Department:

(i) Whether to consolidate the cases for hearing under paragraphs (c)(3)(ii) through (c)(3)(iv) of this section; and

(ii) If so, which Department will conduct the hearing on their behalf.

(c) *Criteria.* Cases will or may be consolidated as follows:

(1) All hearing requests with respect to any conditions from the same Department will be consolidated for hearing.

(2) All hearing requests with respect to any prescriptions from the same Department will be consolidated for hearing.

(3) Any or all of the following may be consolidated for hearing, if the bureaus and Departments involved determine that there are common issues of material fact or that consolidation is otherwise appropriate:

(i) Two or more hearing requests with respect to any condition and any prescription from the same Department;

(ii) Two or more hearing requests with respect to conditions from different Departments;

(iii) Two or more hearing requests with respect to prescriptions from different Departments; or

(iv) Two or more hearing requests with respect to any condition from one Department and any prescription from another Department.

### § 45.24  How will the bureau respond to any hearing requests?

(a) *General.* Within 45 days after the deadline in § 45.21(a)(2), the bureau may file with OEPC an answer to any hearing request under § 45.21.

(b) *Content.* If the bureau files an answer:

(1) For each of the numbered factual issues listed under § 45.21(b)(1), the answer must explain the bureau's position with respect to the issues of material fact raised by the requester, including one or more of the following statements as appropriate:

(i) That the bureau is willing to stipulate to the facts as alleged by the requester;

(ii) That the bureau believes the issue listed by the requester is not a factual issue, explaining the basis for such belief;

(iii) That the bureau believes the issue listed by the requester is not material, explaining the basis for such belief; or

(iv) That the bureau agrees that the issue is factual, material, and in dispute.

(2) The answer must also indicate whether the hearing request will be consolidated with one or more other hearing requests under § 45.23 and, if so:

(i) Identify any other hearing request that will be consolidated with this hearing request; and

(ii) State which Department will conduct the hearing and provide contact information for the appropriate Department hearings component.

(c) *Witnesses and exhibits.* The bureau's answer must also list the witnesses and exhibits that it intends to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, the bureau must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, the bureau must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided

under paragraph (b)(1) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

(e) *Notice in lieu of answer.* If the bureau elects not to file an answer to a hearing request:

(1) The bureau is deemed to agree that the issues listed by the requester are factual, material, and in dispute;

(2) The bureau may file a list of witnesses and exhibits with respect to the request only as provided in § 45.42(b); and

(3) The bureau must file a notice containing the information required by paragraph (b)(2) of this section, if the hearing request will be consolidated with one or more other hearing requests under § 45.23.

### § 45.25  What will DOI do with any hearing requests?

(a) *Case referral.* Within 5 days after receipt of the bureau's answer, OEPC will refer the case for a hearing as follows:

(1) If the hearing is to be conducted by DOI, OEPC will refer the case to the Hearings Division.

(2) If the hearing is to be conducted by another Department, OEPC will refer the case to the hearings component used by that Department.

(b) *Content.* The case referral will consist of the following:

(1) A copy of any preliminary condition or prescription under § 45.20;

(2) The original of any hearing request under § 45.21;

(3) The original of any notice of intervention and response under § 45.22;

(4) The original of any answer under § 45.24; and

(5) An original referral notice under paragraph (c) of this section.

(c) *Notice.* At the time OEPC refers the case for a hearing, it must provide a referral notice that contains the following information:

(1) The name, address, telephone number, and facsimile number of the Department hearings component that will conduct the hearing;

(2) The name, address, and other contact information for the representative of each party to the hearing process;

(3) An identification of any other hearing request that will be consolidated with this hearing request; and

(4) The date on which OEPC is referring the case for docketing.

(d) *Delivery and service.* (1) OEPC must refer the case to the appropriate Department hearings component by one

of the methods identified in § 45.12(b)(1)(i) and (b)(1)(ii).

(2) OEPC must serve a copy of the referral notice on FERC and each party to the hearing by one of the methods identified in § 45.13(c)(1) and (c)(2).

### § 45.26   What regulations apply to a case referred for a hearing?

(a) If OEPC refers the case to the Hearings Division, the regulations in this subpart will continue to apply to the hearing process.

(b) If OEPC refers the case to the United States Department of Agriculture's Office of Administrative Law Judges, the regulations at 7 CFR 1.601 *et seq.* will apply from that point on.

(c) If OEPC refers the case to the Department of Commerce's designated ALJ office, the regulations at 50 CFR 221.1 *et seq.* will apply from that point on.

### General Provisions Related to Hearings

### § 45.30   What will the Hearings Division do with a case referral?

Within 5 days after issuance of the referral notice under § 45.25(c), 7 CFR 1.625(c), or 50 CFR 221.25(c):

(a) The Hearings Division must:

(1) Docket the case;

(2) Assign an ALJ to preside over the hearing process and issue a decision; and

(3) Issue a docketing notice that informs the parties of the docket number and the ALJ assigned to the case; and

(b) The ALJ must issue a notice setting the time, place, and method for conducting an initial prehearing conference under § 45.40. This notice may be combined with the docketing notice under paragraph (a)(3) of this section.

### § 45.31   What are the powers of the ALJ?

The ALJ will have all powers necessary to conduct a fair, orderly, expeditious, and impartial hearing process, consistent with the requirements of § 45.60(a), including the powers to:

(a) Administer oaths and affirmations;

(b) Issue subpoenas to the extent authorized by law;

(c) Rule on motions;

(d) Authorize discovery as provided for in this subpart;

(e) Hold hearings and conferences;

(f) Regulate the course of hearings;

(g) Call and question witnesses;

(h) Exclude any person from a hearing or conference for misconduct or other good cause;

(i) Issue a decision consistent with § 45.60(b) regarding any disputed issues

of material fact relating to any bureau's or other Department's condition or prescription that has been referred to the ALJ for hearing; and

(j) Take any other action authorized by law.

### § 45.32   What happens if the ALJ becomes unavailable?

(a) If the ALJ becomes unavailable or otherwise unable to perform the duties described in § 45.31, the Hearings Division shall designate a successor.

(b) If a hearing has commenced and the ALJ cannot proceed with it, a successor ALJ may do so. At the request of a party, the successor ALJ may recall any witness whose testimony is material and disputed, and who is available to testify again without undue burden. The successor ALJ may, within his or her discretion, recall any other witness.

### § 45.33   Under what circumstances may the ALJ be disqualified?

(a) The ALJ may withdraw from a case at any time the ALJ deems himself or herself disqualified.

(b) At any time before issuance of the ALJ's decision, any party may move that the ALJ disqualify himself or herself for personal bias or other valid cause.

(1) The party must file the motion promptly after discovering facts or other reasons allegedly constituting cause for disqualification.

(2) The party must file with the motion an affidavit or declaration setting forth the facts or other reasons in detail.

(c) The ALJ must rule upon the motion, stating the grounds for the ruling.

(1) If the ALJ concludes that the motion is timely and meritorious, he or she must disqualify himself or herself and withdraw from the case.

(2) If the ALJ does not disqualify himself or herself and withdraw from the case, the ALJ must continue with the hearing process and issue a decision.

### § 45.34   What is the law governing ex parte communications?

(a) Ex parte communications with the ALJ or his or her staff are prohibited in accordance with 5 U.S.C. 554(d).

(b) This section does not prohibit ex parte inquiries concerning case status or procedural requirements, unless the inquiry involves an area of controversy in the hearing process.

### § 45.35   What are the requirements for motions?

(a) *General.* Any party may apply for an order or ruling on the hearing process by presenting a motion to the ALJ. A motion may be presented any time after the Hearings

Division issues a docketing notice under § 45.30.

(1) A motion made at a hearing may be stated orally on the record, unless the ALJ directs that it be reduced to writing.

(2) Any other motion must:

(i) Be in writing;

(ii) Comply with the requirements of this subpart with respect to form, content, filing, and service; and

(iii) Not exceed 10 pages.

(b) *Content.* (1) Each motion must state clearly and concisely:

(i) Its purpose and the relief sought;

(ii) The facts constituting the grounds for the relief sought; and

(iii) Any applicable statutory or regulatory authority.

(2) A proposed order must accompany the motion.

(c) *Response.* Except as otherwise required by this part or by order of the ALJ, any other party may file a response to a written motion within 10 days after service of the motion. When a party presents a motion at a hearing, any other party may present a response orally on the record.

(d) *Reply.* Unless the ALJ orders otherwise, no reply to a response may be filed.

(e) *Effect of filing.* Unless the ALJ orders otherwise, the filing of a motion does not stay the hearing process.

(f) *Ruling.* The ALJ will rule on the motion as soon as practicable, either orally on the record or in writing. He or she may summarily deny any dilatory, repetitive, or frivolous motion.

### Prehearing Conferences and Discovery

### § 45.40   What are the requirements for prehearing conferences?

(a) *Initial prehearing conference.* The ALJ will conduct an initial prehearing conference with the parties at the time specified in the docketing notice under § 45.30, on or about the 20th day after issuance of the referral notice under § 45.25(c).

(1) The initial prehearing conference will be used:

(i) To identify, narrow, and clarify the disputed issues of material fact and exclude issues that do not qualify for review as factual, material, and disputed;

(ii) To consider the parties' motions for discovery under § 45.41 and to set a deadline for the completion of discovery;

(iii) To discuss the evidence on which each party intends to rely at the hearing;

(iv) To set the deadline for submission of written testimony under § 45.52; and

(v) To set the date, time, and place of the hearing.

(2) The initial prehearing conference may also be used:

(i) To discuss limiting and grouping witnesses to avoid duplication;

(ii) To discuss stipulations of fact and of the content and authenticity of documents;

(iii) To consider requests that the ALJ take official notice of public records or other matters;

(iv) To discuss the submission of written testimony, briefs, or other documents in electronic form; and

(v) To consider any other matters that may aid in the disposition of the case.

(b) *Other conferences.* The ALJ may in his or her discretion direct the parties to attend one or more other prehearing conferences, if consistent with the need to complete the hearing process within 90 days. Any party may by motion request a conference.

(c) *Notice.* The ALJ must give the parties reasonable notice of the time and place of any conference. A conference will ordinarily be held by telephone, unless the ALJ orders otherwise.

(d) *Preparation.* (1) Each party's representative must be fully prepared for a discussion of all issues properly before the conference, both procedural and substantive. The representative must be authorized to commit the party that he or she represents respecting those issues.

(2) Before the date set for the initial prehearing conference, the parties' representatives must make a good faith effort:

(i) To meet in person, by telephone, or by other appropriate means; and

(ii) To reach agreement on discovery and the schedule of remaining steps in the hearing process.

(e) *Failure to attend.* Unless the ALJ orders otherwise, a party that fails to attend or participate in a conference, after being served with reasonable notice of its time and place, waives all objections to any agreements reached in the conference and to any consequent orders or rulings.

(f) *Scope.* During a conference, the ALJ may dispose of any procedural matters related to the case.

(g) *Order.* Within 2 days after the conclusion of each conference, the ALJ must issue an order that recites any agreements reached at the conference and any rulings made by the ALJ during or as a result of the conference.

**§ 45.41 How may parties obtain discovery of information needed for the case?**

(a) *General.* By agreement of the parties or with the permission of the ALJ, a party may obtain discovery of information to assist the party in preparing or presenting its case. Available methods of discovery are:

(1) Written interrogatories;

(2) Depositions as provided in paragraph (h) of this section; and

(3) Requests for production of designated documents or tangible things or for entry on designated land for inspection or other purposes.

(b) *Criteria.* Discovery may occur only as agreed to by the parties or as authorized by the ALJ in a written order or during a prehearing conference. The ALJ may authorize discovery only if the party requesting discovery demonstrates:

(1) That the discovery will not unreasonably delay the hearing process;

(2) That the information sought:

(i) Will be admissible at the hearing or appears reasonably calculated to lead to the discovery of admissible evidence;

(ii) Is not already in the license proceeding record or otherwise obtainable by the party;

(iii) Is not cumulative or repetitious; and

(iv) Is not privileged or protected from disclosure by applicable law;

(3) That the scope of the discovery is not unduly burdensome;

(4) That the method to be used is the least burdensome method available;

(5) That any trade secrets or proprietary information can be adequately safeguarded; and

(6) That the standards for discovery under paragraphs (f) through (h) of this section have been met, if applicable.

(c) *Motions.* A party may initiate discovery:

(1) Pursuant to an agreement of the parties; or

(2) By filing a motion that:

(i) Briefly describes the proposed method(s), purpose, and scope of the discovery;

(ii) Explains how the discovery meets the criteria in paragraphs (b)(1) through (b)(6) of this section; and

(iii) Attaches a copy of any proposed discovery request (written interrogatories, notice of deposition, or request for production of designated documents or tangible things or for entry on designated land).

(d) *Timing of motions.* A party must file any discovery motion under paragraph (c)(2) of this section within 7 days after issuance of the referral notice under § 45.25(c).

(e) *Objections.* (1) A party must file any objections to a discovery motion or to specific portions of a proposed discovery request within 7 days after service of the motion.

(2) An objection must explain how, in the objecting party's view, the discovery sought does not meet the criteria in paragraphs (b)(1) through (b)(6) of this section.

(f) *Materials prepared for hearing.* A party generally may not obtain discovery of documents and tangible things otherwise discoverable under paragraph (b) of this section if they were prepared in anticipation of or for the hearing by or for another party's representative (including the party's attorney, expert, or consultant).

(1) If a party wants to discover such materials, it must show:

(i) That it has substantial need of the materials in preparing its own case; and

(ii) That the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

(2) In ordering discovery of such materials when the required showing has been made, the ALJ must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney.

(g) *Experts.* Unless restricted by the ALJ, a party may discover any facts known or opinions held by an expert concerning any relevant matters that are not privileged. Such discovery will be permitted only if:

(1) The expert is expected to be a witness at the hearing; or

(2) The expert is relied on by another expert who is expected to be a witness at the hearing, and the party shows:

(i) That it has a compelling need for the information; and

(ii) That it cannot practicably obtain the information by other means.

(h) *Limitations on depositions.* (1) A party may depose a witness only if the party shows that the witness:

(i) Will be unable to attend the hearing because of age, illness, or other incapacity; or

(ii) Is unwilling to attend the hearing voluntarily, and the party is unable to compel the witness's attendance at the hearing by subpoena.

(2) Paragraph (h)(1)(ii) of this section does not apply to any person employed by or under contract with the party seeking the deposition.

(3) A party may depose a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the deposition would not significantly interfere with the employee's ability to perform his or her government duties.

(i) *Completion of discovery.* All discovery must be completed within 25 days after the initial prehearing conference, unless the ALJ sets a different deadline.

## § 45.42 When must a party supplement or amend information it has previously provided?

(a) *Discovery.* A party must promptly supplement or amend any prior response to a discovery request if it learns that the response:

(1) Was incomplete or incorrect when made; or

(2) Though complete and correct when made, is now incomplete or incorrect in any material respect.

(b) *Witnesses and exhibits.* (1) Within 5 days after the date set for completion of discovery, each party must file an updated version of the list of witnesses and exhibits required under §§ 45.21(c), 45.22(c), and 45.24(c).

(2) If a party wishes to include any new witness or exhibit on its updated list, it must provide an explanation of why it was not feasible for the party to include the witness or exhibit on its list under §§ 45.21(c), 45.22(c), or 45.24(c).

(c) *Failure to disclose.* (1) A party that fails to disclose information required under §§ 45.21(c), 45.22(c), or 45.24(c), or paragraphs (a) or (b) of this section, will not be permitted to introduce as evidence at the hearing testimony from a witness or other information that it failed to disclosed.

(2) Paragraph (c)(1) of this section does not apply if the failure to disclose was substantially justified or is harmless.

(3) Before or during the hearing, a party may object to the admission of evidence under paragraph (c)(1) of this section.

(4) The ALJ will consider the following in determining whether to exclude evidence under paragraphs (c)(1) through (c)(3) of this section:

(i) The prejudice to the objecting party;

(ii) The ability of the objecting party to cure any prejudice;

(iii) The extent to which presentation of the evidence would disrupt the orderly and efficient hearing of the case;

(iv) The importance of the evidence; and

(v) The reason for the failure to disclose, including any bad faith or willfulness regarding the failure.

## § 45.43 What are the requirements for written interrogatories?

(a) *Motion.* Except upon agreement of the parties, a party wishing to propound interrogatories must file a motion under § 45.41(c).

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 45.41(b) with respect to any discovery motion requesting the use of written interrogatories. The order will:

(1) Grant the motion and approve the use of some or all of the proposed interrogatories; or

(2) Deny the motion.

(c) *Answers to interrogatories.* Except upon agreement of the parties, the party to whom the proposed interrogatories are directed must file its answers to any interrogatories approved by the ALJ within 15 days after issuance of the order under paragraph (b) of this section.

(1) Each approved interrogatory must be answered separately and fully in writing.

(2) The party or its representative must sign the answers to interrogatories under oath or affirmation.

(d) *Access to records.* A party's answer to an interrogatory is sufficient when:

(1) The information may be obtained from an examination of records, or from a compilation, abstract, or summary based on such records;

(2) The burden of obtaining the information from the records is substantially the same for all parties;

(3) The answering party specifically identifies the individual records from which the requesting party may obtain the information and where the records are located; and

(4) The answering party provides the requesting party with reasonable opportunity to examine the records and make a copy, compilation, abstract, or summary.

## § 45.44 What are the requirements for depositions?

(a) *Motion and notice.* Except upon agreement of the parties, a party wishing to take a deposition must file a motion under § 45.41(c). Any notice of deposition filed with the motion must state:

(1) The time and place that the deposition is to be taken;

(2) The name and address of the person before whom the deposition is to be taken;

(3) The name and address of the witness whose deposition is to be taken; and

(4) Any documents or materials that the witness is to produce.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 45.41(b) with respect to any discovery motion requesting the taking of a deposition. The order will:

(1) Grant the motion and approve the taking of the deposition, subject to any conditions or restrictions the ALJ may impose; or

(2) Deny the motion.

(c) *Arrangements.* If the parties agree to or the ALJ approves the taking of the deposition, the party requesting the deposition must make appropriate arrangements for necessary facilities and personnel.

(1) The deposition will be taken at the time and place agreed to by the parties or indicated in the ALJ's order.

(2) The deposition may be taken before any disinterested person authorized to administer oaths in the place where the deposition is to be taken.

(3) Any party that objects to the taking of a deposition because of the disqualification of the person before whom it is to be taken must do so:

(i) Before the deposition begins; or

(ii) As soon as the disqualification becomes known or could have been discovered with reasonable diligence.

(4) A deposition may be taken by telephone conference call, if agreed to by the parties or approved in the ALJ's order.

(d) *Testimony.* Each witness deposed must be placed under oath or affirmation, and the other parties must be given an opportunity for cross-examination.

(e) *Representation of witness.* The witness being deposed may have counsel or another representative present during the deposition.

(f) *Recording and transcript.* Except as provided in paragraph (g) of this section, the deposition must be stenographically recorded and transcribed at the expense of the party that requested the deposition.

(1) Any other party may obtain a copy of the transcript at its own expense.

(2) Unless waived by the deponent, the deponent will have 3 days after receiving the transcript to read and sign it.

(3) The person before whom the deposition was taken must certify the transcript following receipt of the signed transcript from the deponent or expiration of the 3-day review period, whichever occurs first.

(g) *Video recording.* The testimony at a deposition may be recorded on videotape, subject to any conditions or restrictions that the parties may agree to or the ALJ may impose, at the expense of the party requesting the recording.

(1) The video recording may be in conjunction with an oral examination by telephone conference held under paragraph (c)(3) of this section.

(2) After the deposition has been taken, the person recording the deposition must:

(i) Provide a copy of the videotape to any party that requests it, at the requesting party's expense; and

(ii) Attach to the videotape a statement identifying the case and the

deponent and certifying the authenticity of the video recording.

(h) *Use of deposition.* A deposition may be used at the hearing as provided in § 45.53.

### § 45.45  What are the requirements for requests for documents or tangible things or entry on land?

(a) *Motion.* Except upon agreement of the parties, a party wishing to request the production of designated documents or tangible things or entry on designated land must file a motion under § 45.41(c). A request may include any of the following that are in the possession, custody, or control of another party:

(1) The production of designated documents for inspection and copying, other than documents that are already in the license proceeding record;

(2) The production of designated tangible things for inspection, copying, testing, or sampling; or

(3) Entry on designated land or other property for inspection and measuring, surveying, photographing, testing, or sampling either the property or any designated object or operation on the property.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 45.41(b) with respect to any discovery motion requesting the production of documents or tangible things or entry on land for inspection, copying, or other purposes. The order will:

(1) Grant the motion and approve the use of some or all of the proposed requests; or

(2) Deny the motion.

(c) *Compliance with order.* Except upon agreement of the parties, the party to whom any approved request for production is directed must permit the approved inspection and other activities within 15 days after issuance of the order under paragraph (a) of this section.

### § 45.46  What sanctions may the ALJ impose for failure to comply with discovery?

(a) Upon motion of a party, the ALJ may impose sanctions under paragraph (b) of this section if any party:

(1) Fails to comply with an order approving discovery; or

(2) Fails to supplement or amend a response to discovery under § 45.42(a).

(b) The ALJ may impose one or more of the following sanctions:

(1) Infer that the information, testimony, document, or other evidence withheld would have been adverse to the party;

(2) Order that, for the purposes of the hearing, designated facts are established;

(3) Order that the party not introduce into evidence, or otherwise rely on to support its case, any information, testimony, document, or other evidence:

(i) That the party improperly withheld; or

(ii) That the party obtained from another party in discovery;

(4) Allow another party to use secondary evidence to show what the information, testimony, document, or other evidence withheld would have shown; or

(5) Take other appropriate action to remedy the party's failure to comply.

### § 45.47  What are the requirements for subpoenas and witness fees?

(a) *Request for subpoena.* (1) Except as provided in paragraph (a)(2) of this section, any party may file a motion requesting the ALJ to issue a subpoena to the extent authorized by law for the attendance of a person, the giving of testimony, or the production of documents or other relevant evidence during discovery or for the hearing.

(2) A party may subpoena a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the employee's attendance would not significantly interfere with the ability to perform his or her government duties.

(b) *Service.* (1) A subpoena may be served by any person who is not a party and is 18 years of age or older.

(2) Service must be made by hand delivering a copy of the subpoena to the person named therein.

(3) The person serving the subpoena must:

(i) Prepare a certificate of service setting forth:

(A) The date, time, and manner of service; or

(B) The reason for any failure of service; and

(ii) Swear to or affirm the certificate, attach it to a copy of the subpoena, and return it to the party on whose behalf the subpoena was served.

(c) *Witness fees.* (1) A party who subpoenas a witness who is not a party must pay him or her the same fees and mileage expenses that are paid witnesses in the district courts of the United States.

(2) A witness who is not a party and who attends a deposition or hearing at the request of any party without having been subpoenaed to do so is entitled to the same fees and mileage expenses as

if he or she had been subpoenaed. However, this paragraph does not apply to federal employees who are called as witnesses by a bureau or other Department.

(d) *Motion to quash.* (1) A person to whom a subpoena is directed may request by motion that the ALJ quash or modify the subpoena.

(2) The motion must be filed:

(i) Within 5 days after service of the subpoena; or

(ii) At or before the time specified in the subpoena for compliance, if that is less than 5 days after service of the subpoena.

(3) The ALJ may quash or modify the subpoena if it:

(i) Is unreasonable;

(ii) Requires evidence during discovery that is not discoverable; or

(iii) Requires evidence during a hearing that is privileged or irrelevant.

(e) *Enforcement.* For good cause shown, the ALJ may apply to the appropriate United States District Court for the issuance of an order compelling the appearance and testimony of a witness or the production of evidence as set forth in a subpoena that has been duly issued and served.

### Hearing, Briefing, and Decision

### § 45.50  When and where will the hearing be held?

(a) Except as provided in paragraph (b) of this section, the hearing will be held at the time and place set at the initial prehearing conference under § 45.40, generally within 15 days after the date set for completion of discovery.

(b) On motion by a party or on the ALJ's initiative, the ALJ may change the date, time, or place of the hearing if he or she finds:

(1) That there is good cause for the change; and

(2) That the change will not unduly prejudice the parties and witnesses.

### § 45.51  What are the parties' rights during the hearing?

Consistent with the provisions of this subpart, each party has the following rights during the hearing, as necessary to assure full and accurate disclosure of the facts:

(a) To present direct and rebuttal evidence;

(b) To make objections, motions, and arguments; and

(c) To cross-examine witnesses and to conduct re-direct and re-cross examination as permitted by the ALJ.

### § 45.52  What are the requirements for presenting testimony?

(a) *Written direct testimony.* Unless otherwise ordered by the ALJ, all direct

hearing testimony must be prepared and submitted in written form.

(1) Prepared written testimony must:

(i) Have line numbers inserted in the left-hand margin of each page;

(ii) Be authenticated by an affidavit or declaration of the witness;

(iii) Be filed within 5 days after the date set for completion of discovery, unless the ALJ sets a different deadline; and

(iv) Be offered as an exhibit during the hearing.

(2) Any witness submitting written testimony must be available for cross-examination at the hearing.

(b) *Oral testimony.* Oral examination of a witness in a hearing, including on cross-examination or redirect, must be conducted under oath and in the presence of the ALJ, with an opportunity for all parties to question the witness.

(c) *Telephonic testimony.* The ALJ may by order allow a witness to testify by telephonic conference call.

(1) The arrangements for the call must let each party listen to and speak to the witness and each other within the hearing of the ALJ.

(2) The ALJ will ensure the full identification of each speaker so the reporter can create a proper record.

(3) The ALJ may issue a subpoena under § 45.47 directing a witness to testify by telephonic conference call.

### § 45.53 How may a party use a deposition in the hearing?

(a) *In general.* Subject to the provisions of this section, a party may use in the hearing any part or all of a deposition taken under § 45.44 against any party who:

(1) Was present or represented at the taking of the deposition; or

(2) Had reasonable notice of the taking of the deposition.

(b) *Admissibility.* (1) No part of a deposition will be included in the hearing record, unless received in evidence by the ALJ.

(2) The ALJ will exclude from evidence any question and response to which an objection:

(i) Was noted at the taking of the deposition; and

(ii) Would have been sustained if the witness had been personally present and testifying at a hearing.

(3) If a party offers only part of a deposition in evidence:

(i) An adverse party may require the party to introduce any other part that ought in fairness to be considered with the part introduced; and

(ii) Any other party may introduce any other parts.

(c) *Videotaped deposition.* If the deposition was recorded on videotape

and is admitted into evidence, relevant portions will be played during the hearing and transcribed into the record by the reporter.

### § 45.54 What are the requirements for exhibits, official notice, and stipulations?

(a) *General.* (1) Except as provided in paragraphs (b) through (e) of this section, any material offered in evidence, other than oral testimony, must be offered in the form of an exhibit.

(2) Each exhibit offered by a party must be marked for identification.

(3) Any party who seeks to have an exhibit admitted into evidence must provide:

(i) The original of the exhibit to the reporter, unless the ALJ permits the substitution of a copy; and

(ii) A copy of the exhibit to the ALJ.

(b) *Material not offered.* If a document offered as an exhibit contains material not offered as evidence:

(1) The party offering the exhibit must:

(i) Designate the matter offered as evidence;

(ii) Segregate and exclude the material not offered in evidence, to the extent practicable; and

(iii) Provide copies of the entire document to the other parties appearing at the hearing.

(2) The ALJ must give the other parties an opportunity to inspect the entire document and offer in evidence any other portions of the document.

(c) *Official notice.* (1) At the request of any party at the hearing, the ALJ may take official notice of any matter of which the courts of the United States may take judicial notice, including the public records of any Department party.

(2) The ALJ must give the other parties appearing at the hearing an opportunity to show the contrary of an officially noticed fact.

(3) Any party requesting official notice of a fact after the conclusion of the hearing must show good cause for its failure to request official notice during the hearing.

(d) *Stipulations.* (1) The parties may stipulate to any relevant facts or to the authenticity of any relevant documents.

(2) If received in evidence at the hearing, a stipulation is binding on the stipulating parties.

(3) A stipulation may be written or made orally at the hearing.

### § 45.55 What evidence is admissible at the hearing?

(a) *General.* (1) Subject to the provisions of § 45.42(b), the ALJ may admit any written, oral, documentary, or demonstrative evidence that is:

(i) Relevant, reliable, and probative; and

(ii) Not privileged or unduly repetitious or cumulative.

(2) The ALJ may exclude evidence if its probative value is substantially outweighed by the risk of undue prejudice, confusion of the issues, or delay.

(3) Hearsay evidence is admissible. The ALJ may consider the fact that evidence is hearsay when determining its probative value.

(4) The Federal Rules of Evidence do not directly apply to the hearing, but may be used as guidance by the ALJ and the parties in interpreting and applying the provisions of this section.

(b) *Objections.* Any party objecting to the admission or exclusion of evidence shall concisely state the grounds. A ruling on every objection must appear in the record.

### § 45.56 What are the requirements for transcription of the hearing?

(a) *Transcript and reporter's fees.* The hearing will be transcribed verbatim.

(1) The Hearings Division will secure the services of a reporter and pay the reporter's fees to provide an original transcript to the Hearings Division on an expedited basis.

(2) Each party must pay the reporter for any copies of the transcript obtained by that party.

(b) *Transcript Corrections.* (1) Any party may file a motion proposing corrections to the transcript. The motion must be filed within 5 days after receipt of the transcript, unless the ALJ sets a different deadline.

(2) Unless a party files a timely motion under paragraph (b)(1) of this section, the transcript will be presumed to be correct and complete, except for obvious typographical errors.

(3) As soon as practicable after the close of the hearing and after consideration of any motions filed under paragraph (b)(1) of this section, the ALJ will issue an order making any corrections to the transcript that the ALJ finds are warranted.

### § 45.57 What is the standard of proof?

The standard of proof is a preponderance of the evidence.

### § 45.58 When will the hearing record close?

(a) The hearing record will close when the ALJ closes the hearing, unless he or she directs otherwise.

(b) Evidence may not be added after the hearing record is closed, but the transcript may be corrected under § 45.56(b).

## § 45.59 What are the requirements for post-hearing briefs?

(a) *General.* (1) Each party may file a post-hearing brief within 10 days after the close of the hearing, unless the ALJ sets a different deadline.

(2) A party may file a reply brief only if requested by the ALJ. The deadline for filing a reply brief, if any, will be set by the ALJ.

(3) The ALJ may limit the length of the briefs to be filed under this section.

(b) *Content.* (1) An initial brief must include:

(i) A concise statement of the case;

(ii) A separate section containing proposed findings regarding the issues of material fact, with supporting citations to the hearing record;

(iii) Arguments in support of the party's position; and

(iv) Any other matter required by the ALJ.

(2) A reply brief, if requested by the ALJ, must be limited to any issues identified by the ALJ.

(c) *Form.* (1) An exhibit admitted in evidence or marked for identification in the record may not be reproduced in the brief.

(i) Such an exhibit may be reproduced, within reasonable limits, in an appendix to the brief.

(ii) Any pertinent analysis of an exhibit may be included in a brief.

(2) If a brief exceeds 20 pages, it must contain:

(i) A table of contents and of points made, with page references; and

(ii) An alphabetical list of citations to legal authority, with page references.

## § 45.60 What are the requirements for the ALJ's decision?

(a) *Timing.* The ALJ must issue a decision within the shorter of the following time periods:

(1) 30 days after the close of the hearing under § 45.58; or

(2) 90 days after issuance of the referral notice under § 45.25(c), 7 CFR 1.625(c), or 50 CFR 221.25(c).

(b) *Content.* (1) The decision must contain:

(i) Findings of fact on all disputed issues of material fact;

(ii) Conclusions of law necessary to make the findings of fact (such as rulings on materiality and on the admissibility of evidence); and

(iii) Reasons for the findings and conclusions.

(2) The ALJ may adopt any of the findings of fact proposed by one or more of the parties.

(3) The decision will not contain conclusions as to whether any preliminary condition or prescription should be adopted, modified, or

rejected, or whether any proposed alternative should be adopted or rejected.

(c) *Service.* Promptly after issuing his or her decision, the ALJ must:

(1) Serve the decision on each party to the hearing; and

(2) Forward a copy of the decision to FERC, along with the complete hearing record, for inclusion in the license proceeding record.

(d) *Finality.* The ALJ's decision under this section will be final, with respect to the disputed issues of material fact, for any Department involved in the hearing. To the extent the ALJ's decision forms the basis for any condition or prescription subsequently included in the license, it may be subject to judicial review under 16 U.S.C. 825l(b).

## Subpart C—Alternatives Process

### § 45.70 How must documents be filed and served under this subpart?

(a) *Filing.* (1) A document under this subpart must be filed using one of the methods set forth in § 45.12(b).

(2) A document is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(b) *Service.* (1) Any document filed under this subpart must be served at the same time the document is delivered or sent for filing. A complete copy of the document must be served on each license party and FERC, using:

(i) One of the methods of service in § 45.13(c); or

(ii) Regular mail.

(2) The provisions of § 45.13(d) and (e) regarding acknowledgment and certificate of service apply to service under this subpart.

### § 45.71 How do I propose an alternative?

(a) *General.* To propose an alternative, you must:

(1) Be a license party; and

(2) File a written proposal with OEPC within 30 days after the deadline for the bureau to file preliminary conditions or prescriptions with FERC.

(b) *Content.* Your proposal must include:

(1) A description of the alternative, in an equivalent level of detail to the bureau's preliminary condition or prescription;

(2) An explanation of how the alternative:

(i) If a condition, will provide for the adequate protection and utilization of the reservation; or

(ii) If a prescription, will be no less protective than the fishway prescribed by the bureau;

(3) An explanation of how the alternative, as compared to the preliminary condition or prescription, will:

(i) Cost significantly less to implement; or

(ii) Result in improved operation of the project works for electricity production;

(4) An explanation of how the alternative will affect:

(i) Energy supply, distribution, cost, and use;

(ii) Flood control;

(iii) Navigation;

(iv) Water supply;

(v) Air quality; and

(vi) Other aspects of environmental quality; and

(5) Specific citations to any scientific studies, literature, and other documented information relied on to support your proposal, including any assumptions you are making (e.g., regarding the cost of energy or the rate of inflation). If any such document is not already in the license proceeding record, you must provide a copy with the proposal.

### § 45.72 What will the bureau do with a proposed alternative?

If any license party proposes an alternative to a preliminary condition or prescription under § 45.71(a)(1), the bureau must do the following within 60 days after the deadline for filing comments to FERC's NEPA document under 18 CFR 5.25(c):

(a) Analyze the alternative under § 45.73; and

(b) File with FERC:

(1) Any condition or prescription that the bureau adopts as its modified condition or prescription; and

(2) Its analysis of the modified condition or prescription and any proposed alternatives under § 45.73(c).

### § 45.73 How will the bureau analyze a proposed alternative and formulate its modified condition or prescription?

(a) In deciding whether to adopt a proposed alternative, the bureau must consider evidence and supporting material provided by any license party or otherwise available to the bureau, including:

(1) Any evidence on the implementation costs or operational impacts for electricity production of the proposed alternative;

(2) Any comments received on the bureau's preliminary condition or prescription;

(3) Any ALJ decision on disputed issues of material fact issued under § 45.60 with respect to the preliminary condition or prescription;

(4) Comments received on any draft or final NEPA documents; and

(5) The license party's proposal under § 45.71.

(b) The bureau must adopt a proposed alternative if the bureau determines, based on substantial evidence provided by any license party or otherwise available to the bureau, that the alternative:

(1) Will, as compared to the bureau's preliminary condition or prescription:

(i) Cost significantly less to implement; or

(ii) Result in improved operation of the project works for electricity production; and

(2) Will:

(i) If a condition, provide for the adequate protection and utilization of the reservation; or

(ii) If a prescription, be no less protective than the bureau's preliminary prescription.

(c) When the bureau files with FERC the condition or prescription that the bureau adopts as its modified condition or prescription under §§ 45.72(b), it must also file:

(1) A written statement explaining:

(i) The basis for the adopted condition or prescription; and

(ii) If the bureau is not adopting any alternative, its reasons for not doing so; and

(2) Any study, data, and other factual information relied on that is not already part of the licensing proceeding record.

(d) The written statement under paragraph (c)(1) of this section must demonstrate that the bureau gave equal consideration to the effects of the condition or prescription adopted and any alternative not adopted on:

(1) Energy supply, distribution, cost, and use;

(2) Flood control;

(3) Navigation;

(4) Water supply;

(5) Air quality; and

(6) Preservation of other aspects of environmental quality.

### § 45.74  Has OMB approved the information collection provisions of this subpart?

Yes. This rule contains provisions that would collect information from the public. It therefore requires approval by the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995, 44 U.S.C. 3501 *et seq.* (PRA). According to the PRA, a Federal agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number that indicates OMB approval. OMB has reviewed the information collection in this rule and approved it under OMB control number 1094–0001.

### Department of Commerce

#### 50 CFR Chapter II

■ 3. The Department of Commerce adds part 221, title 50, to read as follows:

## PART 221—PRESCRIPTIONS IN FERC HYDROPOWER LICENSES

### Subpart A—General Provisions

Sec.
221.1   What is the purpose of this part, and to what license proceedings does it apply?
221.2   What terms are used in this part?
221.3   How are time periods computed?
221.4   What deadlines apply to pending applications?

### Subpart B—Hearing Process

#### Representatives

221.10   Who may represent a party, and what requirements apply to a representative?

#### Document Filing and Service

221.11   What are the form and content requirements for documents under this subpart?
221.12   Where and how must documents be filed?
221.13   What are the requirements for service of documents?

#### Initiation of Hearing Process

221.20   What supporting information must NMFS provide with its preliminary prescriptions?
221.21   How do I request a hearing?
221.22   How do I file a notice of intervention and response?
221.23   When will hearing requests be consolidated?
221.24   How will NMFS respond to any hearing requests?
221.25   What will NMFS do with any hearing requests?
221.26   What regulations apply to a case referred for a hearing?

#### General Provisions Related to Hearings

221.30   What will the Department of Commerce's designated ALJ office do with a case referral?
221.31   What are the powers of the ALJ?
221.32   What happens if the ALJ becomes unavailable?
221.33   Under what circumstances may the ALJ be disqualified?
221.34   What is the law governing ex parte communications?
221.35   What are the requirements for motions?

#### Prehearing Conferences and Discovery

221.40   What are the requirements for prehearing conferences?
221.41   How may parties obtain discovery of information needed for the case?
221.42   When must a party supplement or amend information it has previously provided?
221.43   What are the requirements for written interrogatories?
221.44   What are the requirements for depositions?
221.45   What are the requirements for requests for documents or tangible things or entry on land?
221.46   What sanctions may the ALJ impose for failure to comply with discovery?
221.47   What are the requirements for subpoenas and witness fees?

#### Hearing, Briefing, and Decision

221.50   When and where will the hearing be held?
221.51   What are the parties' rights during the hearing?
221.52   What are the requirements for presenting testimony?
221.53   How may a party use a deposition in the hearing?
221.54   What are the requirements for exhibits, official notice, and stipulations?
221.55   What evidence is admissible at the hearing?
221.56   What are the requirements for transcription of the hearing?
221.57   What is the standard of proof?
221.58   When will the hearing record close?
221.59   What are the requirements for post-hearing briefs?
221.60   What are the requirements for the ALJ's decision?

#### Subpart C—Alternatives Process

221.70   How must documents be filed and served under this subpart?
221.71   How do I propose an alternative?
221.72   What will NMFS do with a proposed alternative?
221.73   How will NMFS analyze a proposed alternative and formulate its modified prescription?

### § 221.74  Has OMB approved the information collection provisions of this subpart?

**Authority:** 16 U.S.C. 797(e), 811, 823d.

### Subpart A—General Provisions

### § 221.1  What is the purpose of this part, and to what license proceedings does it apply?

(a) *Hearing process.* (1) The regulations in subparts A and B of this part contain rules of practice and procedure applicable to hearings on disputed issues of material fact with respect to mandatory prescriptions that the Department of Commerce, acting through the National Oceanic and Atmospheric Administration's National Marine Fisheries Service (NMFS) may develop for inclusion in a hydropower license issued by the Federal Energy Regulatory Commission (FERC) under subchapter I of the Federal Power Act (FPA), 16 U.S.C. 791 *et seq.* The authority to develop these prescriptions is granted by FPA section 18, 16 U.S.C. 811, which authorizes the Secretary of Commerce to prescribe fishways.

(2) The hearing process under this part does not apply to recommendations that the Department of Commerce may submit to FERC under FPA section 10(a) or (j), 16 U.S.C. 803(a), (j).

(3) The FPA also grants the Department of Agriculture and Interior the authority to develop mandatory conditions, and the Department of the Interior the authority to develop mandatory prescriptions, for inclusion in a hydropower license. Where the Department of Commerce and either or both of these other Departments develop conditions or prescriptions to be included in the same hydropower license and where the Departments agree to consolidate the hearings under § 221.23:

(i) A hearing conducted under this part will also address disputed issues of material fact with respect to any condition or prescription developed by one of the other Departments; or

(ii) A hearing requested under this part will be conducted by one of the other Departments, pursuant to 7 CFR 1.601 et seq. or 43 CFR 45.1 et seq., as applicable.

(4) The regulations in subparts A and B of this part will be construed and applied to each hearing process to achieve a just and speedy determination, consistent with adequate consideration of the issues involved and the provisions of § 221.60(a).

(b) *Alternatives process.* The regulations in subparts A and C of this part contain rules of procedure applicable to the submission and consideration of alternative prescriptions under FPA section 33, 16 U.S.C. 823d. That section allows any party to the license proceeding to propose an alternative to a fishway prescribed by NMFS under section 18.

(c) *Reservation of authority.* Where NMFS notifies FERC that it is reserving its authority to develop one or more prescriptions during the term of the license, the hearing and alternatives processes under this part for such prescriptions will be available if and when NMFS exercises its reserved authority. NMFS will consult with FERC and notify the license parties regarding how to initiate the hearing process and alternatives process at that time.

(d) *Applicability.* (1) This part applies to any hydropower license proceeding for which the license has not been issued as of November 17, 2005, and for which one or more preliminary prescriptions or prescriptions have been or are filed with FERC.

(2) If NMFS has already filed one or more preliminary prescriptions or prescriptions as of November 17, 2005,

the special applicability provisions of § 221.4 also apply.

## § 221.2  What terms are used in this part?

As used in this part:

*ALJ* means an administrative law judge appointed under 5 U.S.C. 3105 and assigned to preside over the hearing process under subpart B of this part.

*Alternative* means a prescription that a license party other than NMFS or another Department develops as an alternative to a preliminary prescription from NMFS or another Department, under FPA sec. 33, 16 U.S.C. 823d.

*Condition* means a condition under FPA sec. 4(e), 16 U.S.C. 797(e), for the adequate protection and utilization of a reservation.

*Day* means a calendar day.

*Department* means the Department of Agriculture, Department of Commerce, or Department of the Interior.

*Department of Commerce's designated ALJ office* means the ALJ office that is assigned to preside over the hearings process for NMFS.

*Discovery* means a prehearing process for obtaining facts or information to assist a party in preparing or presenting its case.

*Ex parte communication* means an oral or written communication to the ALJ that is made without providing all parties reasonable notice and an opportunity to participate.

*FERC* means the Federal Energy Regulatory Commission.

*FPA* means the Federal Power Act, 16 U.S.C. 791 et seq.

*Intervention* means a process by which a person who did not request a hearing under § 221.21 can participate as a party to the hearing under § 221.22.

*License party* means a party to the license proceeding, as that term is defined at 18 CFR 385.102(c).

*License proceeding* means a proceeding before FERC for issuance of a license for a hydroelectric facility under 18 CFR parts 4 or 5.

*Material fact* means a fact that, if proved, may affect a Department's decision whether to affirm, modify, or withdraw any condition or prescription.

*NEPA document* means an environmental assessment or environmental impact statement issued to comply with the requirements of the National Environmental Policy Act of 1969, 42 U.S.C. 4321 et seq.

*NMFS* means the National Marine Fisheries Service, a constituent agency of the Department of Commerce, acting by and through the Assistant Administrator for Fisheries or one of NMFS's six Regional Administrators, as appropriate.

*Office of Habitat Conservation* means the NMFS Office of Habitat

Conservation. Address: Chief, Habitat Protection Division, Office of Habitat Conservation, National Marine Fisheries Service, 1315 East-West Highway, Silver Spring, MD 20910. Telephone 301–713–4300. Facsimile number 301–713–4305.

*Party* means, with respect to NMFS's hearing process under subpart B of this part:

(1) A license party that has filed a timely request for a hearing under:

(i) Section 221.21; or

(ii) Either 7 CFR 1.621 or 43 CFR 45.21, with respect to a hearing process consolidated under § 221.23;

(2) A license party that has filed a timely notice of intervention and response under:

(i) Section 221.22; or

(ii) Either 7 CFR 1.622 or 43 CFR 45.22, with respect to a hearing process consolidated under § 221.23;

(3) NMFS, if it has filed a preliminary prescription; and

(4) Any other Department that has filed a preliminary condition or prescription, with respect to a hearing process consolidated under § 221.23.

*Person* means an individual; a partnership, corporation, association, or other legal entity; an unincorporated organization; and any federal, state, tribal, county, district, territorial, or local government or agency.

*Preliminary condition or prescription* means a preliminary condition or prescription filed by a Department with FERC under 18 CFR 4.34(b), 4.34(i), or 5.22(a) for potential inclusion in a hydropower license.

*Prescription* means a fishway prescribed under FPA sec. 18, 16 U.S.C. 811, to provide for the safe, timely, and effective passage of fish.

*Representative* means a person who:

(1) Is authorized by a party to represent the party in a hearing process under this subpart; and

(2) Has filed an appearance under § 221.10.

*Secretary* means the Secretary of Commerce or his or her designee.

*Senior Department employee* has the same meaning as the term "senior employee" in 5 CFR 2637.211(a).

*You* refers to a party other than a Department.

## § 221.3  How are time periods computed?

(a) *General.* Time periods are computed as follows:

(1) The day of the act or event from which the period begins to run is not included.

(2) The last day of the period is included.

(i) If that day is a Saturday, Sunday, or federal holiday, the period is extended to the next business day.

(ii) The last day of the period ends at 5 p.m. at the place where the filing or other action is due.

(3) If the period is less than 7 days, any Saturday, Sunday, or federal holiday that falls within the period is not included.

(b) *Extensions of time.* (1) No extension of time can be granted to file a request for a hearing under § 221.21, a notice of intervention and response under § 221.22, an answer under § 221.24, or any document under subpart C of this part.

(2) An extension of time to file any other document under subpart B of this part may be granted only upon a showing of good cause.

(i) To request an extension of time, a party must file a motion under § 221.35 stating how much additional time is needed and the reasons for the request.

(ii) The party must file the motion before the applicable time period expires, unless the party demonstrates extraordinary circumstances that justify a delay in filing.

(iii) The ALJ may grant the extension only if:

(A) It would not unduly prejudice other parties; and

(B) It would not delay the decision under § 221.60.

### § 221.4  What deadlines apply to pending applications?

(a) *Applicability.* (1) This section applies to any case in which NMFS has filed a preliminary prescription or prescription with FERC before November 17, 2005 and FERC has not issued a license as of that date.

(2) The deadlines in this section will apply in such a case, in lieu of any inconsistent deadline in other sections of this part.

(b) *Hearing process.* (1) Any request for a hearing under § 221.21 must be filed with the Office of Habitat Conservation by December 19, 2005.

(2) Any notice of intervention and response under § 221.22 must be filed by January 3, 2006.

(3) Upon receipt of a hearing request under paragraph (b)(1) of this section, NMFS must do the following by March 17, 2006:

(i) Comply with the requirements of § 221.23;

(ii) Determine jointly with any other Department that has received a hearing request, after consultation with FERC, a time frame for the hearing process and a corresponding deadline for NMFS to file an answer under § 221.24; and

(iii) Issue a notice to each party specifying the time frame for the hearing process, including the deadline for NMFS to file an answer.

(c) *Alternatives process.* (1) Any alternative under § 221.71 must be filed with the Office of Habitat Conservation by December 19, 2005.

(2) Upon receipt of an alternative under paragraph (c)(1) of this section, if no hearing request is filed under paragraph (b)(1) of this section, NMFS must do the following by February 15, 2006:

(i) Determine jointly with any other Department that has received a related alternative, after consultation with FERC, a time frame for the filing of a modified prescription under § 221.72(b); and

(ii) Issue a notice to the license party that has submitted the alternative, specifying the time frame for the filing of a modified prescription.

(3) Upon receipt of an alternative under paragraph (c)(1) of this section, if a hearing request is also filed under paragraph (b)(1) of this section, NMFS will follow the provisions of paragraph (b)(3) of this section.

### Subpart B—Hearing Process

### Representatives

### § 221.10  Who may represent a party, and what requirements apply to a representative?

(a) *Individuals.* A party who is an individual may either represent himself or herself in the hearing process under this subpart or authorize an attorney to represent him or her.

(b) *Organizations.* A party that is an organization or other entity may authorize one of the following to represent it:

(1) An attorney;

(2) A partner, if the entity is a partnership;

(3) An officer or full-time employee, if the entity is a corporation, association, or unincorporated organization;

(4) A receiver, administrator, executor, or similar fiduciary, if the entity is a receivership, trust, or estate; or

(5) An elected or appointed official or an employee, if the entity is a federal, state, tribal, county, district, territorial, or local government or component.

(c) *Appearance.* A representative must file a notice of appearance. The notice must:

(1) Meet the form and content requirements for documents under § 221.11;

(2) Include the name and address of the person on whose behalf the appearance is made;

(3) If the representative is an attorney, include a statement that he or she is a member in good standing of the bar of

the highest court of a state, the District of Columbia, or any territory or commonwealth of the United States (identifying which one); and

(4) If the representative is not an attorney, include a statement explaining his or her authority to represent the entity.

(d) *Disqualification.* The ALJ may disqualify any representative for misconduct or other good cause.

### Document Filing and Service

### § 221.11  What are the form and content requirements for documents under this subpart?

(a) *Form.* Each document filed in a case under this subpart must:

(1) Measure 8½ by 11 inches, except that a table, chart, diagram, or other attachment may be larger if folded to 8½ by 11 inches and attached to the document;

(2) Be printed on just one side of the page;

(3) Be clearly typewritten, printed, or otherwise reproduced by a process that yields legible and permanent copies;

(4) Use 10 point font size or larger;

(5) Be double-spaced except for footnotes and long quotations, which may be single-spaced;

(6) Have margins of at least 1 inch; and

(7) Be bound on the left side, if bound.

(b) *Caption.* Each document filed under this subpart must begin with a caption that sets forth:

(1) The name of the case under this subpart and the docket number, if one has been assigned;

(2) The name and docket number of the license proceeding to which the case under this subpart relates; and

(3) A descriptive title for the document, indicating the party for whom it is filed and the nature of the document.

(c) *Signature.* The original of each document filed under this subpart must be signed by the representative of the person for whom the document is filed. The signature constitutes a certification by the representative that he or she has read the document; that to the best of his or her knowledge, information, and belief, the statements made in the document are true; and that the document is not being filed for the purpose of causing delay.

(d) *Contact information.* Below the representative's signature, the document must provide the representative's name, mailing address, street address (if different), telephone number, facsimile number (if any), and electronic mail address (if any).

## § 221.12   Where and how must documents be filed?

(a) *Place of filing.* Any documents relating to a case under this subpart must be filed with the appropriate office, as follows:

(1) Before NMFS refers a case for docketing under § 221.25, any documents must be filed with the Office of Habitat Conservation. The Office of Habitat Conservation's address, telephone number, and facsimile number are set forth in § 221.2.

(2) NMFS will notify the parties of the date on which it refers a case for docketing under § 221.25. After that date, any documents must be filed with:

(i) The Department of Commerce's designated ALJ office. The name, address, telephone number, and facsimile number of the Department of Commerce's designated ALJ office will be provided in the referral notice from NMFS; or

(ii) The hearings component of or used by another Department, if that Department will be conducting the hearing under § 221.25. The name, address, telephone number, and facsimile number of the appropriate hearings component will be provided in the referral notice from NMFS.

(b) *Method of filing.* (1) A document must be filed with the appropriate office under paragraph (a) of this section using one of the following methods:

(i) By hand delivery of the original document;

(ii) By sending the original document by express mail or courier service for delivery on the next business day; or

(iii) By sending the document by facsimile if:

(A) The document is 20 pages or less, including all attachments;

(B) The sending facsimile machine confirms that the transmission was successful; and

(C) The original of the document is sent by regular mail on the same day.

(2) Parties are encouraged, but not required to supplement any original document by providing the appropriate office with an electronic copy of the document on compact disc.

(c) *Date of filing.* A document under this subpart is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(d) *Nonconforming documents.* If any document submitted for filing under this subpart does not comply with the requirements of this subpart or any applicable order, it may be rejected. If the defect is minor, the party may be notified of the defect and given a chance to correct it.

## § 221.13   What are the requirements for service of documents?

(a) *Filed documents.* Any document related to a case under this subpart must be served at the same time the document is delivered or sent for filing. Copies must be served as follows:

(1) A complete copy of any request for a hearing under § 221.21 must be served on FERC and each license party, using one of the methods of service in paragraph (c) of this section.

(2) A complete copy of any notice of intervention and response under § 221.22 must be:

(i) Served on FERC, the license applicant, any person who has filed a request for hearing under § 221.21, and NMFS, using one of the methods of service in paragraph (c) of this section; and

(ii) Sent to any other license party using regular mail.

(3) A complete copy of any other filed document must be served on each party, using one of the methods of service in paragraph (c) of this section.

(b) *Documents issued by the ALJ.* A complete copy of any notice, order, decision, or other document issued by the ALJ under this subpart must be served on each party, using one of the methods of service in paragraph (c) of this section.

(c) *Method of service.* Service must be accomplished by one of the following methods:

(1) By hand delivery of the document;

(2) By sending the document by express mail or courier service for delivery on the next business day;

(3) By sending the document by facsimile if:

(i) The document is 20 pages or less, including all attachments;

(ii) The sending facsimile machine confirms that the transmission was successful; and

(iii) The document is sent by regular mail on the same day; or

(4) By sending the document, including all attachments, by electronic mail if:

(i) A copy of the document is sent by regular mail on the same day; and

(ii) The party acknowledges receipt of the document by close of the next business day.

(d) *Acknowledgment of service.* Any party who receives a document under this subpart by electronic mail must promptly send a reply electronic mail message acknowledging receipt.

(e) *Certificate of service.* A certificate of service must be attached to each document filed under this subpart. The certificate must be signed by the party's representative and include the following information:

(1) The name, address, and other contact information of each party's representative on whom the document was served;

(2) The means of service, including information indicating compliance with paragraph (c)(3) or (c)(4) of this section, if applicable; and

(3) The date of service.

### Initiation of Hearing Process

## § 221.20   What supporting information must NMFS provide with its preliminary prescriptions?

(a) *Supporting information.* (1) When NMFS files a preliminary prescription with FERC, it must include a rationale for the prescription and an index to NMFS's administrative record that identifies all documents relied upon.

(2) If any of the documents relied upon are not already in the license proceeding record, NMFS must:

(i) File them with FERC at the time it files the preliminary prescription; and

(ii) Provide copies to the license applicant.

(b) *Service.* NMFS will serve a copy of its preliminary prescription on each license party.

## § 221.21   How do I request a hearing?

(a) *General.* To request a hearing on disputed issues of material fact with respect to any prescription filed by NMFS, you must:

(1) Be a license party; and

(2) File with the Office of Habitat Conservation a written request for a hearing within 30 days after the deadline for the Departments to file preliminary prescriptions with FERC.

(b) *Content.* Your hearing request must contain:

(1) A numbered list of the factual issues that you allege are in dispute, each stated in a single, concise sentence; and

(2) The following information with respect to each issue:

(i) The specific factual statements made or relied upon by [the bureau] under § 221.20(a) that you dispute;

(ii) The basis for your opinion that those factual statements are unfounded or erroneous;

(iii) The basis for your opinion that any factual dispute is material; and

(iv) With respect to any scientific studies, literature, and other documented information supporting your opinions under paragraphs (b)(2)(ii) and (b)(2)(iii) of this section, specific citations to the information relied upon. If any such document is not already in the license proceeding

record, you must provide a copy with the request.

(c) *Witnesses and exhibits.* Your hearing request must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b)(2) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

### § 221.22  How do I file a notice of intervention and response?

(a) *General.* (1) To intervene as a party to the hearing process, you must:

(i) Be a license party; and

(ii) File with the Office of Habitat Conservation a notice of intervention and a written response to any request for a hearing within 15 days after the date of service of the request for a hearing.

(2) A license party filing a notice of intervention and response may not raise issues of material fact beyond those raised in the hearing request.

(b) *Content.* In your notice of intervention and response you must explain your position with respect to the issues of material fact raised in the hearing request under § 221.21(b).

(1) If you agree with the information provided by NMFS under § 221.20(a) or by the requester under § 221.21(b), your response may refer to NMFS's explanation or the requester's hearing request for support.

(2) If you wish to rely on additional information or analysis, your response must provide the same level of detail with respect to the additional information or analysis as required under § 221.21(b).

(c) *Witnesses and exhibits.* Your response and notice must also list the witnesses and exhibits that you intend to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, you must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony; and

(2) For each exhibit listed, you must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

### § 221.23  When will hearing requests be consolidated?

(a) *Initial Department coordination.* If NMFS has received a copy of a hearing request, it must contact the other Departments within 10 days after the deadline for filing hearing requests under § 221.21 and determine:

(1) Whether any of the other Departments has also filed a preliminary condition or prescription relating to the license with FERC; and

(2) If so, whether the other Departments have also received a hearing request with respect to the preliminary condition or prescription.

(b) *Decision on consolidation.* Within 25 days after the deadline for filing hearing requests under § 221.21, if NMFS has received a hearing request, NMFS must:

(1) Consult with any other Department that has also received a hearing request; and

(2) Decide jointly with the other Department:

(i) Whether to consolidate the cases for hearing under paragraphs (c)(3)(ii) through (c)(3)(iv) of this section; and

(ii) If so, which Department will conduct the hearing on their behalf.

(c) *Criteria.* Cases will or may be consolidated as follows:

(1) All hearing requests with respect to any prescriptions from NMFS will be consolidated for hearing.

(2) Any or all of the following may be consolidated for hearing if NMFS determines that there are common issues of material fact or that consolidation is otherwise appropriate:

(i) Two or more hearing requests with respect to prescriptions from NMFS and the Department of the Interior; or

(ii) Two or more hearing requests with respect to any condition from another Department and any prescription from NMFS.

### § 221.24  How will NMFS respond to any hearing requests?

(a) *General.* NMFS will determine whether to file an answer to any hearing request under § 221.21.

(b) *Content.* If NMFS files an answer:

(1) For each of the numbered factual issues listed under § 221.21(b)(1), the answer must explain NMFS's position

with respect to the issues of material fact raised by the requester, including one or more of the following statements as appropriate:

(i) That NMFS is willing to stipulate to the facts as alleged by the requester;

(ii) That NMFS believes the issue listed by the requester is not a factual issue, explaining the basis for such belief;

(iii) That NMFS believes the issue listed by the requester is not material, explaining the basis for such belief; or

(iv) That NMFS agrees that the issue is factual, material, and in dispute.

(2) The answer must also indicate whether the hearing request will be consolidated with one or more other hearing requests under § 221.23 and, if so:

(i) Identify any other hearing request that will be consolidated with this hearing request; and

(ii) State which Department will conduct the hearing and provide contact information for the appropriate Department hearings component.

(c) *Witnesses and exhibits.* NMFS's answer must also list the witnesses and exhibits that it intends to present at the hearing, other than solely for impeachment purposes.

(1) For each witness listed, NMFS must provide:

(i) His or her name, address, telephone number, and qualifications; and

(ii) A brief narrative summary of his or her expected testimony.

(2) For each exhibit listed, NMFS must specify whether it is in the license proceeding record.

(d) *Page limits.* (1) For each disputed factual issue, the information provided under paragraph (b)(1) of this section may not exceed two pages.

(2) For each witness, the information provided under paragraph (c)(1) of this section may not exceed one page.

(e) *Notice in lieu of answer.* If NMFS elects not to file an answer to a hearing request:

(1) NMFS is deemed to agree that the issues listed by the requester are factual, material, and in dispute;

(2) NMFS may file a list of witnesses and exhibits with respect to the request only as provided in § 221.42(b); and

(3) NMFS must file a notice containing the information required by paragraph (b)(2) of this section, if the hearing request will be consolidated with one or more other hearing requests under § 221.23.

### § 221.25  What will NMFS do with any hearing requests?

(a) *Case referral.* Within 50 days after the deadline in § 221.21(a), NMFS will refer the case for a hearing as follows:

(1) If the hearing is to be conducted by NMFS, NMFS will refer the case to the Department of Commerce's designated ALJ office.

(2) If the hearing is to be conducted by another Department, NMFS will refer the case to the hearings component used by that Department.

(b) *Content.* The case referral will consist of the following:

(1) A copy of any preliminary prescription under § 221.20;

(2) The original of any hearing request under § 221.21;

(3) The original of any notice of intervention and response under § 221.22;

(4) The original of any answer under § 221.24; and

(5) An original referral notice under paragraph (c) of this section.

(c) *Notice.* At the time NMFS refers the case for a hearing, it must provide a referral notice that contains the following information:

(1) The name, address, telephone number, and facsimile number of the Department hearings component that will conduct the hearing;

(2) The name, address, and other contact information for the representative of each party to the hearing process;

(3) An identification of any other hearing request that will be consolidated with this hearing request; and

(4) The date on which NMFS is referring the case for docketing.

(d) *Delivery and service.* (1) NMFS must refer the case to the appropriate Department hearings component by one of the methods identified in § 221.12(b)(1)(i) through (b)(1)(ii).

(2) NMFS must serve a copy of the referral notice on FERC and each party to the hearing by one of the methods identified in § 221.13(c)(1) and (c)(2).

**§ 221.26  What regulations apply to a case referred for a hearing?**

(a) If NMFS refers the case to the Department of Commerce's designated ALJ office, the regulations in this subpart will continue to apply to the hearing process.

(b) If NMFS refers the case to the United States Department of Agriculture's Office of Administrative Law Judges, the regulations at 7 CFR 1.601 *et seq.* will apply from that point on.

(c) If NMFS refers the case to the Department of the Interior's Office of Hearings and Appeals, the regulations at 43 CFR 45.1 *et seq.* will apply from that point on.

**General Provisions Related to Hearings**

**§ 221.30  What will the Department of Commerce's designated ALJ office do with a case referral?**

Within 5 days after issuance of the referral notice under § 221.25(c), 7 CFR 1.625(c), or 43 CFR 45.25(c):

(a) The Department of Commerce's designated ALJ office must:

(1) Docket the case;

(2) Assign an ALJ to preside over the hearing process and issue a decision; and

(3) Issue a docketing notice that informs the parties of the docket number and the ALJ assigned to the case; and

(b) The ALJ must issue a notice setting the time, place, and method for conducting an initial prehearing conference under § 221.40. This notice may be combined with the docketing notice under paragraph (a)(3) of this section.

**§ 221.31  What are the powers of the ALJ?**

The ALJ will have all powers necessary to conduct a fair, orderly, expeditious, and impartial hearing process, consistent with the requirements of § 221.60(a), including the powers to:

(a) Administer oaths and affirmations;

(b) Issue subpoenas to the extent authorized by law;

(c) Rule on motions;

(d) Authorize discovery as provided for in this subpart;

(e) Hold hearings and conferences;

(f) Regulate the course of hearings;

(g) Call and question witnesses;

(h) Exclude any person from a hearing or conference for misconduct or other good cause;

(i) Issue a decision consistent with § 221.60(b) regarding any disputed issues of material fact relating to any Department's condition or prescription that has been referred to the ALJ for hearing; and

(j) Take any other action authorized by law.

**§ 221.32  What happens if the ALJ becomes unavailable?**

(a) If the ALJ becomes unavailable or otherwise unable to perform the duties described in § 221.31, the Department of Commerce's designated ALJ office shall designate a successor.

(b) If a hearing has commenced and the ALJ cannot proceed with it, a successor ALJ may do so. At the request of a party, the successor ALJ may recall any witness whose testimony is material and disputed, and who is available to testify again without undue burden. The successor ALJ may, within his or her discretion, recall any other witness.

**§ 221.33  Under what circumstances may the ALJ be disqualified?**

(a) The ALJ may withdraw from a case at any time the ALJ deems himself or herself disqualified.

(b) At any time before issuance of the ALJ's decision, any party may move that the ALJ disqualify himself or herself for personal bias or other valid cause.

(1) The party must file the motion promptly after discovering facts or other reasons allegedly constituting cause for disqualification.

(2) The party must file with the motion an affidavit or declaration setting forth the facts or other reasons in detail.

(c) The ALJ must rule upon the motion, stating the grounds for the ruling.

(1) If the ALJ concludes that the motion is timely and meritorious, he or she must disqualify himself or herself and withdraw from the case.

(2) If the ALJ does not disqualify himself or herself and withdraw from the case, the ALJ must continue with the hearing process and issue a decision.

**§ 221.34  What is the law governing ex parte communications?**

(a) Ex parte communications with the ALJ or his or her staff are prohibited in accordance with 5 U.S.C. 554(d).

(b) This section does not prohibit ex parte inquiries concerning case status or procedural requirements, unless the inquiry involves an area of controversy in the hearing process.

**§ 221.35  What are the requirements for motions?**

(a) *General.* Any party may apply for an order or ruling on any matter related to the hearing process by presenting a motion to the ALJ. A motion may be presented any time after the Department of Commerce's designated ALJ office issues a docketing notice under § 221.30.

(1) A motion made at a hearing may be stated orally on the record, unless the ALJ directs that it be reduced to writing.

(2) Any other motion must:

(i) Be in writing;

(ii) Comply with the requirements of this subpart with respect to form, content, filing, and service; and

(iii) Not exceed 10 pages.

(b) *Content.* (1) Each motion must state clearly and concisely:

(i) Its purpose and the relief sought;

(ii) The facts constituting the grounds for the relief sought; and

(iii) Any applicable statutory or regulatory authority.

(2) A proposed order must accompany the motion.

(c) *Response.* Except as otherwise required by this part or by order of the

ALJ, any other party may file a response to a written motion within 10 days after service of the motion. When a party presents a motion at a hearing, any other party may present a response orally on the record.

(d) *Reply.* Unless the ALJ orders otherwise, no reply to a response may be filed.

(e) *Effect of filing.* Unless the ALJ orders otherwise, the filing of a motion does not stay the hearing process.

(f) *Ruling.* The ALJ will rule on the motion as soon as practicable, either orally on the record or in writing. He or she may summarily deny any dilatory, repetitive, or frivolous motion.

### Prehearing Conferences and Discovery

**§ 221.40  What are the requirements for prehearing conferences?**

(a) *Initial prehearing conference.* The ALJ will conduct an initial prehearing conference with the parties at the time specified in the docketing notice under § 221.30, on or about the 20th day after issuance of the referral notice under § 221.25(c).

(1) The initial prehearing conference will be used:

(i) To identify, narrow, and clarify the disputed issues of material fact and exclude issues that do not qualify for review as factual, material, and disputed;

(ii) To consider the parties' motions for discovery under § 221.41 and to set a deadline for the completion of discovery;

(iii) To discuss the evidence on which each party intends to rely at the hearing;

(iv) To set the deadline for submission of written testimony under § 221.52; and

(v) To set the date, time, and place of the hearing.

(2) The initial prehearing conference may also be used:

(i) To discuss limiting and grouping witnesses to avoid duplication;

(ii) To discuss stipulations of fact and of the content and authenticity of documents;

(iii) To consider requests that the ALJ take official notice of public records or other matters;

(iv) To discuss the submission of written testimony, briefs, or other documents in electronic form; and

(v) To consider any other matters that may aid in the disposition of the case.

(b) *Other conferences.* The ALJ may in his or her discretion direct the parties to attend one or more other prehearing conferences, if consistent with the need to complete the hearing process within 90 days. Any party may by motion request a conference.

(c) *Notice.* The ALJ must give the parties reasonable notice of the time and place of any conference. A conference will ordinarily be held by telephone, unless the ALJ orders otherwise.

(d) *Preparation.* (1) Each party's representative must be fully prepared for a discussion of all issues properly before the conference, both procedural and substantive. The representative must be authorized to commit the party that he or she represents respecting those issues.

(2) Before the date set for the initial prehearing conference, the parties' representatives must make a good faith effort:

(i) To meet in person, by telephone, or by other appropriate means; and

(ii) To reach agreement on discovery and the schedule of remaining steps in the hearing process.

(e) *Failure to attend.* Unless the ALJ orders otherwise, a party that fails to attend or participate in a conference, after being served with reasonable notice of its time and place, waives all objections to any agreements reached in the conference and to any consequent orders or rulings.

(f) *Scope.* During a conference, the ALJ may dispose of any procedural matters related to the case.

(g) *Order.* Within 2 days after the conclusion of each conference, the ALJ must issue an order that recites any agreements reached at the conference and any rulings made by the ALJ during or as a result of the conference.

**§ 221.41  How may parties obtain discovery of information needed for the case?**

(a) *General.* By agreement of the parties or with the permission of the ALJ, a party may obtain discovery of information to assist the party in preparing or presenting its case. Available methods of discovery are:

(1) Written interrogatories;

(2) Depositions as provided in paragraph (h) of this section; and

(3) Requests for production of designated documents or tangible things or for entry on designated land for inspection or other purposes.

(b) *Criteria.* Discovery may occur only as agreed to by the parties or as authorized by the ALJ in a written order or during a prehearing conference. The ALJ may authorize discovery only if the party requesting discovery demonstrates:

(1) That the discovery will not unreasonably delay the hearing process;

(2) That the information sought:

(i) Will be admissible at the hearing or appears reasonably calculated to lead to the discovery of admissible evidence;

(ii) Is not already in the license proceeding record or otherwise obtainable by the party;

(iii) Is not cumulative or repetitious; and

(iv) Is not privileged or protected from disclosure by applicable law;

(3) That the scope of the discovery is not unduly burdensome;

(4) That the method to be used is the least burdensome method available;

(5) That any trade secrets or proprietary information can be adequately safeguarded; and

(6) That the standards for discovery under paragraphs (f) through (h) of this section have been met, if applicable.

(c) *Motions.* A party may initiate discovery:

(1) Pursuant to an agreement of the parties; or

(2) By filing a motion that:

(i) Briefly describes the proposed method(s), purpose, and scope of the discovery;

(ii) Explains how the discovery meets the criteria in paragraphs (b)(1) through (b)(6) of this section; and

(iii) Attaches a copy of any proposed discovery request (written interrogatories, notice of deposition, or request for production of designated documents or tangible things or for entry on designated land).

(d) *Timing of motions.* A party must file any discovery motion under paragraph (c)(2) of this section within 7 days after issuance of the referral notice under § 221.25(c).

(e) *Objections.* (1) A party must file any objections to a discovery motion or to specific portions of a proposed discovery request within 7 days after service of the motion.

(2) An objection must explain how, in the objecting party's view, the discovery sought does not meet the criteria in paragraphs (b)(1) through (b)(6) of this section.

(f) *Materials prepared for hearing.* A party generally may not obtain discovery of documents and tangible things otherwise discoverable under paragraph (b) of this section if they were prepared in anticipation of or for the hearing by or for another party's representative (including the party's attorney, expert, or consultant).

(1) If a party wants to discover such materials, it must show:

(i) That it has substantial need of the materials in preparing its own case; and

(ii) That the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

(2) In ordering discovery of such materials when the required showing has been made, the ALJ must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney.

(g) *Experts.* Unless restricted by the ALJ, a party may discover any facts known or opinions held by an expert concerning any relevant matters that are not privileged. Such discovery will be permitted only if:

(1) The expert is expected to be a witness at the hearing; or

(2) The expert is relied on by another expert who is expected to be a witness at the hearing, and the party shows:

(i) That it has a compelling need for the information; and

(ii) That it cannot practicably obtain the information by other means.

(h) *Limitations on depositions.* (1) A party may depose a witness only if the party shows that the witness:

(i) Will be unable to attend the hearing because of age, illness, or other incapacity; or

(ii) Is unwilling to attend the hearing voluntarily, and the party is unable to compel the witness's attendance at the hearing by subpoena.

(2) Paragraph (h)(1)(ii) of this section does not apply to any person employed by or under contract with the party seeking the deposition.

(3) A party may depose a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the deposition would not significantly interfere with the employee's ability to perform his or her government duties.

(i) *Completion of discovery.* All discovery must be completed within 25 days after the initial prehearing conference, unless the ALJ sets a different deadline.

### § 221.42   When must a party supplement or amend information it has previously provided?

(a) *Discovery.* A party must promptly supplement or amend any prior response to a discovery request if it learns that the response:

(1) Was incomplete or incorrect when made; or

(2) Though complete and correct when made, is now incomplete or incorrect in any material respect.

(b) *Witnesses and exhibits.* (1) Within 5 days after the date set for completion of discovery, each party must file an updated version of the list of witnesses and exhibits required under §§ 221.21(c), 221.22(c), or 221.24(c).

(2) If a party wishes to include any new witness or exhibit on its updated list, it must provide an explanation of

why it was not feasible for the party to include the witness or exhibit on its list under §§ 221.21(c), 221.22(c), or 221.24(c).

(c) *Failure to disclose.* (1) A party that fails to disclose information required under §§ 221.21(c), 221.22(c), or 221.24(c), or paragraphs (a) or (b) of this section, will not be permitted to introduce as evidence at the hearing testimony from a witness or other information that it failed to disclose.

(2) Paragraph (c)(1) of this section does not apply if the failure to disclose was substantially justified or is harmless.

(3) Before or during the hearing, a party may object to the admission of evidence under paragraph (c)(1) of this section.

(4) The ALJ will consider the following in determining whether to exclude evidence under paragraphs (c)(1) through (c)(3) of this section:

(i) The prejudice to the objecting party;

(ii) The ability of the objecting party to cure any prejudice;

(iii) The extent to which presentation of the evidence would disrupt the orderly and efficient hearing of the case;

(iv) The importance of the evidence; and

(v) The reason for the failure to disclose, including any bad faith or willfulness regarding the failure.

### § 221.43   What are the requirements for written interrogatories?

(a) *Motion.* Except upon agreement of the parties, a party wishing to propound interrogatories must file a motion under § 221.41(c).

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 221.41(b) with respect to any discovery motion requesting the use of written interrogatories. The order will:

(1) Grant the motion and approve the use of some or all of the proposed interrogatories; or

(2) Deny the motion.

(c) *Answers to interrogatories.* Except upon agreement of the parties, the party to whom the proposed interrogatories are directed must file its answers to any interrogatories approved by the ALJ within 15 days after issuance of the order under paragraph (b) of this section.

(1) Each approved interrogatory must be answered separately and fully in writing.

(2) The party or its representative must sign the answers to interrogatories under oath or affirmation.

(d) *Access to records.* A party's answer to an interrogatory is sufficient when:

(1) The information may be obtained from an examination of records, or from a compilation, abstract, or summary based on such records;

(2) The burden of obtaining the information from the records is substantially the same for all parties;

(3) The answering party specifically identifies the individual records from which the requesting party may obtain the information and where the records are located; and

(4) The answering party provides the requesting party with reasonable opportunity to examine the records and make a copy, compilation, abstract, or summary.

### § 221.44   What are the requirements for depositions?

(a) *Motion and notice.* Except upon agreement of the parties, a party wishing to take a deposition must file a motion under § 221.41(c). Any notice of deposition filed with the motion must state:

(1) The time and place that the deposition is to be taken;

(2) The name and address of the person before whom the deposition is to be taken;

(3) The name and address of the witness whose deposition is to be taken; and

(4) Any documents or materials that the witness is to produce.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 221.41(b) with respect to any discovery motion requesting the taking of a deposition. The order will:

(1) Grant the motion and approve the taking of the deposition, subject to any conditions or restrictions the ALJ may impose; or

(2) Deny the motion.

(c) *Arrangements.* If the parties agree to or the ALJ approves the taking of the deposition, the party requesting the deposition must make appropriate arrangements for necessary facilities and personnel.

(1) The deposition will be taken at the time and place agreed to by the parties or indicated in the ALJ's order.

(2) The deposition may be taken before any disinterested person authorized to administer oaths in the place where the deposition is to be taken.

(3) Any party that objects to the taking of a deposition because of the disqualification of the person before whom it is to be taken must do so:

(i) Before the deposition begins; or

(ii) As soon as the disqualification becomes known or could have been discovered with reasonable diligence.

(4) A deposition may be taken by telephone conference call, if agreed to by the parties or approved in the ALJ's order.

(d) *Testimony.* Each witness deposed must be placed under oath or affirmation, and the other parties must be given an opportunity for cross-examination.

(e) *Representation of witness.* The witness being deposed may have counsel or another representative present during the deposition.

(f) *Recording and transcript.* Except as provided in paragraph (g) of this section, the deposition must be stenographically recorded and transcribed at the expense of the party that requested the deposition.

(1) Any other party may obtain a copy of the transcript at its own expense.

(2) Unless waived by the deponent, the deponent will have 3 days after receiving the transcript to read and sign it.

(3) The person before whom the deposition was taken must certify the transcript following receipt of the signed transcript from the deponent or expiration of the 3-day review period, whichever occurs first.

(g) *Video recording.* The testimony at a deposition may be recorded on videotape, subject to any conditions or restrictions that the parties may agree to or the ALJ may impose, at the expense of the party requesting the recording.

(1) The video recording may be in conjunction with an oral examination by telephone conference held under paragraph (c)(3) of this section.

(2) After the deposition has been taken, the person recording the deposition must:

(i) Provide a copy of the videotape to any party that requests it, at the requesting party's expense; and

(ii) Attach to the videotape a statement identifying the case and the deponent and certifying the authenticity of the video recording.

(h) *Use of deposition.* A deposition may be used at the hearing as provided in § 221.53.

§ 221.45    What are the requirements for requests for documents or tangible things or entry on land?

(a) *Motion.* Except upon agreement of the parties, a party wishing to request the production of designated documents or tangible things or entry on designated land must file a motion under § 221.41(c). A request may include any of the following that are in the possession, custody, or control of another party:

(1) The production of designated documents for inspection and copying,

other than documents that are already in the license proceeding record;

(2) The production of designated tangible things for inspection, copying, testing, or sampling; or

(3) Entry on designated land or other property for inspection and measuring, surveying, photographing, testing, or sampling either the property or any designated object or operation on the property.

(b) *ALJ order.* During or promptly after the initial prehearing conference, the ALJ will issue an order under § 221.41(b) with respect to any discovery motion requesting the production of documents or tangible things or entry on land for inspection, copying, or other purposes. The order will:

(1) Grant the motion and approve the use of some or all of the proposed requests; or

(2) Deny the motion.

(c) *Compliance with order.* Except upon agreement of the parties, the party to whom any approved request for production is directed must permit the approved inspection and other activities within 15 days after issuance of the order under paragraph (a) of this section.

§ 221.46    What sanctions may the ALJ impose for failure to comply with discovery?

(a) Upon motion of a party, the ALJ may impose sanctions under paragraph (b) of this section if any party:

(1) Fails to comply with an order approving discovery; or

(2) Fails to supplement or amend a response to discovery under § 221.42(a).

(b) The ALJ may impose one or more of the following sanctions:

(1) Infer that the information, testimony, document, or other evidence withheld would have been adverse to the party;

(2) Order that, for the purposes of the hearing, designated facts are established;

(3) Order that the party not introduce into evidence, or otherwise rely on to support its case, any information, testimony, document, or other evidence:

(i) That the party improperly withheld; or

(ii) That the party obtained from another party in discovery;

(4) Allow another party to use secondary evidence to show what the information, testimony, document, or other evidence withheld would have shown; or

(5) Take other appropriate action to remedy the party's failure to comply.

§ 221.47    What are the requirements for subpoenas and witness fees?

(a) *Request for subpoena.* (1) Except as provided in paragraph (a)(2) of this section, any party may file a motion requesting the ALJ to issue a subpoena to the extent authorized by law for the attendance of a person, the giving of testimony, or the production of documents or other relevant evidence during discovery or for the hearing.

(2) A party may subpoena a senior Department employee only if the party shows:

(i) That the employee's testimony is necessary in order to provide significant, unprivileged information that is not available from any other source or by less burdensome means; and

(ii) That the employee's attendance would not significantly interfere with the ability to perform his or her government duties.

(b) *Service.* (1) A subpoena may be served by any person who is not a party and is 18 years of age or older.

(2) Service must be made by hand delivering a copy of the subpoena to the person named therein.

(3) The person serving the subpoena must:

(i) Prepare a certificate of service setting forth:

(A) The date, time, and manner of service; or

(B) The reason for any failure of service; and

(ii) Swear to or affirm the certificate, attach it to a copy of the subpoena, and return it to the party on whose behalf the subpoena was served.

(c) *Witness fees.* (1) A party who subpoenas a witness who is not a party must pay him or her the same fees and mileage expenses that are paid witnesses in the district courts of the United States.

(2) A witness who is not a party and who attends a deposition or hearing at the request of any party without having been subpoenaed to do so is entitled to the same fees and mileage expenses as if he or she had been subpoenaed. However, this paragraph does not apply to federal employees who are called as witnesses by a Department.

(d) *Motion to quash.* (1) A person to whom a subpoena is directed may request by motion that the ALJ quash or modify the subpoena.

(2) The motion must be filed:

(i) Within 5 days after service of the subpoena; or

(ii) At or before the time specified in the subpoena for compliance, if that is less than 5 days after service of the subpoena.

(3) The ALJ may quash or modify the subpoena if it:

(i) Is unreasonable;

(ii) Requires evidence during discovery that is not discoverable; or

(iii) Requires evidence during a hearing that is privileged or irrelevant.

(e) *Enforcement.* For good cause shown, the ALJ may apply to the appropriate United States District Court for the issuance of an order compelling the appearance and testimony of a witness or the production of evidence as set forth in a subpoena that has been duly issued and served.

**Hearing, Briefing, and Decision**

**§ 221.50  When and where will the hearing be held?**

(a) Except as provided in paragraph (b) of this section, the hearing will be held at the time and place set at the initial prehearing conference under § 221.40, generally within 15 days after the date set for completion of discovery.

(b) On motion by a party or on the ALJ's initiative, the ALJ may change the date, time, or place of the hearing if he or she finds:

(1) That there is good cause for the change; and

(2) That the change will not unduly prejudice the parties and witnesses.

**§ 221.51  What are the parties' rights during the hearing?**

Consistent with the provisions of this subpart, each party has the following rights during the hearing, as necessary to assure full and accurate disclosure of the facts:

(a) To present direct and rebuttal evidence;

(b) To make objections, motions, and arguments; and

(c) To cross-examine witnesses and to conduct re-direct and re-cross examination as permitted by the ALJ.

**§ 221.52  What are the requirements for presenting testimony?**

(a) *Written direct testimony.* Unless otherwise ordered by the ALJ, all direct hearing testimony must be prepared and submitted in written form.

(1) Prepared written testimony must:

(i) Have line numbers inserted in the left-hand margin of each page;

(ii) Be authenticated by an affidavit or declaration of the witness;

(iii) Be filed within 5 days after the date set for completion of discovery, unless the ALJ sets a different deadline; and

(iv) Be offered as an exhibit during the hearing.

(2) Any witness submitting written testimony must be available for cross-examination at the hearing.

(b) *Oral testimony.* Oral examination of a witness in a hearing, including on cross-examination or redirect, must be conducted under oath and in the presence of the ALJ, with an opportunity for all parties to question the witness.

(c) *Telephonic testimony.* The ALJ may by order allow a witness to testify by telephonic conference call.

(1) The arrangements for the call must let each party listen to and speak to the witness and each other within the hearing of the ALJ.

(2) The ALJ will ensure the full identification of each speaker so the reporter can create a proper record.

(3) The ALJ may issue a subpoena under § 221.47 directing a witness to testify by telephonic conference call.

**§ 221.53  How may a party use a deposition in the hearing?**

(a) *In general.* Subject to the provisions of this section, a party may use in the hearing any part or all of a deposition taken under § 221.44 against any party who:

(1) Was present or represented at the taking of the deposition; or

(2) Had reasonable notice of the taking of the deposition.

(b) *Admissibility.* (1) No part of a deposition will be included in the hearing record, unless received in evidence by the ALJ.

(2) The ALJ will exclude from evidence any question and response to which an objection:

(i) Was noted at the taking of the deposition; and

(ii) Would have been sustained if the witness had been personally present and testifying at a hearing.

(3) If a party offers only part of a deposition in evidence:

(i) An adverse party may require the party to introduce any other part that ought in fairness to be considered with the part introduced; and

(ii) Any other party may introduce any other parts.

(c) *Videotaped deposition.* If the deposition was recorded on videotape and is admitted into evidence, relevant portions will be played during the hearing and transcribed into the record by the reporter.

**§ 221.54  What are the requirements for exhibits, official notice, and stipulations?**

(a) *General.* (1) Except as provided in paragraphs (b) through (e) of this section, any material offered in evidence, other than oral testimony, must be offered in the form of an exhibit.

(2) Each exhibit offered by a party must be marked for identification.

(3) Any party who seeks to have an exhibit admitted into evidence must provide:

(i) The original of the exhibit to the reporter, unless the ALJ permits the substitution of a copy; and

(ii) A copy of the exhibit to the ALJ.

(b) *Material not offered.* If a document offered as an exhibit contains material not offered as evidence:

(1) The party offering the exhibit must:

(i) Designate the matter offered as evidence;

(ii) Segregate and exclude the material not offered in evidence, to the extent practicable; and

(iii) Provide copies of the entire document to the other parties appearing at the hearing.

(2) The ALJ must give the other parties an opportunity to inspect the entire document and offer in evidence any other portions of the document.

(c) *Official notice.* (1) At the request of any party at the hearing, the ALJ may take official notice of any matter of which the courts of the United States may take judicial notice, including the public records of NMFS and any other Department party.

(2) The ALJ must give the other parties appearing at the hearing an opportunity to show the contrary of an officially noticed fact.

(3) Any party requesting official notice of a fact after the conclusion of the hearing must show good cause for its failure to request official notice during the hearing.

(d) *Stipulations.* (1) The parties may stipulate to any relevant facts or to the authenticity of any relevant documents.

(2) If received in evidence at the hearing, a stipulation is binding on the stipulating parties.

(3) A stipulation may be written or made orally at the hearing.

**§ 221.55  What evidence is admissible at the hearing?**

(a) *General.* (1) Subject to the provisions of § 221.42(b), the ALJ may admit any written, oral, documentary, or demonstrative evidence that is:

(i) Relevant, reliable, and probative; and

(ii) Not privileged or unduly repetitious or cumulative.

(2) The ALJ may exclude evidence if its probative value is substantially outweighed by the risk of undue prejudice, confusion of the issues, or delay.

(3) Hearsay evidence is admissible. The ALJ may consider the fact that evidence is hearsay when determining its probative value.

(4) The Federal Rules of Evidence do not directly apply to the hearing, but may be used as guidance by the ALJ and the parties in interpreting and applying the provisions of this section.

**69850**    **Federal Register** / Vol. 70, No. 221 / Thursday, November 17, 2005 / Rules and Regulations

(b) *Objections.* Any party objecting to the admission or exclusion of evidence shall concisely state the grounds. A ruling on every objection must appear in the record.

### § 221.56   What are the requirements for transcription of the hearing?

(a) *Transcript and reporter's fees.* The hearing will be transcribed verbatim.

(1) The Department of Commerce's designated ALJ office will secure the services of a reporter and pay the reporter's fees to provide an original transcript to the Department of Commerce's designated ALJ office on an expedited basis.

(2) Each party must pay the reporter for any copies of the transcript obtained by that party.

(b) *Transcript Corrections.* (1) Any party may file a motion proposing corrections to the transcript. The motion must be filed within 5 days after receipt of the transcript, unless the ALJ sets a different deadline.

(2) Unless a party files a timely motion under paragraph (b)(1) of this section, the transcript will be presumed to be correct and complete, except for obvious typographical errors.

(3) As soon as practicable after the close of the hearing and after consideration of any motions filed under paragraph (b)(1) of this section, the ALJ will issue an order making any corrections to the transcript that the ALJ finds are warranted.

### § 221.57   What is the standard of proof?

The standard of proof is a preponderance of the evidence.

### § 221.58   When will the hearing record close?

(a) The hearing record will close when the ALJ closes the hearing, unless he or she directs otherwise.

(b) Evidence may not be added after the hearing record is closed, but the transcript may be corrected under § 221.56(b).

### § 221.59   What are the requirements for post-hearing briefs?

(a) *General.* (1) Each party may file a post-hearing brief within 10 days after the close of the hearing, unless the ALJ sets a different deadline.

(2) A party may file a reply brief only if requested by the ALJ. The deadline for filing a reply brief, if any, will be set by the ALJ.

(3) The ALJ may limit the length of the briefs to be filed under this section.

(b) *Content.* (1) An initial brief must include:

(i) A concise statement of the case;

(ii) A separate section containing proposed findings regarding the issues

of material fact, with supporting citations to the hearing record;

(iii) Arguments in support of the party's position; and

(iv) Any other matter required by the ALJ.

(2) A reply brief, if requested by the ALJ, must be limited to any issues identified in the initial brief.

(c) *Form.* (1) An exhibit admitted in evidence or marked for identification in the record may not be reproduced in the brief.

(i) Such an exhibit may be reproduced, within reasonable limits, in an appendix to the brief.

(ii) Any pertinent analysis of an exhibit may be included in a brief.

(2) If a brief exceeds 20 pages, it must contain:

(i) A table of contents and of points made, with page references; and

(ii) An alphabetical list of citations to legal authority, with page references.

### § 221.60   What are the requirements for the ALJ's decision?

(a) *Timing.* The ALJ must issue a decision within the shorter of the following time periods:

(1) 30 days after the close of the hearing under § 221.58; or

(2) 90 days after issuance of the referral notice under § 221.25(c), 7 CFR 1.625(c), or 43 CFR 45.25(c).

(b) *Content.* (1) The decision must contain:

(i) Findings of fact on all disputed issues of material fact;

(ii) Conclusions of law necessary to make the findings of fact (such as rulings on materiality and on the admissibility of evidence); and

(iii) Reasons for the findings and conclusions.

(2) The ALJ may adopt any of the findings of fact proposed by one or more of the parties.

(3) The decision will not contain conclusions as to whether any preliminary condition or prescription should be adopted, modified, or rejected, or whether any proposed alternative should be adopted or rejected.

(c) *Service.* Promptly after issuing his or her decision, the ALJ must:

(1) Serve the decision on each party to the hearing; and

(2) Forward a copy of the decision to FERC, along with the complete hearing record, for inclusion in the license proceeding record.

(d) *Finality.* The ALJ's decision under this section will be final, with respect to the disputed issues of material fact, for NMFS and any other Department involved in the hearing. To the extent the ALJ's decision forms the basis for

any condition or prescription subsequently included in the license, it may be subject to judicial review under 16 U.S.C. 825*l*(b).

## Subpart C—Alternatives Process

### § 221.70   How must documents be filed and served under this subpart?

(a) *Filing.* (1) A document under this subpart must be filed using one of the methods set forth in § 221.12(b).

(2) A document is considered filed on the date it is received. However, any document received after 5 p.m. at the place where the filing is due is considered filed on the next regular business day.

(b) *Service.* (1) Any document filed under this subpart must be served at the same time the document is delivered or sent for filing. A complete copy of the document must be served on each license party and FERC, using:

(i) One of the methods of service in § 221.13(c); or

(ii) Regular mail.

(2) The provisions of § 221.13(d) and (e) regarding acknowledgment and certificate of service apply to service under this subpart.

### § 221.71   How do I propose an alternative?

(a) *General.* To propose an alternative, you must:

(1) Be a license party; and

(2) File a written proposal with the Office of Habitat Conservation within 30 days after the deadline for NMFS to file preliminary prescriptions with FERC.

(b) *Content.* Your proposal must include:

(1) A description of the alternative, in an equivalent level of detail to NMFS's preliminary prescription;

(2) An explanation of how the alternative will be no less protective than the fishway prescribed by NMFS;

(3) An explanation of how the alternative, as compared to the preliminary prescription, will:

(i) Cost significantly less to implement; or

(ii) Result in improved operation of the project works for electricity production;

(4) An explanation of how the alternative will affect:

(i) Energy supply, distribution, cost, and use;

(ii) Flood control;

(iii) Navigation;

(iv) Water supply;

(v) Air quality; and

(vi) Other aspects of environmental quality; and

(5) Specific citations to any scientific studies, literature, and other documented information relied on to

support your proposal, including any assumptions you are making (*e.g.*, regarding the cost of energy or the rate of inflation). If any such document is not already in the license proceeding record, you must provide a copy with the proposal.

### § 221.72   What will NMFS do with a proposed alternative?

If any license party proposes an alternative to a preliminary prescription under § 221.71(a)(1), NMFS must do the following within 60 days after the deadline for filing comments to FERC's NEPA document under 18 CFR 5.25(c):

(a) Analyze the alternative under § 221.73; and

(b) File with FERC:

(1) Any prescription that NMFS adopts as its modified prescription; and

(2) Its analysis of the modified prescription and any proposed alternatives under § 221.73(c).

### § 221.73   How will NMFS analyze a proposed alternative and formulate its modified prescription?

(a) In deciding whether to adopt a proposed alternative, NMFS must consider evidence and supporting material provided by any license party or otherwise available to NMFS including:

(1) Any evidence on the implementation costs or operational impacts for electricity production of the proposed alternative;

(2) Any comments received on NMFS's preliminary prescription;

(3) Any ALJ decision on disputed issues of material fact issued under § 221.60 with respect to the preliminary prescription;

(4) Comments received on any draft or final NEPA documents; and

(5) The license party's proposal under § 221.71.

(b) NMFS must adopt a proposed alternative if NMFS determines, based on substantial evidence provided by any license party or otherwise available to NMFS, that the alternative will be no less protective than NMFS's preliminary prescription and will, as compared to NMFS's preliminary prescription:

(1) Cost significantly less to implement; or

(2) Result in improved operation of the project works for electricity production.

(c) When NMFS files with FERC the prescription that NMFS adopts as its modified prescription under §§ 221.72(b), it must also file:

(1) A written statement explaining:

(i) The basis for the adopted prescription; and

(ii) If NMFS is not adopting any alternative, its reasons for not doing so; and

(2) Any study, data, and other factual information relied on that is not already part of the licensing proceeding record.

(d) The written statement under paragraph (c)(1) of this section must demonstrate that NMFS gave equal consideration to the effects of the prescription adopted and any alternative prescription not adopted on:

(1) Energy supply, distribution, cost, and use;

(2) Flood control;

(3) Navigation;

(4) Water supply;

(5) Air quality; and

(6) Preservation of other aspects of environmental quality.

### § 221.74   Has OMB approved the information collection provisions of this subpart?

Yes. This rule contains provisions that would collect information from the public. It therefore requires approval by the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995, 44 U.S.C. 3501 *et seq.* (PRA). According to the PRA, a Federal agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number that indicates OMB approval. OMB has reviewed the information collection in this rule and approved it under OMB control number 1094–0001.

[FR Doc. 05–22677 Filed 11–16–05; 8:45 am]

**BILLING CODE 3410–11–P; 4310–79–P; 3510–22–P**