UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC UTILITY DISTRICT NO. 1 OF
PEND OREILLE COUNTY,
WASHINGTON

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR

Defendant,

and

KALISPEL TRIBE OF INDIANS

P.O. Box 39
(1981 N. LeClerc)
Usk, WA 99180-0039

Intervenor-Defendant.

Civil Action No. 1:06CV00365RMC

## ANSWER OF INTERVENOR-DEFENDANT KALISPEL TRIBE OF INDIANS

Intervenor-Defendant Kalispel Tribe of Indians ("Tribe") answers plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 characterizes Plaintiff's claims and requires no response.

2. Admit Paragraph 2.

3. Admit that Interior prescribed conditions and that those conditions would entail some expense; Denied as to all other allegations in Paragraph 3.

4. Admit that the District requested an administrative appeal and an evidentiary hearing and that the requests were denied. The reason why the District requested the appeal and evidentiary hearing is denied for lack of information. Denied as to all other allegations in Paragraph 4.

5. Admit that FERC issued the District a license on July 11, 2005, that included conditions prescribed by Interior. Admit that the order is currently effective and that rehearing requests are pending. Denied as to all other allegations in Paragraph 5.

6. Admit that on August 8, 2005, the EPAct was enacted and that it amended the FPA to permit trial-type hearings and proposals for alternative license conditions under certain circumstances. Deny for lack of information the reason that the EPAct was amended. Denied as to all other allegations in Paragraph 6.

7. Admit that Interior and other federal agencies promulgated an Interim Final Rule, effective November 17, 2005, to implement §241 of the EPAct, and that the new hearing procedure of those regulations apply only where a license had not been issued as of November 17, 2005. Denied as to all other allegations in Paragraph 7.

8. In Paragraph 8, admit that the District made a formal request to Interior for an evidentiary hearing and submitted proposed alternative conditions. Admit the second sentence. The first clause of the first sentence characterizes the District's reasons for making the request and is denied for lack of information. Denied as to all other allegations in Paragraph 8.

9. Paragraph 9 characterizes Plaintiff's claims and requires no response.

**JURISDICTION AND VENUE**

10. Paragraph 10 states legal conclusions that require no response.

11. Paragraph 11 states legal conclusions that require no response.

12. Paragraph 12 states legal conclusions that require no response.

**THE PARTIES**

13. Admit the first sentence of Paragraph 13. Admit that the District owns and operates the Box Canyon Project on the Pend Oreille River. All other allegations of Paragraph 13 are denied.

14. Admit Paragraph 14.

**FACTS**

15. Denied that the license issued by the FPC in 1952 authorized the District to operate the Box Canyon Project in such a way as to use lands of the Kalispel Indian Reservation. Admit as to all other allegations in Paragraph 15.

16. Admit Paragraph 16.

17. Denied for lack of information as to the size of the reservoir behind the dam. Admit as to all other allegations in Paragraph 17.

18. Admit Paragraph 18.

19. Paragraph 19 states legal conclusions that require no response.

20. Paragraph 20 states legal conclusions that require no response.

21. Admit the first sentence of Paragraph 21. Denied as to the second and third sentences. Admit that the District filed reports, studies, data and analyses; deny for lack of information the reason why the District did so; deny all other allegations of the fourth sentence. Admit that Interior's conditions and prescriptions would require actions by the District that would result in expense; deny for lack of information whether the expense would be "considerable."

22. Admit that on September 9, 2004, the District filed comments with Interior; those comments speak for themselves; denied as to all other allegations in the first sentence of Paragraph 22.  Admit the second and third sentences of Paragraph 22.

23. Admit paragraph 23.

24. Admit that the District filed a motion to FERC for an expedited evidentiary hearing on December 10, 2004; the motion speaks for itself.  Admit that FERC denied this motion in its July 11, 2005 licensing order; the order speaks for itself.  Denied as to all other allegations in Paragraph 24.

25. Admit that on July 11, 2005, FERC granted the District a new 50-year license for the Project and that the license contains conditions and prescriptions mandated by Interior.  The terms of the license and Order, including the statements of then Chairman Wood and Commissioner Kelliher, speak for themselves.  Denied as to all other allegations in Paragraph 25.

26. Paragraph 26 denied for lack of information.

27. Admit the first sentence of Paragraph 27.  The balance of Paragraph 27 states legal conclusions that require no response.

28. Admit that the EPAct does not expressly state an effective date.  The balance of Paragraph 28 states legal conclusions that require no response.

29. Paragraph 29 states legal conclusions and opinions that require no response.

30. Paragraph 30 states legal conclusions and opinions that require no response.

31. Paragraph 31 states legal conclusions that require no response.

32. Paragraph 32 states legal conclusions that require no response.

33. In Paragraph 33, Admit that the District filed its Request for Rehearing on August 10, 2005; the Request speaks for itself.

34. Admit that FERC denied the District's stay request on November 17, 2005; the denial speaks for itself.  The balance of Paragraph 34 states legal conclusions that require no response.

35. Admit that FERC has not ruled on the requests for rehearing.  Deny that FERC routinely adduces additional record evidence for lack of information.  The balance of Paragraph 35 denied.

36. Paragraph 36 states legal conclusions that require no response.

37. Admit Paragraph 37.

38. In Paragraph 38, admit that the effective date of the rule is November 17, 2005; the rule speaks for itself.  The balance of Paragraph 38 states legal conclusions that require no response.

39. With respect to the second sentence of Paragraph 39, the rule speaks for itself.  Denied as to the first, third and fourth sentences for lack of information.

40. In Paragraph 40, admit that the District wrote to Secretary Norton; the letter speaks for itself.

41. In Paragraph 41, admit that a September 23, 2005, Lawrence A. Finfer letter replied to the District; the letter speaks for itself.

42. In Paragraph 42, admit that on December 19, 2005 the District filed with Interior a formal request for a hearing and proposed alternative conditions and prescriptions for the Box Canyon Project.  The balance of Paragraph 42 states legal conclusions that require no response.

43. Admit Paragraph 43.

44. Paragraph 44 is denied.

45. In Paragraph 45, admit that conditions imposed by Interior are incorporated into the District's license which is presently effective, and that the District will be required to expend funds to satisfy some conditions.  The characterizations of the effect of these expenditures on the cost of power and the public interest are denied for lack of information.  Denied as to all other allegations.

46. In Paragraph 46, the first sentence is denied for lack of information.  Admit that Interior has requested comments on the rule, that the District has submitted comments on the rule, and the rule became effective as of November 17, 2005.  The balance of the second sentence of Paragraph 46 states legal conclusions that require no response.  The third and fifth sentences are denied for lack of information.  Admit that the Interior rejected the District's request for a hearing; deny the balance of the fourth sentence.

**CAUSES OF ACTION**

47. Regarding Paragraph 47, the Tribe hereby incorporates its answers to Paragraphs 1 through 46.

48. Paragraph 48 states legal conclusions that require no response.

49. Paragraph 49 states legal conclusions that require no response.

50. Regarding Paragraph 50, the Tribe incorporates its answers to Paragraphs 1 through 46.

51. Paragraph 51 states legal conclusions that require no response.

52. Regarding Paragraph 52, the Tribe incorporates its answers to Paragraphs 1 through 46.

53. Paragraph 53 states legal conclusions that require no response.

54. Regarding Paragraph 54, the Tribe incorporates its answers to Paragraphs 1 through 46.

55. Paragraph 55 states legal conclusions that require no response.

**GENERAL DENIAL**

To the extent that any allegations in plaintiff's complaint have not been admitted or specifically responded to, the Tribe denies those allegations.

**DEFENSES**

56. The Plaintiff's Complaint should be dismissed because the Court lacks subject matter jurisdiction.

Dated this 8th day of May, 2006.

                                              Respectfully submitted,

                                                /s/ Riyaz A. Kanji
                                              Riyaz A. Kanji (D.C. Bar No. 455165)
                                              KANJI & KATZEN, PLLC
                                              101 N. Main Street, Suite 555
                                              Ann Arbor, MI 48104
                                              Telephone:  734-769-5400
                                              Fax:  734-769-2701
                                              Email: rkanji@kanjikatzen.com

                                              Phillip E. Katzen
                                              KANJI & KATZEN, PLLC
                                              100 S. King Street, Suite 560
                                              Seattle, WA 98104
                                              Telephone:  206-344-8100
                                              Fax:  866-283-0178
                                              Email:  pkatzen@kanjikatzen.com

                                              *Attorneys for the Kalispel Tribe of Indians*