**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO.1 OF PEND OREILLE COUNTY, WASHINGTON<br><br>    Plaintiff,<br>              v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00365 (RMC) |
| PONDERAY NEWSPRINT COMPANY,<br><br>    Plaintiff,<br>              v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00768 (RMC) |

**PLAINTIFF PONDERAY NEWSPRINT COMPANY'S
RESPONSE TO KALISPEL TRIBE OF INDIANS'
<u>NOTICE OF FILING OF CORRESPONDENCE OF NOVEMBER 9, 2006</u>**

Plaintiff Ponderay Newsprint Company ("PNC") briefly responds to the Notice of Filing of Correspondence by Intervenor-Defendant Kalispel Indian Tribe ("Tribe"), dated November 9, 2006, in which the Tribe filed a letter with the Court together with a copy of an Answer that PNC recently filed in an ongoing licensing proceeding before the Federal Energy Regulatory

Commission ("FERC").  The Tribe argues that PNC's FERC filing supports the Tribe's pending motion to dismiss the instant action, because in that FERC filing, PNC noted that a ruling in PNC's favor by this Court should cause FERC to re-visit its initial licensing determination, currently before the agency on rehearing.

### Relationship between the FERC proceeding and the instant APA suit

The Tribe cites in its November 9 filing to PNC's assertion in its FERC pleading that either judicial review of the License or a requirement by this Court that PNC and the licensee are entitled to a trial-type hearing under the Final Interim Rules could result in modified Section 4(e) and Section 18 conditions.  The Tribe claims that this is some sort of significant admission, but this claim is nothing more than a restatement of its prior argument, *i.e.*, that PNC cannot challenge the Interim Final Rules under the APA, but only through an appeal of a final FERC licensing decision for Public Utility District No. 1 of Pend Oreille County, Washington ("PUD"), when such a final decision should issue.

There is nothing new in the Tribe's November 9 argument, so PNC will not repeat the points previously made in its Response in Opposition to Motions to Dismiss, dated July 5, 2006.  The fact that generic rules implementing a new statute may affect the procedures for developing inputs to a different agency's adjudicatory decision does not mean that any party affected by an adjudicatory decision cannot file an APA challenge to the generic rules.  No authority stands for such a proposition (defendants have only cited cases in which substantive case-specific building block inputs into adjudications by other agencies have been treated as dependent and not separate from the ultimate agency adjudications, and, therefore not subject to a separate APA challenge).

In its November 9 filing, while the Tribe clarifies that it is not arguing that everyone is precluded from challenging the Final Interim Rules under the APA – only parties that may be

{W0618886.1}   2

affected by an adjudication made in reliance to those Rules – it remains unclear under the Tribe's theory which sort of adjudications would preclude an ability to file an APA rule challenge; what happens if the adjudication has not yet been filed but is only anticipated; whether someone's ability to sue reemerges if the adjudication concludes; or how directly the agency must ultimately rely on a rule in order to preclude an APA rule challenge. The Tribe's November 9 clarification thus shows that its position is unworkable as a practical matter, as well as unsupported by any authority.

### Standing

Finally, PNC welcomes the submission of the Tribe's letter with the FERC filing, to this Court, because the contents of the FERC filing demonstrate PNC's standing to assert the instant suit, which had been challenged by the Department of the Interior ("DOI").

The present action is a challenge under the Administrative Procedure Act ("APA") to the Final Interim Rules of the DOI implementing Section 241 of the Energy Policy Act of 2005. In its Reply in Support of its Motion to Dismiss (at 9), the DOI argued that PNC lacked standing to challenge the Rules. As the FERC filing reflects, because PNC bears over 90% of the additional costs of complying with conditions included in any new license issued by FERC for PUD, and because the DOI's failure to adhere to Section 241 in its Final Interim Rules contribute to those additional costs, PNC is suffering an economic injury in fact caused by those Rules. PNC thus has standing to challenge the Rules under the APA. The Tribe's November 9 filing provides evidence of PNC's injury, undermining the DOI's claim.

Dated: November 13, 2006                Respectfully submitted,

/s/ Eric J. Wycoff
Margaret M. O'Keefe (D.C. Bar No. 448778)
mokeefe@pierceatwood.com
Eric J. Wycoff (D.C. Bar No. 469939)
ewycoff@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100 (telephone)
(207) 791-1350 (facsimile)

*Attorneys for Plaintiff Ponderay Newsprint Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

I hereby certify that on the 13th day of November, 2006, copies of the foregoing Plaintiff Ponderay Newsprint Company's Response to Kalispel Tribe of Indians' Notice of Filing of Correspondence of November 9, 2006, was served by electronic filing on the following:

John S. Most, Esq.
john.most@usdoj.gov
Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044-0663
(202) 616-3353 (telephone)
(202) 305-0274 (facsimile)

James B. Vasile, Esq.
jimvasile@dwt.com
DAVIS WRIGHT TREMAINE LLP
1500 K Street, NW, Suite 450
Washington, DC  20005
(202) 508-6600 (telephone)
(202) 509-6699 (facsimile)

Riyaz A. Kanji, Esq.
rkanji@kanjikatzen.com
Kanji & Katzen, PLLC
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
734-769-5400 (telephone)
734-769-2701 (facsimile)

        /s/ Eric J.Wycoff
        Eric J. Wycoff

        PIERCE ATWOOD LLP
        One Monument Square
        Portland, ME  04101
        (207) 791-1100
        ewycoff@pierceatwood.com