**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO.1 OF PEND OREILLE COUNTY, WASHINGTON<br><br>    Plaintiff,<br>        v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00365 (RMC) |
| PONDERAY NEWSPRINT COMPANY,<br><br>    Plaintiff,<br>        v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00768 (RMC) |

**PLAINTIFF PONDERAY NEWSPRINT COMPANY'S
<u>NOTICE OF DEVELOPMENTS REGARDING FERC'S ORDER ON REHEARING</u>**

Plaintiff Ponderay Newsprint Company ("PNC") hereby files this Notice of Developments to inform the Court of an order on rehearing recently issued by the Federal Energy Regulatory Commission ("FERC").

On July 11, 2005, FERC issued an initial order on a relicensing application by the Public Utility District No. 1 of Pend Oreille County ("PUD") for the Box Canyon Project, including, as

FERC's interpretation of the law required, conditions prescribed by the Department of Interior ("DOI"). PUD and PNC both sought rehearing. On November 17, 2006, FERC issued an Order on Rehearing, Denying Stay, Denying Motions to Supplement the Record, and Denying Motion to Defer Consideration of Requests for Rehearing ("Order on Rehearing"), in that relicensing proceeding, modifying its initial order and addressing numerous motions pending before it. A copy of the Order on Rehearing is attached hereto as Exhibit 1 (*Public Utility District No. 1 of Pend Oreille County, Washington*, 117 F.E.R.C. ¶61,205, 2006 FERC LEXIS 2656 (November 17, 2006)). PUD and PNC filed petitions for review on November 22 and November 24, 2006, respectively, seeking review of FERC's Order on Rehearing and FERC's initial July 2005 Order. (D.C. Circuit Case Nos. 06-1387 and 06-1389.)

    **I.**    **Section 241 of the Energy Policy Act of 2005.**

When an applicant applies for a hydroelectric project license, FERC must accept conditions imposed by other "resource" agencies, including DOI, on the license. Congress, however, passed the Energy Policy Act of 2005 ("EPAct of 2005"), with Section 241, which gives applicants the opportunity to propose alternative conditions to the resource agencies proposing the conditions, and entitling applicants to the benefit of trial-type hearings before those resource agencies concerning any factual dispute regarding the conditions. Pub. L. No. 109-58, §241(a),(b), (c); 16 U.S.C. §§ 797(e), 811, 823d(a)(1), 823d(b)(1). Section 241 became effective on August 8, 2005. Pub. Law 109-58, 119 Stat. 595 (2005).

On November 17, 2005, DOI promulgated an Interim Final Rule pursuant to Section 241. By the terms of the Interim Final Rule, DOI will only apply Section 241's mandated changes to hydroelectric proceedings in which no license order has been issued as of the date the Interim Final Rule was promulgated, *i.e.,* November 17, 2005.

## II. PNC's and PUD's Challenge of the Interim Final Rule.

The actions now pending before this Court were filed under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA") by PNC and PUD, and challenge DOI's Interim Final Rule, to the extent that DOI will not apply the changes mandated under Section 241 to hydroelectric proceedings pending prior to November 17, 2005. PNC and PUD challenge the Interim Final Rule's failure to apply the amendments mandated under Section 241 to a proceeding in which no *final* license order had been issued as of Section 241's effective date. Because FERC's initial July 2005 licensing order for PUD's Box Canyon Project was the subject of a request for rehearing and therefore non-final (as, *inter alia*, the license modifications in FERC's attached Order on Rehearing show), Section 241's amendments should apply to the Box Canyon relicensing proceeding.

## III. The Relevance of FERC's Order on Rehearing to this Litigation.

Currently pending before this Court are DOI's and Intervenor Kalispel Tribe of Indians' Motions to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. FERC's Order on Rehearing is relevant to the pending motions in several respects:

First, DOI has consistently argued in this litigation that the distinction between *initial* licenses and *final* licenses is artificial and that "no distinction exists between 'initial' and 'final' license orders" in FERC's licensing process. *See e.g.,* Federal Defendant's Response to Plaintiff Ponderay Newsprint Company's October 11, 2006 Letter Regarding Recent Decision in Western District of Washington (November 15, 2006) at 1. FERC's recent Order on Rehearing demonstrates that this is incorrect.

FERC noted that its Order on Rehearing "revised" and "amended" the PUD license in several respects. Order on Rehearing at 2006 FERC LEXIS 2656 at * 182-186. The Order on

Rehearing shows that, as PNC argued in its Opposition to the Federal Defendant's Motion to Dismiss, there is, in fact, a difference between an initial licensing order and a final licensing order. An initial licensing decision, as with FERC's July 2005 Order, is subject to revision and is not final. *See* 16 U.S.C. § 825*l*(a) (upon application for rehearing "the Commission shall have power to … to abrogate or modify its order"). That being the case, a non-final licensing proceeding pending when the EPAct of 2005 became effective in August 2005 (or at least when the Interim Final Rule was issued by the DOI on November 17, 2005) should not be excluded from the applicability of Section 241 and should receive the benefit of the trial-type hearing process contemplated by Section 241. To do otherwise would defeat Congress's intention of providing an applicant the opportunity to propose alternative conditions to DOI's, and would deprive an applicant in a pending licensing proceeding of the trial-type hearings given them by Section 241.

Second, as also demonstrated by FERC's Order on Rehearing, FERC disagrees with many of the conditions imposed by DOI. FERC, however, views itself as lacking the authority to reject conditions proposed by DOI even when the record does not support the conditions and/or when FERC disagrees with them. Order on Rehearing at ¶ 199; *see also* Order on Rehearing at ¶¶ 65, 69, 75, 79, 80, 83, 85, 99, 100, 121, 147, 149. This situation – the imposition of inappropriate and cost-prohibitive conditions by non-FERC agencies – is precisely why Congress included the provisions of Section 241 in the EPAct of 2005. Hence, the Order on Rehearing provides cogent evidence for the need to apply Section 241 to a non-final proceeding pending when the statute was enacted, such as the Box Canyon proceeding, in order to fulfill congressional intent.

PNC has filed a petition seeking review of the Order on Rehearing and FERC's July 2005 Order, and the specific conditions contained in the final PUD license will be the subject of the D.C. Circuit's review, examining, *inter alia*, whether they are supported by substantial evidence.[1]

The instant litigation before this Court, in contrast, does not involve a review of the specific conditions in this particular Order on Rehearing. Rather, the question before this Court is whether the Interim Final Rule, promulgated by DOI, violates Section 241 or is otherwise arbitrary and capricious and not in accordance with the law, because the Interim Final Rule bars Section 241's procedural protections in a pending relicensing proceeding in which FERC has issued an initial license determination before the date the Rules were promulgated, even when such a determination was not final as of that date or the date Section 241 became effective. That question is separate and apart from a substantive review of the specific conditions included in PUD's license. Thus, the Order on Rehearing is a cogent example of why Congress took the action it did; why Section 241 should apply to a pending licensing proceeding; and why this Court's review of the Interim Final Rule in the context of an APA suit is the appropriate forum to address the question of whether DOI's interpretation of Section 241 to deny a trial-type hearing to a non-final licensing proceeding, such as the Box Canyon proceeding, is lawful.

Notably, in FERC's Order on Rehearing, FERC, concluding itself bound by DOI's Interim Final Rule, expressly reserved for itself the authority to make changes to the PUD license should such changes be necessary as a result of this Court's decision in this litigation. Order on Rehearing at ¶ 8. FERC, itself, thus understood that the instant APA suit is the appropriate

---

[1] FERC's initial licensing order only became final and subject to review by the Circuit Court of Appeals upon FERC's recently-issued Order on Rehearing. 16 U.S.C. § 825*l*(b).

forum to address the question of whether the new procedures are applicable to a non-final licensing proceeding, such as the Box Canyon proceeding.  *Id.*

Dated: November 30, 2006               Respectfully submitted,

/s/ Eric J. Wycoff
Margaret M. O'Keefe (D.C. Bar No. 448778)
mokeefe@pierceatwood.com
Eric J. Wycoff (D.C. Bar No. 469939)
ewycoff@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100 (telephone)
(207) 791-1350 (facsimile)

*Attorneys for Plaintiff Ponderay Newsprint Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

I hereby certify that on the 30th day of November, 2006, copies of the foregoing Plaintiff Ponderay Newsprint Company's Notice of Developments Regarding FERC's Order on Rehearing, were served by electronic filing on the following:

John S. Most, Esq.
john.most@usdoj.gov
Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044-0663
(202) 616-3353 (telephone)
(202) 305-0274 (facsimile)

James B. Vasile, Esq.
jimvasile@dwt.com
DAVIS WRIGHT TREMAINE LLP
1500 K Street, NW, Suite 450
Washington, DC  20005
(202) 508-6600 (telephone)
(202) 509-6699 (facsimile)

Riyaz A. Kanji, Esq.
rkanji@kanjikatzen.com
Kanji & Katzen, PLLC
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
734-769-5400 (telephone)
734-769-2701 (facsimile)

/s/ Eric J.Wycoff
Eric J. Wycoff

PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
ewycoff@pierceatwood.com