

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 06-1387

Public Utility District No. 1 of Pend Orei
Washington,
    Petitioner

v.

Federal Energy Regulatory Commission,
    Respondent

---

Department of Agriculture, et al.,
    Intervenors

---

Consolidated with 06-1389

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
> FILED
> JAN 1 6 2007
> CLERK

**BEFORE:** Henderson, Randolph, and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion for stay pending appeal filed by the Public Utility District No. 1 of Pend Oreille County, Washington (the "District"), the oppositions thereto, and the reply, it is

**ORDERED** that the motion for stay pending appeal of the Department of Interior Fish and Wildlife Service's ("DOI") Section 18 conditions contained in Appendix C to the Licensing Order (conditions 1.2.1 and 1.3.0), which require the District to: (1) construct, operate, and evaluate temporary upstream fish passage facilities; and (2) design interim downstream fish passage facilities; and DOI's Section 4(e) conditions contained in Appendix A to the Licensing Order (conditions 5 and 6), which require the District to develop a Trout Assessment and Restoration Plan, be granted. The District has satisfied the stringent standards required for a stay pending court review. See Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam); Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977) ("maintaining the status quo [pending judicial review] is appropriate when a serious legal question is presented . . . little if any harm will befall other interested persons or the public and . . . denial of the order would inflict irreparable injury on the movant"). It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-1387**  **September Term, 2006**

**FURTHER ORDERED**, on the court's own motion, that the parties submit, within thirty (30) days of the date of this order, proposed formats for the briefing of these cases. The parties are strongly urged to submit a joint proposal, and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. The parties are directed to provide detailed justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

The Clerk is directed to enter a briefing schedule and to schedule this case for oral argument on the first available date following the conclusion of briefing.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

By: *[signature]*
MaryAnne McMain
Deputy Clerk