CORY J. ALBRIGHT
RIYAZ A. KANJI
PHILLIP E. KATZEN
JOHN C. SLEDD
ANN E. TWEEDY

**KANJI & KATZEN, PLLC**
ATTORNEYS AT LAW
100 SOUTH KING STREET, SUITE 560
SEATTLE, WASHINGTON 98104
(206) 344-8100 ·FAX (866) 283-0178
www.kanjikatzen.com

ANN ARBOR OFFICE
101 NORTH MAIN STREET
SUITE 555
ANN ARBOR, MI 48104
PHONE: (734) 769-5400
FAX: (734) 769-2701

January 19, 2007

**Via ECF Filing System**

Nancy Mayer-Whittington, Clerk
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: *Public Utility District No. 1 of Pend Oreille County, Washington v. United States Department of the Interior*, Case No. 1:06cv00365 RMC (consolidated with Case No. 1:106cv00768RMC)

Dear Ms. Mayer-Whittington:

    Intervenor-Defendant Kalispel Indian Tribe submits this letter to inform the Court of recent filings in the United States Court of Appeals for the District of Columbia Circuit by Plaintiffs Ponderay Newsprint Company ("PNC") and Public Utility District No. 1 of Pend Oreille County, Washington ("PUD"), that are relevant to the motions to dismiss that are pending in this Court.

    The PNC and the PUD have appealed the Order Issuing new License and the Order on Rehearing, issued by the Federal Energy Regulatory Commission, to the District of Columbia Circuit Court of Appeals, Case numbers 06-1839 and 06-1387, respectively, and both have filed Docketing Statements and related papers that are relevant to the issues and the motions to dismiss presented in the case pending in this Court. For example, in its Docketing Statement, the PNC stated that the case pending before the Circuit Court involves "substantially the same issues" as those present in the case pending before this Court. The PNC's Statement of Issues further states as the first issue:

> Whether it was error to deny the requests of licensee and petitioner for a trial-type hearing, and to propose alternative mandatory conditions, pursuant to the Domenici Energy Policy Act of 2005.

Nancy Mayer-Whittington, Clerk
January 19, 2007
Page 2 of 2

Both the PNC and the PUD also filed statements indicating that the case pending before this Court is related to the cases now pending before the Circuit Court.

Copies of the Docketing Statements, Statements of Issues, and Certificates as to Parties, Rulings and Related Cases from both the PNC and the PUD are attached.

Intervenor-defendant Kalispel Indian Tribe submits that these documents are further evidence that the PNC and the PUD are attempting to litigate the same issue, and challenge the same license conditions, simultaneously in both this Court and the Court of Appeals.

Thank you for your considering these comments.

Sincerely,

/s/ RIYAZ A. KANJI
Riyaz A. Kanji (D.C. Bar No. 455165)
KANJI & KATZEN, PLLC
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
Telephone: 734-769-5400
Fax: 734-769-2701
Email: rkanji@kanjikatzen.com

/s/ PHILLIP E. KATZEN
Phillip E. Katzen
KANJI & KATZEN, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
Telephone: 206-344-8100
Fax: 866-283-0178
Email: pkatzen@kanjikatzen.com

*Attorneys for the Kalispel Tribe of Indians*

C:   Eric J. Wycoff
     John S. Most
     James B. Vasile

Enclosure

# United States Court of Appeals
District of Columbia Circuit

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings*
*(To be completed by appellant/petitioner)*

1. CASE NO. __06-1839__  2. DATE DOCKETED __November 24, 2006__

3. CASE NAME (lead parties only) __Ponderay Newsprint Company__ v. __Federal Energy Regulatory Commission__

4. TYPE OF CASE:   [X] Review   [ ] Appeal   [ ] Enforcement   [ ] Complaint   [ ] Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? YES _____ NO __X__

   If YES, cite statute: _____

6. CASE INFORMATION:

   a. Identify agency whose order is to be reviewed: __Federal Energy Regulatory Commission__

   b. Give agency docket or order number(s): __P-2042__

   c. Give date(s) of order(s): __July 11, 2005 and November 17, 2006__

   d. Has a request for rehearing or reconsideration been filed at the agency? YES __X__ NO _____
      If so, when was it filed? __8/10/05__  By whom? __Ponderay Newsprint Company__
      Has the agency acted? YES __X__  NO _____  If so, when? __November 17, 2006__

   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      __Ponderay Newsprint Company was a party to the agency proceeding below and is directly affected by the license as the licensee's primary ratepayer.__

   f. Are any other cases involving the same underlying agency order pending in this Court or in any other Court?
      YES __X__ NO _____ If YES, identify case name(s), docket number(s), and court(s): __U.S. Court of Appeals, DC Circuit Docket No. 06-1387, Public Utility District No. 1 of Pend Oreille County, Washington v. Federal Energy Regulatory Commission__

   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents? YES __X__ NO _____
      If YES, give case name(s) and number(s) of these cases and identify court/agency: __U.S. District Court for D.C. 1:06cv00365(RMC) Public Utility District No. 1 of Pend Oreille County, WA v. U.S. Dept. of Interior and Kalispel Tribe of Indians; 1:06cv00768 (RMC) Ponderay Newsprint*__

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? YES _____ NO __X__ If so, provide the name of the program and the dates of participation. _____

__*Company v. U.S. Dept. of Interior and Kalispel Tribe of Indians__

Signature _/s/_  Date __December 21, 2006__

Name of Party (Print) __Ponderay Newsprint Company__

Name of Counsel for Appellant/Petitioner (Print) __Matthew D. Manahan__   Firm __Pierce Atwood LLP__

Address __One Monument Square, Portland, ME 04101-1110__

E-Mail __mmanahan@pierceatwood.com__

Phone __207-791-1189__   Fax No. __207-791-1350__

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

[USCADC Form 7 (Rev. Jul 2006)]

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Ponderay Newsprint Company,            )
                                       )
                Petitioner,            )
                                       )    Case No. 06-1839
        v.                             )
                                       )
Federal Energy Regulatory Commission,  )
                                       )
                Respondent.            )

*Consolidated with*

Public Utility District No. 1          )
of Pend Oreille County, Washington     )
                                       )
                Petitioner,            )
                                       )    Case No. 06-1837
        v.                             )
                                       )
Federal Energy Regulatory Commission   )
                                       )
                Respondent.            )


**PONDERAY NEWSPRINT COMPANY'S
STATEMENT OF ISSUES**

The issues to be raised in this appeal are as follows:

1. Whether it was error to deny the requests of licensee and petitioner for a trial-type hearing, and to propose alternative mandatory conditions, pursuant to the Domenici Energy Policy Act of 2005.

2. Whether certain conditions, prescriptions, and measures imposed by the U.S. Department of the Interior and the U.S. Forest Service through Section 18 and Section 4(e) of the Federal Power Act and Section 7 of the Endangered Species Act are unsupported by substantial evidence in the record or are otherwise in excess of the statutory authority of the agencies, affected by error of law, or are arbitrary, capricious, or characterized by abuse of discretion.

{W0624150.1}

3. Whether the U.S. Department of the Interior and the U.S. Forest Service were required to conduct separate analyses under the National Environmental Policy Act when they relied on the Federal Energy Regulatory Commission's Environmental Impact Statement as a basis for their mandatory conditions, prescriptions, and measures.

4. Whether the U.S. Department of the Interior's Biological Opinion issued under Section 7 of the Endangered Species Act is unsupported by substantial evidence in the record or is otherwise in excess of its statutory authority, affected by error of law, or is arbitrary, capricious, or characterized by abuse of discretion

Dated: December 21, 2006

Respectfully Submitted,

Matthew D. Manahan
Catherine R. Connors
Pierce Atwood LLP
One Monument Square
Portland, Maine 04101
(207) 791-1100
Counsel for Petitioner

{W0624150 1}

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Ponderay Newsprint Company,           )
                                      )
            Petitioner,                )
                                      )    Case No. 06-1839
      v.                              )
                                      )
Federal Energy Regulatory Commission, )
                                      )
            Respondent.                )

*Consolidated with*

Public Utility District No. 1         )
of Pend Oreille County, Washington    )
                                      )
            Petitioner,                )
                                      )    Case No. 06-1837
      v.                              )
                                      )
Federal Energy Regulatory Commission  )
                                      )
            Respondent.                )


## PROVISIONAL CERTIFICATE OF PONDERAY NEWSPRINT COMPANY AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Rules 15(c)(3) and 28(a)(1) of the Rules of this Court, the following is a provisional certification as to parties, rulings, and related cases.

**Parties and Amici.** The following parties, intervenors, or amici appeared in the proceeding below before the Federal Energy Regulatory Commission: Public Utility District No. 1 of Pend Oreille County, Washington; Kalispel Tribe of Indians; Cominco, Ltd.; U.S. Department of the Interior; U.S. Department of Agriculture, Forest Service; Washington

Department of Fish and Wildlife; Washington Department of Ecology; State of Idaho; and Ponderay Newsprint Company.

**Rulings Under Review.** The following rulings are at issue in this Court:

1. *Order on Rehearing, Denying Stay, Denying Motions to Supplement the Record, and Denying Motion to Defer Consideration of Requests for Rehearing*, Public Utility District No. 1 of Pend Oreille County, FERC Docket No. P-2042, 117 FERC ¶ 61,205 (issued November 17, 2006).

2. *Order Issuing New License*, Public Utility District No. 1 of Pend Oreille County, FERC Docket No. P-2042, 112 FERC ¶ 61,055 (issued July 11, 2005).

**Related Cases.** The case currently on review is related to:

1. *Public Utility District No. 1 of Pend Oreille County, Washington v. United States Department of the Interior and Kalispel Tribe of Indians*, Docket No. 1:06cv00365 (RMC), United States District Court for the District of Columbia.

2. *Ponderay Newsprint Company v. United States Department of the Interior and Kalispel Tribe of Indians*, Docket No. 1:06cv00768 (RMC), United States District Court for the District of Columbia.

3. *Public Utility District No. 1 of Pend Oreille County, Washington v. Federal Energy Regulatory Commission*, Case No. 06-1387, United States Court of Appeals for the District of Columbia Circuit.

To the best of Petitioner's knowledge, there are no other related cases currently pending in this Court or in any other court.

Dated: December 21, 2006

*[signature]*

Matthew D. Manahan
Catherine R. Connors
Pierce Atwood LLP
One Monument Square
Portland, Maine 04101
(207) 791-1100
Counsel for Petitioner

# United States Court of Appeals
### District of Columbia Circuit

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings*
*(To be completed by appellant/petitioner)*

1. CASE NO. __06-1387__    2. DATE DOCKETED __November 21, 2006__

3. CASE NAME (lead parties only) __Public Utility District No. 1__ v. __Federal Energy Regulatory Commission__
   __of Pend Oreille County, Washington__

4. TYPE OF CASE:   [X] Review   [ ] Appeal   [ ] Enforcement   [ ] Complaint   [ ] Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? YES _____ NO __X__

   If YES, cite statute: _____

6. CASE INFORMATION:

   a. Identify agency whose order is to be reviewed: __Federal Energy Regulatory Commission__

   b. Give agency docket or order number(s): __Project No. 2042__

   c. Give date(s) of order(s): __Order Issuing New License, 7/11/05; Order on Rehearing, 11/17/06__

   d. Has a request for rehearing or reconsideration been filed at the agency? YES __X__ NO _____
      If so, when was it filed? __8/10/05__    By whom? __Petitioner (five other parties also filed)__
      Has the agency acted? YES __X__    NO _____    If so, when? __11/17/06__

   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
   __Petitioner is injured by the orders under review because the orders directly require__
   __Petitioner to undertake unnecessary and expensive measures at Petitioner's hydroelectric__

   f. Are any other cases involving the same underlying agency order pending in this Court or in any other Court?  __project*__
      YES __X__ NO _____. If YES, identify case name(s), docket number(s), and court(s): __Ponderay Newsprint__
      __Company v. Federal Energy Regulatory Commission, D.C. Circuit Case No. 06-1839__

   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents? YES _____ NO __X__
      If YES, give case name(s) and number(s) of these cases and identify court/agency:
      __(However, two cases are pending in U.S. District Court for D.C. on separate issues__
      __relating to the relicensing of the Box Canyon Project)(See Rule 28(a)(1) Certificate of__

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for __Counsel)__
      dispute resolution? YES __X__ NO _____ If so, provide the name of the program and the dates of
      participation. __The parties to the proceeding before FERC commenced negotiations on 12/12/02__
      __and lasting through part of 2003 to try to settle their differences.__

Signature __/s/ James B. Vasile__    Date __12/22/06__
Name of Party (Print) __Public Utility District No. 1 of Pend Oreille County, Washington__
Name of Counsel for Appellant/Petitioner (Print) __James B. Vasile__    Firm __Davis Wright Tremaine LLP__
Address __1500 K Street, NW, Suite 450, Washington, DC 20005__
E-Mail __jimvasile@dwt.com__
Phone __202-508-6662__    Fax No. __202-508-6699__

## ATTACH A CERTIFICATE OF SERVICE

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted

\* See FERC's Order Issuing License at Paragraphs 118-120; Affidavit of John J. "Jack" Snyder attached to Petitioners' Motion for Stay filed in this court on 12/12/06.

[USCADC Form 7 (Rev. Jul 2006)]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PUBLIC UTILITY DISTRICT<br>NO. 1 OF PEND OREILLE COUNTY,<br>WASHINGTON,<br><br>and<br><br>PONDERAY NEWSPRINT COMPANY,<br>    Petitioners,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>    Respondent. | Case Nos. 06-1387 (Lead)<br>06-1389 (Consolidated) |

### NON-BINDING STATEMENT OF ISSUES OF PETITIONER PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY, WASHINGTON

Public Utility District No. 1 of Pend Oreille County, Washington ("District"), hereby submits the following non-binding statement of issues that it will likely raise in its Petition for Review:

I.    Whether the U.S. Department of the Interior's ("Interior") and the U.S. Forest Service's mandatory conditions and prescriptions for the Box Canyon Project license pursuant to Sections 4(e) and 18 of the Federal Power Act ("FPA") are unsupported by substantial evidence, arbitrary and capricious, contrary to Supreme Court precedent, in excess of authority and otherwise unlawful under the FPA and the Administrative Procedures Act ("APA").

II.    Whether the denial of an evidentiary hearing on issues related to aquatic resources, after the District made a detailed proffer of proof, denied the District fundamental due process, was arbitrary and capricious, and otherwise unlawful under the FPA and APA.

III.    Whether FERC's determination that the trout restoration measures in Article 406 of the license could be justified pursuant to its authority under Section 10(a) of the FPA was unsupported by substantial evidence and was based on erroneous interpretations of its responsibilities under the Endangered Species Act ("ESA").

IV.    Whether Interior's Biological Opinion exceeded its authority under the ESA, is unsupported by substantial evidence, arbitrary and capricious and otherwise inconsistent with Interior's regulations.

V.  Whether Interior and the U.S. Forest Service violated their obligations under the National Environmental Policy Act ("NEPA") when they relied on the environmental impact statement ("EIS") prepared by FERC, when in fact that EIS contradicts the basis for their actions and the agencies did not adopt it.

VI.  Whether FERC's failure to consider the District's economic evidence is inconsistent with its obligations under the FPA to give equal consideration to power and developmental purposes and its obligations under NEPA to evaluate socio-economic effects.

Respectfully submitted,

*James B. Vasile*
James B. Vasile
Brian R. Gish
Davis Wright Tremaine LLP
1500 K Street, NW, Suite 450
Washington, DC 20005-1272
(202) 508-6600

ATTORNEYS FOR PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY, WASHINGTON

December 22, 2006

2

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY, WASHINGTON, and PONDERAY NEWSPRINT COMPANY,<br>Petitioners,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br>Respondent. | Case Nos.   06-1387 (Lead)<br>06-1389 (Consolidated) |

PETITIONER'S RULE 28(a)(1) CERTIFICATE AS TO PARTIES,
RULINGS, AND RELATED CASES

Petitioner, Public Utility District No. 1 of Pend Oreille County, Washington, submits the following certificate pursuant to Circuit Rule 28(a)(1).

(A)   **Parties and Amici**

The following parties appeared below in FERC Docket No. P-2042-013:

Kalispel Tribe of Indians
United States Department of Interior
Cominco, Ltd.
United States Department of Agriculture, Forest Service
Washington Department of Fish and Wildlife
Washington Department of Ecology
State of Idaho
American Rivers
Ponderay Newsprint Company
Mr. Rocky Beach

Respondent Federal Energy Regulatory Commission and Petitioner Ponderay Newsprint Company are the only other parties to this court proceeding as of this date.

**(B)** **Rulings Under Review**

The rulings at issue in this court are the orders of the Federal Energy Regulatory Commission as follows:

> *Public Utility District No. 1 of Pend Oreille County, Washington*, Order Issuing New License, 112 FERC ¶ 61,055 (issued July 11, 2005).
>
> *Public Utility District No. 1 of Pend Oreille County, Washington*, Order On Rehearing, Denying Stay, Denying Motions to Supplement the Record, and Denying Motion to Defer Consideration of Requests for Rehearing, 117 FERC ¶ 61,205 (issued November 17, 2006).

**(C)** **Related Cases**

This case was not previously before a court. The following may be considered to be related cases.

> *Ponderay Newsprint Company v. FERC*, No. 06-1389 (Petition for Review of same orders consolidated with the present case).
>
> *Public Utility District No. 1 of Pend Oreille County v. U.S. Department of the Interior*, No. 1:06cv365 (RMC) (D.D.C.), consolidated with *Ponderay Newsprint Company v. U.S. Department of the Interior*, No. 1:06cv768 (RMC) (D.D.C.) (complaints in the U.S. District Court for the District of Columbia seeking judicial review of Interior's actions denying requests for a trial-type hearing under Section 241 of the Energy Policy Act of 2005 and Interior's interim final rules under Section 241).

ATTORNEYS FOR PUBLIC UTILITY DISTRICT
NO. 1 OF PEND OREILLE COUNTY,
WASHINGTON

December 22, 2006