**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO.1 OF PEND OREILLE COUNTY, WASHINGTON<br><br>    Plaintiff,<br>         v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00365 (RMC) |
| PONDERAY NEWSPRINT COMPANY,<br><br>    Plaintiff,<br>         v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00768 (RMC) |

**PLAINTIFF PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY'S
RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Plaintiff Public Utility District No. 1 of Pend Oreille County, Washington ("District")

files this Response to the Court's Order to Show Cause of February 26, 2007.  This Court asked

Plaintiffs to explain why the Court should not treat Ponderay Newsprint Company's ("PNC")

statements in its Docketing Statement and Statement of Issues in District of Columbia Circuit

Court of Appeals Case No. 06-1839 as a concession that this District Court case involves "substantially the same issues" as the D.C. Circuit case. The District understands that PNC will be filing a response to the Court's show cause, but the District, as a separate Plaintiff, offers its perspective.

The District submits that there are several responses to the Court's question. As an initial matter, the District respectfully suggests that PNC's brief description of non-binding issues in D.C. Circuit docketing materials, and a check-marked answer to a "yes" or "no" question on a docketing form, should not be held to have the weight of a "concession," regardless how those statements are interpreted. PNC was likely simply attempting to fully inform the D.C. Circuit of issues that might be raised and the full scope of related actions. PNC did not in those statements "concede" that this Court has no jurisdiction over the specific issues raised here.

Moreover, regardless of what issues Plaintiffs might like to raise in the D.C. Circuit, there is no guarantee that the D.C. Circuit will ultimately accept the generic challenge Plaintiffs seek to make here to Interior's regulations as within that court's appellate jurisdiction to review an order under the Federal Power Act ("FPA"), 16 U.S.C. §§ 797(e) and 811 (2000). Accordingly, there is no reason why the statements made in PNC's docketing materials in the D. C. Circuit should affect the issues before this Court.

Because of the unusual manner in which the underlying case evolved, it is unclear as to the proper forum to review certain agency decisions that contributed to the end result. The relicensing process for the Box Canyon Hydroelectric Project involves the mandatory conditions issued by, among others, Defendant Interior as well as actions by the Federal Energy Regulatory Commission ("FERC"). In the midst of FERC's relicensing process for Box Canyon, Congress enacted the Energy Policy Act of 2005, Pub. Law 109-58, 119 Stat. 594 (2005) ("2005 EPAct"),

which changed the requirements governing Interior's process for prescribing conditions,

provided license applicants new rights to remedy past deficiencies, and required that Interior

engage in a rulemaking proceeding to implement the new process. Interior effectively denied the

District the benefit of the new statute in two contexts: one in specific response to the District's

request to Interior for application of the new processes, and the other in a generic rulemaking.

Plaintiffs challenge, among other issues, both Interior's <u>specific denial</u> of the District's request to

apply the new processes to Box Canyon, <u>and</u> Interior's <u>generic rulemaking</u> implementing the

2005 EPAct, which, by rule, placed the Box Canyon proceeding under the old processes. This

dual action by Interior is what complicates judicial review.

Since the Supreme Court held in 1984 that Interior's, and other agencies', conditioning

authority under the Federal Power Act was mandatory and not suggestive,[1] there has been a

continuing controversy as to how to challenge non-FERC agency decisions that affect or

contribute to the ultimate FERC licensing order. Through case law, it has become accepted that

the <u>substance</u> of mandatory conditions prescribed by, *e.g.* Interior, and for which FERC has no

discretion, must be reviewed in the same appellate review as the FERC order itself. The instant

case does not present such a simple set of facts. The Plaintiffs not only challenge whether

Interior's conditions are reasonable and have support in the record, which is an issue clearly

before the D.C. Circuit, but also whether Interior correctly interpreted the scope of the

protections of the 2005 EPAct in generic regulations and as applicable to Box Canyon's

situation. Interior made a determination that the 2005 EPAct processes do not apply to entities in

Box Canyon's situation, and expressed that determination <u>both</u> in specific response to the

---

[1] *See Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 776-79 (1984).

District's request to apply the new processes, <u>and also</u> as part of its generic rulemaking that was required by the 2005 EPAct.

Plaintiffs' attorneys had to be certain that they preserved the right to challenge both Interior's specific actions in the Box Canyon proceeding, <u>and</u> Interior's generic interpretation of the 2005 EPAct that adversely affected Box Canyon through a rulemaking. Indeed, because of the unusual way that FERC licensing orders are reviewed, Interior is officially an "intervenor" and not a defendant in the D.C. Circuit case. Plaintiffs' attorneys could not, and cannot, take the risk that the D.C. Circuit would refuse to review a challenge to Interior's generic regulations, which, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500, *et seq.*, is to be brought in District Court.

Review of Interior's regulations was ripe in March 2006, when Plaintiffs initiated the instant complaint, and it was not known in March 2006 when FERC's rehearing order would issue (making FERC's decision ripe for review). As a matter of strategy, if Plaintiffs succeeded in having Interior's regulations declared invalid in District Court while the rehearing was still pending before FERC, it would save FERC, the D.C. Circuit, and the parties time and expense of continuing procedures under the invalid pre-2005 EPAct rules.

In the context of this case, there is a nuanced, but possibly significant, difference between the issues that the APA seems to require to be brought to District Court and the issues that must be brought on appellate review of a FERC order. Plaintiffs do not have the luxury of allowing a possible gap that might prevent a review of all the necessary issues. The District does not believe that a statement by a party in docketing materials necessarily resolves all questions as to the D.C. Circuit's, and this Court's, jurisdiction.

Respectfully submitted,

James B. Vasile (D.C. Bar No. 205591)
DAVIS WRIGHT TREMAINE LLP
1500 K Street, NW, Suite 450
Washington, DC 20005
Telephone:     (202) 508-6600
Facsimile:     (202) 508-6699
Email:         jimvasile@dwt.com

Attorneys for Plaintiffs

DATED: March 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2007, copies of the foregoing Plaintiff's Response to Court's Order to Show Cause was served by electronic filing on the following:

John S. Most
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 616-3353 (telephone)
(202) 305-0274 (facsimile)
john.most@usdoj.gov

Eric J. Wycoff
Pierce Atwood LLP
One Monument Square
Portland, ME  04101
(202) 791-1100 (telephone)
ewycoff@pierceatwood.com

Riyaz A. Kanji
Kanji & Katzen, PLLC
101 North Main Street
Suite 555
Ann Arbor, MI 48104
(734) 769-5400 (telephone)
(734) 769-2701 (facsimile)
rkanji@kanjikatzen.com

Phillip E. Katzen
Kanji & Katzen, PLLC
100 South King Street, Suite 560
Seattle, WA  98104
(206) 344-8100 (telephone)
(866) 283-0178 (facsimile)
pkatzen@kanjikatzen.com

James B. Vasile (D.C. Bar No. 205591)
DAVIS WRIGHT TREMAINE LLP
1500 K Street, NW, Suite 450
Washington, DC  20005
(202) 508-6600 (telephone)
(202) 509-6699 (facsimile)