**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO.1 OF PEND OREILLE COUNTY, WASHINGTON<br><br>    Plaintiff,<br>           v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00365 (RMC) |
| PONDERAY NEWSPRINT COMPANY,<br><br>    Plaintiff,<br>           v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant.<br><br>KALISPEL TRIBE OF INDIANS,<br><br>    Defendant-Intervenor. | Civil Action No. 1:06cv00768 (RMC) |

**PLAINTIFF PONDERAY NEWSPRINT COMPANY'S
<u>RESPONSE TO COURT'S ORDER TO SHOW CAUSE</u>**

Plaintiff Ponderay Newsprint Company ("PNC") hereby files this Response to the Court's Order to Show Cause of February 26, 2007. In that Order this Court asked Plaintiffs to explain why the Court should not treat PNC's statements in its Docketing Statement and Statement of Issues in District of Columbia Circuit Court of Appeals Case No. 06-1839 as a

{W0697880.1}

concession that this matter, in the District Court, involves "substantially the same issues" as the D.C. Circuit case.

There is no question that issues presented in Case No. 06-1839 have facts in common with those presented here, as PNC affirmatively noted both to this Court and the Court of Appeals when Case No. 06-1839 was filed.  Nonetheless, the two proceedings differ in their nature, scope and parties.

In the instant proceeding, PNC seeks, under the Administrative Procedure Act , 5 U.S.C. §§ 701-706 ("APA"), a declaration that, as a matter of law, an aspect of a generally-applicable, stand-alone rule enacted by the Department of the Interior ("DOI") violates the Energy Policy Act of 2005 ("2005 EPAct").  DOI is the defendant, and the direct relief, should PNC prevail, is a declaration correcting the rule inuring to the benefits of all participants in non-final hydroelectric proceedings pending after enactment of the 2005 EPAct and before November 17, 2005.

On the other hand, the D.C. Circuit proceeding, Case No. 06-1389, involves an appeal of the Federal Energy Regulatory Commission ("FERC") fact-specific re-licensing decision, which included DOI's fact specific conditions that were derived from its use of pre-2005 EPAct procedures.  Case No. 06-1389 raises various challenges to specific findings regarding, and conditions attaching to, a new license for the continued operation of the Box Canyon Hydroelectric Project.  In imposing those conditions, FERC deferred to DOI's interpretation of the 2005 EPAct and included in the license the conditions that DOI mandated for Box Canyon.

The fact that a challenge to FERC's order including DOI's conditions is now pending before the Court of Appeals does not automatically eliminate this Court's jurisdiction and

responsibility to rule on the APA action now pending before it, seeking to strike down DOI's generic rule.

## I.    Factual Background

Prior to the enactment of the 2005 EPAct, when an applicant applied for a hydroelectric project license, FERC was required to accept conditions imposed by other "resource" agencies, including the DOI, on the license. *See* §§ 4(e), 18 of the Federal Power Act, 16 U.S.C. §§ 797, 811 (2000). On July 11, 2005, FERC issued a new license to Public Utility District No. 1 of Pend Oreille County ("PUD") for the Box Canyon Hydroelectric Project. In that licensing order, FERC imposed unsupported, burdensome, and expensive conditions prescribed by DOI. Both the PUD and PNC[1] filed rehearing requests with FERC, within the thirty days allowed for doing so, seeking reconsideration of the licensing order.

In 2005, Congress passed the 2005 EPAct. Section 241 of it entitles applicants to propose alternative conditions to the resource agencies proposing the conditions, and entitles applicants to the benefit of trial-type hearings before the resource agencies concerning any factual disputes pertaining to the conditions. It also authorized FERC to make a finding that the resource agencies' conditions are inconsistent with the requirements of the FPA or other applicable law. Pub. L. No. 109-58, §241(a),(b), (c); 16 U.S.C. §§ 797(e), 811, 823d(a)(1), 823d(b)(1). Section 241 became effective on August 8, 2005. Pub. Law 109-58, 119 Stat. 595 (2005). Consequently, at the time Section 241 became effective, the Box Canyon re-licensing proceeding was pending and the licensing order was non-final and subject to rehearing and modification by FERC pursuant to the FPA. That being the case, like any re-licensing proceeding that was pending as of August 8, 2005, PUD and PNC should have been given the

---

[1] During the re-licensing process, PNC was granted intervener status by FERC.

benefit of the remedial provisions of Section 241 to challenge the conditions prescribed by DOI. The PUD requested the DOI to hold a trial type hearing on the mandatory conditions when it sought rehearing of the licensing order on August 10, 2005. The PUD and PNC also requested FERC to defer action on all pending rehearing requests until DOI and the Forest Service complied with the 2005 EPAct. In a filing made on August 25, 2005, however, DOI denied the PUD's request on the ground that the 2005 EPAct should not be applied retroactively. .

Thereafter, on November 17, 2005, DOI promulgated an Interim Final Rule implementing Section 241. Under the Rule, DOI decided to apply the changes mandated by Section 241 only to those proceedings in which no license order had been issued as of November 17, 2005, when it promulgated the Interim Final Rule. Consequently, DOI refused to extend the benefits of Section 241 to those situations in which an order had been issued but was not yet final and was subject to further review, which was consistent with its earlier ad hoc denial of the request for hearing in the Box Canyon proceeding.

        A.        **The Genesis of this Action Before the District Court**

PNC and PUD initiated the instant lawsuit, pursuant to the APA, to challenge DOI's Rule. This APA challenge is to the Rule, as applied generally, to the extent it provides that DOI will not apply the changes required by Section 241 to hydroelectric licensing proceedings pending prior to November 17, 2005. FERC is not a party to this suit. This APA challenge does not seek an invalidation of the licensing order issued by FERC in the Box Canyon re-licensing proceeding (although it does seek, as a part of the APA declaration, an acknowledgement that PNC would be entitled to the benefits of Section 241). This APA challenge asks this Court to strike that portion of the Interim Final Rule that conflicts with Section 241.

B.   **The Genesis of the D.C. Circuit Proceeding**

On November 17, 2006, FERC issued its final licensing order in the Box Canyon re-licensing proceeding, in which, among other things, FERC modified its initial, non-final order of July 11, 2005, in numerous respects. FERC's final licensing order, however, still included conditions imposed by DOI pursuant to pre-2005 EPAct procedures. FERC noted that this proceeding was pending with respect to the Interim Rule and stated that it had no authority to rule on the 2005 EPAct issues. FERC also reserved its authority, however, to make any changes that might be needed as a result of this court's decision.[2]

## II.   Argument

A.   **This District Court Litigation and the D.C. Circuit Proceeding Differ in Their Nature, Scope and Parties.**

The instant litigation is brought pursuant to the APA and challenges DOI's general application of its Rule to the extent it denies Section 241's benefits to hydroelectric licensing proceedings pending prior to November 17, 2005. The Plaintiffs challenge the Rule's failure to apply the amendments mandated under Section 241 to proceedings in which no final licensing order has been issued as of Section 241's effective date. Plaintiffs ask this Court to find that DOI violated Congress's mandate in Section 241 to provide participants in hydroelectric facility proceedings with specific rights given them by Section 241, and ask this Court to strike 45 C.F.R. § 45.1(d), to the extent it violates Section 241.

The lawsuit before this Court is against the DOI, and is a challenge to a generally-applicable, stand-alone rule promulgated by the DOI. The question whether the Rule violates Section 241 is a generic one, independent from the underlying facts of the Box Canyon re-

---

[2] The D.C. Circuit has granted a Stay Pending Appeal, staying the DOI licensing conditions which required PUD to construct fish passage facilities and require PUD to develop a Trout Assessment and Restoration Plan.

licensing proceeding and the specific conditions imposed in that license. The relief Plaintiffs seek in this action would inure to the benefit of all participants in non-final hydroelectric facility proceedings pending after enactment of the 2005 EPAct and before November 17, 2005.

In contrast, the D.C. Circuit proceeding is against FERC, challenging a specific licensing decision. In the D.C. Circuit, PNC and PUD seek review of FERC's final licensing order in the Box Canyon proceeding. In that context, PNC and PUD challenge the fact-specific, physical, financial and conditions imposed by FERC on the Box Canyon license on the grounds that they are unsupported by the factual record developed in the Box Canyon re-licensing proceeding. *See, e.g.,* PNC's Statement of Issues, filed in D.C. Circuit Case Nos. 06-1839, 06-1837 at ¶ 2 (submitted to this Court by letter from Kalispel Tribe of Indians, dated January 19, 2007). The decision ultimately rendered by the D.C. Circuit will apply only to the license issued by FERC to PUD.

The Docketing Statement that must be submitted by parties in proceedings before the D.C. Circuit, contains a paragraph in which the submitting party is asked

> Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?

In response, the litigant can only check a box "Yes" or "No" and identify the pending cases. Because both these cases ultimately involve the validity of DOI's conditions (this case challenges the validity of DOI's interpretation of applicable processes under the 2005 EPAct, while the D.C. Circuit case challenges the substance of the conditions), PNC checked "Yes" in response to the question, and identified this action as being related to the D.C. Circuit proceeding. As is clear from the Statement of Issues submitted by both PNC and PUD in the D.C. Circuit proceeding and PUD's and PNC's complaints in this action, while both matters

stem from Plaintiffs' disagreement with the ultimate result of the Box Canyon proceeding,, the two actions differ.  Where the D.C. Circuit proceeding is a highly individualized administrative appeal against FERC, dependent on the facts as developed in the Box Canyon re-licensing proceeding, this District Court action is an APA challenge against DOI to its generic stand-alone Rule interpreting the 2005 EPAct.

    **B.**  **This Court Should Grant the Relief Sought By Plaintiffs in this Action.**

    This Court should grant the relief sought by Plaintiffs in this action.  The relief sought here is fundamentally different from the relief sought in the D.C. Circuit.  In the D.C. Circuit, PNC and PUD challenge the licensing order issued by FERC to PUD in the Box Canyon proceeding.

    In contrast, in this District Court, the Plaintiffs ask this Court to strike down 45 C.F.R. § 45.1(d), to the extent it violates Section 241.  That is properly done through an action brought under the APA.  If PUD and PNC prevail here, this Court will declare that DOI erred in not applying Section 241 to all hydroelectric facility proceedings pending at the time it promulgated its Interim Final Rule.  That being the case, PUD and PNC would then be entitled to receive trial-type hearing and other procedural rights granted by Section 241.

Dated: March 12, 2007

Respectfully submitted,

/s/ Eric J. Wycoff
Margaret M. O'Keefe (D.C. Bar No. 448778)
mokeefe@pierceatwood.com
Eric J. Wycoff (D.C. Bar No. 469939)
ewycoff@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100 (telephone)
(207) 791-1350 (facsimile)

*Attorneys for Plaintiff Ponderay Newsprint Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

I hereby certify that on the 12th day of March, 2007, copies of the foregoing Plaintiff Ponderay Newsprint Company's Response to Court's Order to Show Cause, were served by electronic filing on the following:

John S. Most, Esq.
john.most@usdoj.gov
Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044-0663
(202) 616-3353 (telephone)
(202) 305-0274 (facsimile)

James B. Vasile, Esq.
jimvasile@dwt.com
DAVIS WRIGHT TREMAINE LLP
1500 K Street, NW, Suite 450
Washington, DC  20005
(202) 508-6600 (telephone)
(202) 509-6699 (facsimile)

Riyaz A. Kanji, Esq.
rkanji@kanjikatzen.com
Kanji & Katzen, PLLC
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
734-769-5400 (telephone)
734-769-2701 (facsimile)

/s/ Eric J. Wycoff
Eric J. Wycoff

PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
ewycoff@pierceatwood.com